Nilab N. Rahyar (State Bar No. 272810)
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:   (949) 851-3939
Facsimile:    (949) 553-7539

Attorneys for Defendant
CONSUMERINFO.COM, INC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| DEON THOMAS,<br><br>             Plaintiff,<br><br>      v.<br><br>CONSUMERINFO.COM, INC.,<br><br>             Defendant. | CASE NO.  EDCV13-1712 GW (DTBx)<br><br>Assigned for all purposes to:<br>Honorable George H. Wu<br><br>**DEFENDANT CONSUMERINFO.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Consumerinfo.com, Inc. ("CIC"), by and through its undersigned counsel, and answers Plaintiff Deon Thomas' ("Plaintiff") First Amended Complaint as follows:

## RESPONSE TO PRELIMINARY STATEMENT

1.      In response to the Preliminary Statement of the First Amended Complaint, CIC admits that Plaintiff's First Amended Complaint purports to state claims under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq*.  CIC further admits that the First Amended Complaint seeks damages.  CIC denies that it

IRI-56368v1

has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages.

2. In response to paragraph 2 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 2 of the First Amended Complaint.

**RESPONSE TO ALLEGATIONS OF JURISDICTION AND VENUE**

3. In response to paragraph 3 of the First Amended Complaint, CIC admits that Plaintiff has alleged jurisdiction based on 28 U.S.C. § 1331. CIC states that these are legal conclusions which are not subject to denial or admission.

4. In response to paragraph 4 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 4 of the First Amended Complaint.

5. In response to paragraph 5 of the First Amended Complaint, CIC states that Plaintiff has alleged that venue in this district is proper. CIC states that this is a legal conclusion, which is not subject to admission or denial.

6. In response to paragraph 6 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 6 of the First Amended Complaint.

**RESPONSE TO ALLEGATIONS OF PARTIES**

7. In response to paragraph 7 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 7 of the First Amended Complaint.

8. In response to Paragraph 8 of the First Amended Complaint, CIC admits that it has offices in Costa Mesa, CA. Except as expressly so admitted, CIC

1  denies each and every allegation contained in Paragraph 8 of the First Amended
2  Complaint.

### RESPONSE TO FACTUAL ALLEGATIONS

9. In response to Paragraph 9 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 9 of the First Amended Complaint.

10. In response to Paragraph 10 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 10 of the First Amended Complaint.

11. In response to Paragraph 11 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in paragraph 11 of the First Amended Complaint.

12. In response to Paragraph 12 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 12 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein, that relates to CIC.

13. In response to Paragraph 13 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 13 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

14. In response to Paragraph 14 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 14 of the First Amended Complaint.

15. In response to Paragraph 15 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 15 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

16. In response to Paragraph 16 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 16 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein, that relates to CIC.

17. In response to Paragraph 17 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 17 of the First Amended Complaint.

18. In response to Paragraph 18 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 18 of the First Amended Complaint.

19. In response to Paragraph 19 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically,

each and every allegation contained in Paragraph 19 of the First Amended Complaint.

20. In response to Paragraph 20 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 20 of the First Amended Complaint.

21. In response to Paragraph 21 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 21 of the First Amended Complaint.

22. In response to Paragraph 22 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 22 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

23. In response to Paragraph 23 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 23 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

24. In response to Paragraph 24 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 24 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

1        25.    In response to Paragraph 25 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 25 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

      26.    In response to Paragraph 26 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 26 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

      27.    In response to Paragraph 27 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 27 of the First Amended Complaint.

      28.    In response to Paragraph 28 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 28 of the First Amended Complaint.

      29.    In response to Paragraph 29 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 29 of the First Amended Complaint.

      30.    In response to Paragraph 30 of the First Amended Complaint, , CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 30 contains any

allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

31. In response to Paragraph 31 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 31 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

32. In response to Paragraph 32 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 32 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

33. In response to Paragraph 33 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 33 of the First Amended Complaint.

34. In response to Paragraph 34 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 34 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

35. In response to Paragraph 35 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 35 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

36. In response to Paragraph 36 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 36 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

37. In response to Paragraph 37 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 37 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

38. In response to Paragraph 38 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 38 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

39. In response to Paragraph 39 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 39 of the First Amended Complaint.

40. In response to Paragraph 40 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 40 of the First Amended Complaint.

41. In response to Paragraph 41 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically,

each and every allegation contained in Paragraph 41 of the First Amended Complaint.

42. In response to Paragraph 42 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 42 of the First Amended Complaint.

43. In response to Paragraph 43 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 43 of the First Amended Complaint.

44. In response to Paragraph 44 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 44 of the First Amended Complaint.

45. In response to Paragraph 45 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 45 of the First Amended Complaint.

46. In response to Paragraph 46 of the First Amended Complaint, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies generally and specifically, each and every allegation contained in Paragraph 46 of the First Amended Complaint.

