Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
Dlthomas32@gmail.com
951-413-9071

Nilab N. Rahyar (SBN 272810)
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408
Telephone: (949) 851-3939
Facsimile:  (949) 553-7539
Attorney for Defendant:
consumerinfo.com, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| DEON THOMAS<br>*Plaintiff*<br>vs.<br>Consumerinfo.com, Inc.<br>*Defendant(s* | Case No. ED 13-cv-01712 GW (DTBx)<br><br>JOINT RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN<br><br>Location: U.S. District Court, Central Dist. 312 N. Spring Street, Los Angeles, CA 90012<br><br>Judge: Hon. George H. Wu |

**A.    RULE 26(f) CONFERENCE.**

Plaintiff Deon Thomas ("Plaintiff") and Defendant Consumerinfo.com, Inc. ("CIC") met and conferred regarding the substance of this Joint Status Report and hereby submit the following Joint Status Report:

///

///

**B.    PRE-DISCOVERY DISCLOSURES**

The parties will exchange their initial disclosures no later than November 1, 2013.

**C.    DESCRIPTION OF THE CASE.**

(1)    Jurisdiction of this Court arises under 28 U.S.C § 1331 and Fair Credit Reporting Act ("FCRA") 15 U.S.C §1681p.

(2)    A brief narrative of the facts giving rise to this lawsuit, including a description of legal claims and defenses:

Plaintiff:

The legal issue presented in this case is whether Defendant CIC violated FCRA 15 U.S.C §1681 et seq., by obtaining Plaintiff's consumer report without a permissible purpose.  For reasons set forth in Plaintiff First Amended Complaint, CIC failed to indicate what permissible they may have had for obtaining Plaintiff's consumer report, after receiving multiple disputes.  Upon information and belief at no time applicable prior to this complaint did Plaintiff have with CIC, one of the relationships enumerated under FCRA § 604, at 15 U.S.C. § 1681b(a)-(g).  Upon information and belief CIC failed to establish procedures that would prevent its employees from obtaining Plaintiff's consumer report without permissible purpose, under false pretenses and as specifically authorized, pursuant to FCRA § 604, codified at 15 U.S.C. § 1681b(f).

Defendant:

CIC was founded in 1995 to provide consumers with quick, easy, convenient, and inexpensive access to their current credit record.  CIC is now the leading provider to consumers of online credit reports, credit scores and credit monitoring products in the United States.  CIC markets and sells credit related products through various websites on the Internet.  These credit related products typically consist of credit monitoring, credit reports and credit scores.

The FCRA is not a strict liability statute. Plaintiff alleges that CIC violated the FCRA by obtaining Plaintiff's consumer report without a permissible purpose. However, Plaintiff himself enrolled in membership programs with CIC which resulted in credit inquiries on his consumer report, and is not a violation of the FCRA. CIC denies all claims asserted by Plaintiff, and denies Plaintiff is entitled to damages. Furthermore, CIC denies it acted with malice, negligent, willful, or reckless intent to harm Plaintiff. CIC has no liability in this case, nor can Plaintiff show that he has suffered any actual economic damages as a result of any actions by CIC.

### D.   MOTIONS

Plaintiff asserts that its causes of action under FCRA violations and evidence can be decided by dispositive motion.

Defendant anticipates that it will file a dispositive motion.

### E.   PLEADINGS

(1)   Plaintiff's First Amended Complaint has been filed with the Court.

(2)   Plaintiff duly demanded a trial by jury.

(3)   CIC's Answer to Plaintiff's First Amended Complaint has been filed with the Court.

### F.   DISCOVERY PLAN

(1)   Plaintiff believes that any information pertaining to the communication between Plaintiff and Defendant, and each of them, whether written and oral will need to be discovered. Plaintiff's discovery will be directed toward Defendant CIC's training, policies and procedures, manuals, audit trails ect.  Whether or not correspondences to Plaintiff were false, deceptive and misleading violated the FCRA. Plaintiff will also conduct discovery into CICI's established procedures in place to assure they obtained a consumer report from the correct person and

disciplinary action if compliance is not met. Plaintiff will also conduct discovery into CIC's Compliance and procedures of User of information, under FCRA § 604, at 15 U.S.C. § 1681b(a)-(g). Plaintiff will also conduct discovery into Defendant's affirmative defenses. Plaintiff intends to propound written discovery and they are ongoing. Plaintiff intends to conduct depositions to person most knowledgeable regarding FCRA compliance and person most knowledgeable regarding discovery responses. Plaintiff agrees to limit the number of written discovery requests as set forth in the Federal Rules of Civil Procedure. Plaintiff further agrees to a maximum of three (3) depositions to be taken by each party, excluding expert depositions.

(2)     No discovery has been taken to date. CIC anticipates propounding written discovery and taking depositions of, including but not limited to, Plaintiff. Discovery from third parties may be necessary.

(3)     The parties agree to conduct discovery per the Federal Rules of Civil Procedure guidelines and constraints.

(4)     The parties request the following deadlines for discovery as follows:

(A).    Fact discovery cut-off - April 30, 2014.

(B).    Expert Witness Disclosure - March 31, 2014.

(C).    Rebuttal Expert Witness Disclosure - March 20, 2014.

(D).    Expert discovery cut-off – May 30, 2014.

## G.    MOTIONS

The parties request the following deadlines for motions:

(1)     Amended Pleading and Additional Parties Cut-off – March 21, 2014.

(2)     Non-Dispositive Motion cut-off date - June 30, 2014.

(3).    Dispositive Motion cut-off date – June 30, 2014.

H. **TRIAL**

The parties request the following pretrial and trial dates:

(1) Pre-trial conference – November 28, 2014.

(2) Trial – January 14, 2015.

(3) The trial is expected to last two (2) to three (3) days.

(4) Plaintiff is pro se.

(5) The parties do not consent to a magistrate judge for all purposes.

I. **ADR**

Pursuant to Local Rule 16-15.4 – 16-5.9, the parties requests settlement procedure No. 2 and agree to appear before a mediator selected from the Court's Mediation Panel. The parties anticipate that ADR can be completed within 180 days of the Scheduling Conference.

J. **Miscellaneous Schedule Items:**

The parties do not have knowledge of any additional matters at this time.

Respectfully submitted:

Date: October 23, 2013

_____
Deon Thomas, Plaintiff

Dated: October 23, 2013    JONES DAY

/s/ Nilab N. Rahyar
Nilab N. Rahyar
Attorney for Defendant
consumerinfo.com, Inc.

# PROOF OF SERVICE

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the above-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On October 24, 2013, I served a copy of the following document(s):

**JOINT RULE 26(f) REPORT & PROPOSED DISCOVERY PLAN**

    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

| | |
|---|---|
| **Deon Thomas** | **Plaintiff** |
| **14626 Red Gum Street** | **IN PRO PER** |
| **Moreno Valley, CA  92555** | |
| **Telephone:  (951) 413-9071** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service or UPS on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 24, 2013, at Irvine, California.

                          */s/ Deborah Hayes*
                         Deborah Hayes