///

## RESPONSE TO COUNT ONE-VIOLATION OF THE FCRA

47.     In response to Paragraph 47 of the First Amended Complaint, CIC incorporates its responses to paragraphs 1 through 46 of the First Amended Complaint as fully set herein.

48.     In response to Paragraph 48 of the First Amended Complaint, CIC admits that 15 U.S.C. § 1681a(c) defines a "consumer" as "an individual." Except as specifically admitted, CIC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the First Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.     In response to Paragraph 49 of the First Amended Complaint, CIC denies, generally and specifically, each and every allegation contained therein, that relates to CIC.

50.     In response to Paragraph 50 of the First Amended Complaint, CIC denies, generally and specifically, each and every allegation contained therein, that relates to CIC.

51.     In response to Paragraph 51 of the First Amended Complaint, CIC states that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. CIC affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegation of Paragraph 51 of the First Amended Complaint inconsistent therewith.

52.     In response to Paragraph 52 of the First Amended Complaint, CIC states that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. CIC affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegation of Paragraph 52 of the First Amended Complaint inconsistent therewith.

53.     In response to Paragraph 53 of the First Amended Complaint, CIC states that the allegations contained therein appear to set forth a portion of the

IRI-56368v1
10

federal Fair Credit Reporting Act. CIC affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegation of Paragraph 53 of the First Amended Complaint inconsistent therewith.

54. In response to Paragraph 54 of the First Amended Complaint, CIC states that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. CIC affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegation of Paragraph 54 of the First Amended Complaint inconsistent therewith.

55. In response to Paragraph 55 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 55 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

56. In response to Paragraph 56 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 56 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

57. In response to Paragraph 57 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 57 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

58. In response to Paragraph 58 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 58 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

59.     In response to Paragraph 59 of the First Amended Complaint, CIC states that the allegations contained therein are legal conclusions and/or argument not subject to admission or denial. To the extent that Paragraph 59 contains any allegation that requires an admission or denial, CIC denies, generally and specifically, each and every allegation contained therein.

## RESPONSE TO JURY TRIAL DEMAND

CIC admits that Plaintiff has demanded trial by jury on all issues triable.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's First Amended Complaint, CIC hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against CIC and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from CIC.

## SECOND AFFIRMATIVE DEFENSE
## (IMMUNITY)

All claims against CIC are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

All claims against CIC are barred because all information CIC communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE
## (INDEMNIFICATION)

CIC is informed and believes and thereon alleges that any purported damages

allegedly suffered by Plaintiff is the results of the acts or omissions of third persons over whom CIC had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate Plaintiff's damages.

### SIXTH AFFIRMATIVE DEFENSE
### (LACHES)

The Complaint and each claim for relief therein is barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (CONTRIBUTORY/COMPARATIVE FAULT)

CIC is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff was, at least in part, caused by the actions of Plaintiff himself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by CIC.

### EIGHTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Any damages which Plaintiff may have suffered, which CIC continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### NINTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

CIC is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

### TENTH AFFIRMATIVE DEFENSE
### (CLAIM PRECLUSION)

On information and belief, all of Plaintiff's claims against CIC are barred by

the doctrine of claim preclusion.

## ELEVENTH AFFIRMATIVE DEFENSE
## (ISSUE PRECLUSION)

On information and belief, all of Plaintiff's claims against CIC are barred by the doctrine of issue preclusion.

## TWELFTH AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (INTERVENING CAUSE)

CIC alleges upon information and belief that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of CIC was not a proximate cause of the alleged injuries.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (RIGHT TO ASSERT ADDITIONAL DEFENSES)

CIC reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant CIC, prays as follows:

1.  That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2.  For costs of suit and attorneys' fees herein incurred; and

///

3.   For such other and further relief that this Court may deem necessary and proper.

Dated:   October 18, 2013        JONES DAY

By: */s/ Nilab N. Rahyar*
    Nilab N. Rahyar

Attorneys for Defendant
CONSUMERINFO.COM, INC.

# PROOF OF SERVICE

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the above-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On October 18, 2013, I served a copy of the following document(s):

**DEFENDANT CONSUMERINFO.COM, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, via UPS Overnight, at Irvine, California addressed as set forth below.

| | |
|---|---|
| **Deon Thomas** | **Plaintiff** |
| **14626 Red Gum Street** | **IN PRO PER** |
| **Moreno Valley, CA  92555** | |
| **Telephone: (951) 413-9071** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service or UPS on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 18, 2013, at Irvine, California.

                                                  */s/ Nilab N. Rahyar*
                                                Nilab N. Rahyar