Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
dlthomas32@gmail.com

LODGED
CLERK, U.S. DISTRICT COURT

OCT 1 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

OCT 2 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Deon Thomas
*Plaintiff*

v.

Consumerinfo.com, Inc.
*Defendant(s)*

)
)
)
)
)
)
)
)
)
)

**Case No: 5:13-CV-01712 GW (DTBx)**

**FIRST AMENDED COMPLAINT**

**VIOLATION OF FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 et seq.;**

**DEMAND FOR TRIAL BY JURY**

## PRELIMINARY STATEMENT

1. This Complaint is an action for damages brought by Plaintiff Deon Thomas ("Plaintiff") against Consumerinfo.com, Inc. for violation of the Fair Credit Reporting Act (FCRA) 15 USC §1681, *et seq.*

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.

4. The occurrences which give rise to this action occurred in Riverside County, California and Plaintiff resides in Riverside County, California.

5.    Venue is proper in the Central District of California.

6.    All conditions precedence to the bringing of this action has been performed.

## PARTIES

7.    The Plaintiff in this lawsuit is Deon Thomas, (hereinafter "Plaintiff") who at all times relevant herein was a resident of Riverside County.

8.    The Defendant Consumerinfo.com, Inc. ("CIC" or "User" or "Defendant"), an unknown entity with offices at 475 Anton Blvd, Costa Mesa, CA 92626.

## FACTUAL ALLEGATION

9.    Plaintiff received his credit report on or about August 2011 via EXPERIAN, the national credit reporting agency ("EXPERIAN" or "CRA") and found an entry by an entity that was unfamiliar within the credit report. Again in on or about January 2012.

10.   In or around 04/05/2013, 03/14/2013, 03/05/2013, 02/01/2013, 01/30/2013, 01/18/2013, 01/04/2013, 12/28/2012, 12/18/2012, 12/16/2012, 12/15/2012, 12/14/2012, 12/04/2012, 11/30/2012, 11/20/2012, 11/15/2012, 11/06/2012, 10/31/2012, 10/19/2012, 10/03/2012, 09/28/2012, 09/18/2012, 09/05/2012, 08/31/2012, 08/17/2012, 08/03/2012, 07/31/2012, 07/20/2012, 07/06/2012, 06/30/2012, 06/19/2012, 06/05/2012, 05/18/2012, 05/04/2012, 04/20/2012, 04/06/2012, 03/20/2012, 03/06/2012, 02/17/2012, 02/03/2012, 01/20/2012, 01/06/2012, 12/20/2011, 12/06/2011, 11/18/2011, 11/04/2011, 10/18/2011, and 10/04/2011, totaling 48 times User obtained Plaintiff's consumer credit report ("credit profile" or "consumer report") via EXPERIAN and EXPERIAN provided (by computer or otherwise) Plaintiff's consumer report to User, without a permissible purpose, violating FCRA U.S.C. § 1681b. *See* (Exhibit A 1-3 Redacted).

11. Plaintiff received his credit report via EQUIFAX, the national credit reporting agency ("EQUIFAX" or "CRA") and found an entry by an entity that was unfamiliar within the credit report.

12. In or around 07/21/2011, 11/11/2011, 06/07/2012, and 06/30/2012, totaling 4 times User obtained Plaintiff's consumer via EQUIFAX and EQUIFAX provided (by computer or otherwise) Plaintiff's consumer report to User, without a permissible purpose, violating FCRA U.S.C. § 1681b. *See* (Exhibit B 1-3 -Redacted).

13. Discovery of the violation brought forth herein are within the statute of limitations as defined in the FCRA 15 U.S.C. § 1681p.

14. At all times relevant, CIC never disputed the fact that they did not receive any dispute letter from Plaintiff.

15. No stated purpose or reason for User accessing Plaintiff's consumer report was identified anywhere in reports.

16. Upon information and belief CIC is not a debt collector or furnisher of information, yet CIC obtained Plaintiff consumer report without a permissible purpose.

17. Upon discovery of CIC obtaining Plaintiff's consumer report, he mailed a timely letter of dispute to CIC dated on August 17, 2011, informing them that he did not have an any business relationship or association with CIC, and requested them to delete the inquiry. Plaintiff received no response. *See* (Exhibit C).

18. After additional inquiries made by CIC into Plaintiff's consumer report, Plaintiff mailed a second letter of dispute to CIC dated on April 2, 2012, to inform them they are continuing to obtain his consumer report without a permissible purpose, and to delete the inquiries. Plaintiff received no response. *See* (Exhibit D).

19. After many more inquiries made by CIC into Plaintiff's consumer report after previous multiple dispute letters, Plaintiff mailed a third letter of dispute to CIC dated November 2, 2012, , to inform them they are continuing to obtain his consumer report without a permissible purpose, and to delete the inquiries.   Plaintiff received no response, yet CIC continues inquiries into Plaintiff's consumer report up to today's date. *See* (Exhibit E).

20. Up to the filing of this First Amended Complaint, CIC does not dispute receiving all the dispute letters sent by Plaintiff.

21. Plaintiff mailed a dispute letter On September 2, 2011 to EXPERIAN of CIC's impermissible access into his consumer profile and requested immediate deletion. *See* (Exhibit F).

22. CIC has never provided any signed verification or certified copies of any alleged reason or permissible purpose or copies of any signed contract or agreement that would give them any permissible purpose.  CIC failed to investigate any of Plaintiff's multiple timely disputes upon receipt, in violation of FCRA U.S.C. § 1681b.

23. Upon information and belief User requested and obtained Plaintiff's consumer profile without a permissible purpose; there were no type of transaction between Plaintiff and User that would require such an inquiry into his consumer profile, in violation of FCRA U.S.C. § 1681b.

24. Plaintiff is not in possession of, nor believes CIC has a contract or agreement that would allow them to buy, purchase or service any alleged obligation between CIC and Plaintiff.

25. Upon information and belief Plaintiff never signed any contract or agreement of any transaction that would assign or transfer ownership to User or any third party.

26. Upon information and belief CIC were never a servicer of a transaction belonging to Plaintiff that may have stem from a contractual agreement between CIC or any other entity, that Plaintiff may have had an obligation.

27. Upon information and belief Plaintiff never received any written notice of arrangements or agreements from any purported entity to inform him that CIC will be performing services on a contingency basis or permanently of an alleged transaction on their behalf.

28. Upon information and belief Plaintiff was never an applicant nor was ever informed in writing that User or any other third party was involved in an agreement, sale, merger or exchange to secure him to a transaction or agreement.

29. Upon information and belief Plaintiff never received any written documentations that shows User has been "retained" or "placement" by any entity that may or may not have been involved with a "transaction" with the Plaintiff.

30. Upon information and belief Plaintiff has never knowingly given written instructions to User to obtain and/or release his consumer report of which Plaintiff was the subject.

31. Upon information and belief Plaintiff has never knowingly given written instruction to any alleged entity to release to a third party (like "CIC") his consumer report.

32. Upon information and belief Plaintiff has never provided written instruction to CRA authorizing it to provide Plaintiff's consumer report to User or any third party on their behalf.

33. Plaintiff never received any written notice of assignments or documentations (contracts, agreements or otherwise) from CIC after he disputed multiple times of the impermissible purpose inquiries into his consumer report.

34. Plaintiff never received any documentations (contract agreement or otherwise) directly from CIC after he disputed the inquiries, describing what they certified to the CRA of their permissible purpose to obtain his consumer file, pursuant to Federal Gramm-Leach-Bliley Act, 15 U.S.C.A. Section 6801 et seq. (2000), ("GLB Act").

35. Upon information and belief CIC lacked the authority to obtain Plaintiff's credit profile, in violation of FCRA U.S.C. § 1681b.

36. At no time material did Plaintiff ever have a relationship of any kind with User as defined under FCRA U.S.C. § 1681b(3)(a)-(g). See(Exhibit. A-4 FCRA U.S.C. § 1681)

37. Upon information and belief CIC failure to comply with the FCRA and falsely certified with the CRA when it requested, obtain and used Plaintiff's credit profile from EXPERIAN and EQUIFAX were willful, conducted in bad faith and not a bona fide error, after Plaintiff timely disputed multiple times with CIC, with no response to him, as contemplated under FCRA 15 U.S.C. § 1681n of the FCRA.  As a result of said willful conduct by CIC, Plaintiff has been damaged and seeks relief.

38. In the alternative, CIC's request for, acquisition of and use of the plaintiff's consumer report from EXPERIAN and EQUIFAX, constituted the knowing and willful receipt of information on a "consumer" (as said term is defined under the FCRA) from a consumer reporting agency under false pretenses, conducted in bad faith and not a bona fide error after Plaintiff timely disputed multiple times with CIC, but instead a malicious act, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA.

39. Plaintiff attempted to resolve this dispute amicably through letters of Notice of Pendency of Actions and multiple emails with an officer of CIC, to no avail.

40. On April 19, 2013 sent by certified mail/return receipt # 7011 1150 0000 6427 6317 and April 22, 2013, by fax, Plaintiff sent a Dispute and Notice of Pendency of Action to CIC, informing them of the dates in which they violated the FCRA. *See* (Exhibit G 1-7).

41. Plaintiff received a computer generated letter from CIC dated on April 26, 2013, without any name associated with the document. The letter was very generic, and it did not address any of Plaintiff's disputes previously sent to them. *See* (Exhibit H).

42. On May 1, 2013, at 5:34 pm, and 8:59 pm, Plaintiff sent by fax a response letters, first on which was to address the letter sent by CIC, next was a dispute and Final Notice of Pendency of Action letter informing them, they failed to specifically address his disputes, by sending a letter that appeared to be computer generated. The letter was to see if they wish to settle this matter outside of court. *See* (Exhibit I 1-8).

43. On May 5, 2013, Plaintiff received a phone call from a Lisa Hall, who claimed to be CIC's, Business Analyst. She skirted around Plaintiff disputes regarding their impermissible purpose and failed to gives direct answer to Plaintiff's disputes.

44. Plaintiff received yet another computer generated letter from CIC dated on May 7, 2013, again without any name associated with the document. The letter was very generic, and it did not address any of Plaintiff's disputes previously sent to them. *See* (Exhibit J).

45. On May 16, 2013, Plaintiff sent by faxed at 3:57 pm, and by certified mail # 7013 0600 0000 4598 0319 a letter address directly to Lisa Hall, dealing with the May 5, 2013

conversation and May 7, 2013 letter to Plaintiff.  Informing them of the lack and failure to provide proof that they had permissible purpose and they failed to do so, after Plaintiff's multiple disputes.  *See* (Exhibit K 1-5).

46.  From May 31, 2013 through August 2, 2013, Plaintiff has been corresponding via email Disputing CIC's Impermissible purpose and failure to provide proof of permissible purpose with Lisa Hall, to no avail.  Plaintiff had no other choice but to seek justice from this court.  *See* (Exhibit L).

47.  On October 4, 2013, Plaintiff received a Judgment award in the Superior Court of the State of California, County of Riverside, in Small Claims against CIC for civil penalties and cost, due to their impermissible purpose access into his Experian consumer report.  *See* (Exhibit M).

48.  In the ***Statement of Decision*** dated on October 1, 2013, in the judgment award ordered by Cynthia Loo, Judge Pro Tem of Superior Court, she states: "The primary reason for the decision for the Plaintiff was based on the lack of contractual relationship between Plaintiff and Defendant, a lack of permissible purpose for Consumerinfo.com's inquiries, and the lack of responsiveness to Plaintiff's repeated inquiries as to why Consumerinfo.com was making repeated inquiries.  The court received insufficient proof that Plaintiff enrolled in a program for crediting monitoring products with Consumerinfo.com." *See* (Exhibit N).

## Count I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681; WILLFUL NON-COMPLIANCE BY DEFENDANT CONSUMERINFO.COM, INC.

49.  Plaintiff restates and reiterates herein all previous paragraphs 1-48.

50.  Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a(c).

51. EXPERIAN is a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f).

52. EQUIFAX is a credit reporting agency within the meaning of 15 U.S.C. § 1681a(f).

53. Consumer credit report is a consumer report within the meaning of the FCRA 15 U.S.C. § 1681a(d).

54. Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

55. FCRA § 607. [15 U.S.C. § 1681e], defines the Compliance procedures of User of information.

56. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

57. At no time applicable to this complaint did plaintiff have with CIC, one of the relationships enumerated under FCRA § 604, at 15 U.S.C. § 1681b(a)-(g).

58. At no time applicable to this complaint did User receive the written instructions of the plaintiff to request his consumer report under 15 U.S.C. § 1681b(a)(2).

59. CIC failed to establish procedures that would prevent its facilities from being used to obtain a consumer report under false pretenses and as specifically authorized, pursuant to FCRA § 604, codified at 15 U.S.C. § 1681b(f).

60. At no time has CIC prior to this filing of this lawsuit prove they had a permissible purpose for obtaining Plaintiff's Experian or Equifax consumer report, even after receiving multiple timely disputes on August 17, 2011, April 2, 2012 and November 2, 2012 from Plaintiff and email correspondence From May 31, 2013 through August 2, 2013, between Plaintiff and Lisa Hall.

61.  CIC had a duty to properly ascertain if there was any **legitimate** permissible purpose **before** obtaining Plaintiff's consumer credit report and CIC breached said duty by failing to do so.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1.  Adjudging the Defendant has violation the FCRA15 U.S.C. § 1681et seq. each separately and distinctly by:

     a)  Obtaining the Plaintiff's EXPERIAN and EQUIFAX consumer credit report 52 times without permissible purpose, as described in FCRA § 604, at 15 U.S.C. § 1681b(a)-(g).

     b)  Repeatedly obtain Plaintiff's consumer report after being disputed multiple times in a timely manner.

     c)  CIC failure to comply with the FCRA and falsely certified with the Credit Reporting Agencies, and egregiously obtained and used the Plaintiff's credit profile willfully 52 times, as their conduct was in bad faith and not a bona fide error, especially after receiving Plaintiff's multiple timely disputes. In violation of FCRA § 604, at 15 U.S.C. § 1681b and § 1681n.

     d)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1681n, in the amount of $1,000.00 on each and every date CIC obtained his consumer report, totaling 52 times. See ¶¶11 and 13; and Count 1

     e)  Awarding any attorney fees and cost as incurred in this action.

     f)  Awarding Plaintiff actual damages, punitive damages, an injunction, and any further relief the Court deem proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues as a matter of law.

DATE: October 15, 2013

BY: _Deon Thomas_

Deon Thomas

# EXHIBIT A



Prepared for:  **DEON LAMARR THOMAS**
Date:  **August 18, 2011**

## Record of requests for your credit history

We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

***Inquiries shared with others***

The section below lists all of the companies that have requested your credit information as a result of an action you took, such as applying for credit or financing or as a result of a collection. The inquiries in this section are shared with companies that receive your credit history.

Examples of inquiries shared with others include:

- a real estate loan
- a home mortgage loan
- an auto loan
- an application for credit



***Inquiries shared only with you***

You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and **we do not include any of these requests on credit reports to others.**

We offer credit information about you to those with a permissible purpose, such as:

- other creditors who want to offer you preapproved credit;
- an employer who wishes to extend an offer of employment;
- a potential investor in assessing the risk of a current obligation;
- Experian Consumer Assistance to process a report for you;
- your current creditors to monitor your accounts (date listed may reflect only the most recent request).

**These inquiries DO NOT affect your credit score.**

**CONSUMERINFO.COM**  PO BOX 19729   IRVINE CA 92623
**No phone number available**
Date of inquiry: Aug 15, 2011; Aug 10, 2011; Aug 03, 2011; Aug 01, 2011; Jul 31, 2011; Jul 28, 2011; Jul 21, 2011





Exhibit A-1





Prepared for: **DEON LAMARR THOMAS**
Date: **January 03, 2012**



## Record of requests for your credit history
We make your credit history available to your current and prospective creditors and employers as allowed by law. Experian may list these inquiries for up to two years.

***Inquiries shared only with you***
You may not have initiated the following inquiries, so you may not recognize each source. We report these requests to you only as a record of activities, and **we do not include any of these requests on credit reports to others.**

We offer credit information about you to those with a permissible purpose, such as:
- other creditors who want to offer you preapproved credit;
- an employer who wishes to extend an offer of employment;
- a potential investor in assessing the risk of a current obligation;
- Experian Consumer Assistance to process a report for you;
- your current creditors to monitor your accounts (date listed may reflect only the most recent request).

**These inquiries DO NOT affect your credit score.**



**CONSUMERINFO.COM INC** PO BOX 19729   IRVINE CA 92623
**No phone number available**
**Date of inquiry:** Dec 28, 2011; Dec 21, 2011; Dec 14, 2011; Sep 13, 2011

**CONSUMERINFO.COM** PO BOX 19729   IRVINE CA 92623
**No phone number available**
**Date of inquiry:** Dec 17, 2011; Dec 10, 2011; Nov 11, 2011; Sep 15, 2011; Sep 01, 2011; Aug 22, 2011; Aug 15, 2011; Aug 10, 2011; Aug 03, 2011; Aug 01, 2011; Jul 31, 2011; Jul 28, 2011; Jul 21, 2011

**CONSUMERINFO.COM** PO BOX 19729   IRVINE CA 92623
**No phone number available**
**Date of inquiry:** Nov 18, 2011; Nov 04, 2011; Oct 04, 2011; Sep 20, 2011; Sep 06, 2011; Aug 17, 2011; Aug 04, 2011

0154832721

Exhibit A-2



7003-03-00-0001902-0009-0024892

*No phone number available*





**CONSUMERINFO.COM INC**

Address:
PO BOX 19729
IRVINE CA 92623
*No phone number available*

Date of Request:
04/23/2013, 03/19/2013, 02/19/2013,
02/07/2013, 12/15/2012, 12/14/2012,
06/08/2012, 12/28/2011, 12/21/2011,
12/14/2011, 09/13/2011

**CONSUMERINFO.COM**

Address:
PO BOX 19729
IRVINE CA 92623
*No phone number available*

Date of Request:
04/19/2013, 04/05/2013, 03/14/2013,
03/05/2013, 02/15/2013, 02/01/2013,
01/30/2013, 01/18/2013, 01/04/2013,
12/28/2012, 12/18/2012, 12/04/2012,



11/30/2012, 11/20/2012, 11/06/2012,
10/31/2012, 10/19/2012, 10/03/2012,
09/28/2012, 09/18/2012, 09/05/2012,
08/31/2012, 08/17/2012, 08/03/2012,
07/31/2012, 07/20/2012, 07/06/2012,
06/30/2012, 06/19/2012, 06/05/2012,
05/18/2012, 05/04/2012, 04/20/2012,
04/06/2012, 03/20/2012, 03/06/2012,
02/17/2012, 02/03/2012, 01/20/2012,
01/06/2012, 12/20/2011, 12/06/2011,
11/18/2011, 11/04/2011, 10/18/2011,
10/04/2011, 09/20/2011, 09/06/2011





**CONSUMERINFO.COM INC**

Address:
535 ANTON BLVD STE 100
COSTA MESA CA 92626
*No phone number available*

Date of Request:
12/16/2012, 11/15/2012, 08/03/2012,
08/02/2012, 06/30/2012

Case 5:13-cv-01712-GW-DTB   Document 12   Filed 10/22/13   Page 15 of 73   Page ID #:87

Search Cornell

Search all of LII... | Go |

ABOUT LII  /  GET THE LAW  /  FIND A LAWYER  /  LEGAL ENCYCLOPEDIA  /  HELP
OUT

| Follow | 10.5K followers   | Like | 13k |

**USC**    › Title 15 › Chapter 41 › Subchapter III › § 1681b        PREV NEXT

# 15 USC § 1681b - Permissible purposes of consumer reports

**US Code**    Notes    Updates    Authorities (CFR)

Current through Pub. L. 113–31. (See Public Laws for the current Congress.)

**(a) In general**

Subject to subsection (c) of this section, any consumer reporting agency may furnish a
consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a
subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving
the consumer on whom the information is to be furnished and involving the
extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance
involving the consumer; or

(D) intends to use the information in connection with a determination of the
consumer's eligibility for a license or other benefit granted by a governmental
instrumentality required by law to consider an applicant's financial responsibility or
status; or

(E) intends to use the information, as a potential investor or servicer, or current
insurer, in connection with a valuation of, or an assessment of the credit or
prepayment risks associated with, an existing credit obligation; or

(F) otherwise has a legitimate business need for the information—

(i) in connection with a business transaction that is initiated by the consumer; or

(ii) to review an account to determine whether the consumer continues to meet the
terms of the account.

(G) executive departments and agencies in connection with the issuance of
government–sponsored individually–billed travel charge cards.

(4) In response to a request by the head of a State or local child support enforcement
agency (or a State or local government official authorized by the head of such an
agency), if the person making the request certifies to the consumer reporting agency
that—

(A) the consumer report is needed for the purpose of establishing an individual's
capacity to make child support payments or determining the appropriate level of such
payments;

(B) the paternity of the consumer for the child to which the obligation relates has
been established or acknowledged by the consumer in accordance with State laws

U.S. CODE TOOLBOX

SEARCH US CODE: | Go |
Wex: Commercial Law: Overview
@CLS: Clarke Business Law Institute

Title 15 USC, RSS Feed
Table of Popular Names
Parallel Table of Authorities

0

Donations cover only 20% of our costs

24 Lawyers in 19 states and
over 200 paralegals, agents,
and personnel.

**READY TO
REPAIR YOUR
CREDIT REPORT**

LexingtonLaw.        Learn More
                     1-855-200-0189

GET INVOLVED

LII Announce Blog
LII Supreme Court Bulletin

MAKE A DONATION
CONTRIBUTE CONTENT
BECOME A SPONSOR
GIVE FEEDBACK

*Exhibit A-4*

under which the obligation arises (if required by those laws);

(C) the person has provided at least 10 days' prior notice to the consumer whose report is requested, by certified or registered mail to the last known address of the consumer, that the report will be requested; and

(D) the consumer report will be kept *confidential*, will be used solely for a purpose described in subparagraph (A), and will not be used in connection with any other civil, administrative, or criminal proceeding, or for any other purpose.

(5) To an agency administering a State plan under section 654 of title 42 for use to set an initial or modified child support award.

(6) To the Federal Deposit Insurance Corporation or the National Credit Union Administration as part of its preparation for its appointment or as part of its exercise of powers, as conservator, receiver, or liquidating agent for an insured depository institution or insured credit union under the Federal Deposit Insurance Act [12 U.S.C. 1811 et seq.] or the Federal Credit Union Act [12 U.S.C. 1751 et seq.], or other applicable Federal or State law, or in connection with the resolution or liquidation of a failed or failing insured depository institution or insured credit union, as applicable.

(b) Conditions for furnishing and using consumer reports for employment purposes

(1) Certification from user

A consumer reporting agency may furnish a consumer report for employment purposes only if—

(A) the person who obtains such report from the agency certifies to the agency that—

(i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and

(ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and

(B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this subchapter, as prescribed by the Bureau under section 1681g (c)(3) [1] of this title.

(2) Disclosure to consumer

(A) In general

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

(B) Application by mail, telephone, computer, or other similar means

If a consumer described in subparagraph (C) applies for employment by mail, telephone, computer, or other similar means, at any time before a consumer report is procured or caused to be procured in connection with that application—

(i) the person who procures the consumer report on the consumer for employment purposes shall provide to the consumer, by oral, written, or electronic means, notice that a consumer report may be obtained for employment purposes, and a summary of the consumer's rights under section 1681m (a)(3) [1] of this title; and

(ii) the consumer shall have consented, orally, in writing, or electronically to the

GET INVOLVED

LII Announce Blog

LII Supreme Court Bulletin

MAKE A DONATION
CONTRIBUTE CONTENT
BECOME A SPONSOR
GIVE FEEDBACK

FIND A LAWYER

Lawyers
near Moreno Valley, California
Lawyers: get listed for free!


Damian Jordan Nassiri

Bankruptcy, Business Law, Civil Rights, Criminal Law, Employment Law, Foreclosure Defense, Medical Malpractice, Personal Injury, Products Liability
Riverside, CA
gold Badge


Sean F. Leslie

Animal & Dog Law, Bankruptcy, Construction Law, Criminal Law, DUI & DWI, Personal Injury, White Collar Crime
Palm Desert, CA
gold Badge


Stephen Brodsky

Criminal Law, Domestic Violence, DUI & DWI, Juvenile Law, White Collar Crime
Temecula, CA
gold Badge


Craig Fong

Immigration Law
Palm Springs, CA
gold Badge

Shaffer T. Cormell

Criminal Law, DUI & DWI
Banning, CA
silver Badge

See More Lawyers

Exhibit A-4

8/1/13 15 USC § 1681b. Permissible purposes of consumer reports | Title 15 - Commerce and Trade | U.S. Code | LII / Legal Information Institute

Case 5:13-cv-01712-GW-DTB Document 1 Filed 09/22/13 Page 17 of 73 Page ID #:89

All lawyers

procurement of the report by that person.

### (C) Scope

Subparagraph (B) shall apply to a person procuring a consumer report on a consumer in connection with the consumer's application for employment only if—

(i) the consumer is applying for a position over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49, or a position subject to safety regulation by a State transportation agency; and

(ii) as of the time at which the person procures the report or causes the report to be procured the only interaction between the consumer and the person in connection with that employment application has been by mail, telephone, computer, or other similar means.

### (3) Conditions on use for adverse actions

#### (A) In general

Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—

(i) a copy of the report; and

(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g (c)(3) (1) of this title.

#### (B) Application by mail, telephone, computer, or other similar means

(i) If a consumer described in subparagraph (C) applies for employment by mail, telephone, computer, or other similar means, and if a person who has procured a consumer report on the consumer for employment purposes takes adverse action on the employment application based in whole or in part on the report, then the person must provide to the consumer to whom the report relates, in lieu of the notices required under subparagraph (A) of this section and under section 1681m (a) of this title, within 3 business days of taking such action, an oral, written or electronic notification—

(I) that adverse action has been taken based in whole or in part on a consumer report received from a consumer reporting agency;

(II) of the name, address and telephone number of the consumer reporting agency that furnished the consumer report (including a toll–free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis);

(III) that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and

(IV) that the consumer may, upon providing proper identification, request a free copy of a report and may dispute with the consumer reporting agency the accuracy or completeness of any information in a report.

(ii) If, under clause (B)(i)(IV), the consumer requests a copy of a consumer report from the person who procured the report, then, within 3 business days of receiving the consumer's request, together with proper identification, the person must send or provide to the consumer a copy of a report and a copy of the consumer's rights as prescribed by the Bureau under section 1681g (c)(3) (1) of this title.

### (C) Scope

Subparagraph (B) shall apply to a person procuring a consumer report on a consumer in connection with the consumer's application for employment only if—

(I) the consumer is applying for a position over which the Secretary of

Exhibit A-4

Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49, or a position subject to safety regulation by a State transportation agency; and

(ii) as of the time at which the person procures the report or causes the report to be procured the only interaction between the consumer and the person in connection with that employment application has been by mail, telephone, computer, or other similar means.

(4) Exception for national security investigations

(A) In general

In the case of an agency or department of the United States Government which seeks to obtain and use a consumer report for employment purposes, paragraph (3) shall not apply to any adverse action by such agency or department which is based in part on such consumer report, if the head of such agency or department makes a written finding that—

(i) the consumer report is relevant to a national security investigation of such agency or department;

(ii) the investigation is within the jurisdiction of such agency or department;

(iii) there is reason to believe that compliance with paragraph (3) will—

(I) endanger the life or physical safety of any person;

(II) result in flight from prosecution;

(III) result in the destruction of, or tampering with, evidence relevant to the investigation;

(IV) result in the intimidation of a potential witness relevant to the investigation;

(V) result in the compromise of classified information; or

(VI) otherwise seriously jeopardize or unduly delay the investigation or another official proceeding.

(B) Notification of consumer upon conclusion of investigation

Upon the conclusion of a national security investigation described in subparagraph (A), or upon the determination that the exception under subparagraph (A) is no longer required for the reasons set forth in such subparagraph, the official exercising the authority in such subparagraph shall provide to the consumer who is the subject of the consumer report with regard to which such finding was made—

(i) a copy of such consumer report with any classified information redacted as necessary;

(ii) notice of any adverse action which is based, in part, on the consumer report; and

(iii) the identification with reasonable specificity of the nature of the investigation for which the consumer report was sought.

(C) Delegation by head of agency or department

For purposes of subparagraphs (A) and (B), the head of any agency or department of the United States Government may delegate his or her authorities under this paragraph to an official of such agency or department who has personnel security responsibilities and is a member of the Senior Executive Service or equivalent civilian or military rank.

(D) Definitions

For purposes of this paragraph, the following definitions shall apply:

(i) Classified information The term "classified information" means information that is protected from unauthorized disclosure under Executive Order No. 12958 or successor orders.

*Exhibit A-4*

15 USC § 1681b - Permissible purposes of consumer reports | Title 15 | Consumer and Trade | U.S. Code | all Legal Information Institute

Case 5:13-cv-01712-GW-DTB Document 1 Filed 10/22/13 Page 19 of 73 Page ID #:91

(VII) National security investigation The term "national security investigation" means any official inquiry by an agency or department of the United States Government to determine the eligibility of a consumer to receive access or continued access to classified information or to determine whether classified information has been lost or compromised.

(c) Furnishing reports in connection with credit or insurance transactions that are not initiated by consumer

(1) In general

A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) of this section in connection with any credit or insurance transaction that is not initiated by the consumer only if—

(A) the consumer authorizes the agency to provide such report to such person; or

(B)

(i) the transaction consists of a firm offer of credit or insurance;

(ii) the consumer reporting agency has complied with subsection (e) of this section;

(iii) there is not in effect an election by the consumer, made in accordance with subsection (e) of this section, to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph; and

(iv) the consumer report does not contain a date of birth that shows that the consumer has not attained the age of 21, or, if the date of birth on the consumer report shows that the consumer has not attained the age of 21, such consumer consents to the consumer reporting agency to such furnishing.

(2) Limits on information received under paragraph (1)(B)

A person may receive pursuant to paragraph (1)(B) only—

(A) the name and address of a consumer;

(B) an identifier that is not unique to the consumer and that is used by the person solely for the purpose of verifying the identity of the consumer; and

(C) other information pertaining to a consumer that does not identify the relationship or experience of the consumer with respect to a particular creditor or other entity.

(3) Information regarding inquiries

Except as provided in section 1681g (a)(5) of this title, a consumer reporting agency shall not furnish to any person a record of inquiries in connection with a credit or insurance transaction that is not initiated by a consumer.

(d) Reserved

(e) Election of consumer to be excluded from lists

(1) In general

A consumer may elect to have the consumer's name and address excluded from any list provided by a consumer reporting agency under subsection (c)(1)(B) of this section in connection with a credit or insurance transaction that is not initiated by the consumer, by notifying the agency in accordance with paragraph (2) that the consumer does not consent to any use of a consumer report relating to the consumer in connection with any credit or insurance transaction that is not initiated by the consumer.

(2) Manner of notification

A consumer shall notify a consumer reporting agency under paragraph (1)—

(A) through the notification system maintained by the agency under paragraph (5); or

(B) by submitting to the agency a signed notice of election form issued by the agency for purposes of this subparagraph.

*Exhibit A-4*

6/1/13 15 USC § 1681b - Permissible purposes of consumer reports | Title 15 - Commerce and Trade | U.S. Code | LII / Legal Information Institute

Case 5:13-cv-01712-GW-DTB Document 11 Filed 10/23/13 Page 20 of 73 Page ID #:92

**(3) Response of agency after notification through system**

Upon receipt of notification of the election of a consumer under paragraph (1) through the notification system maintained by the agency under paragraph (5), a consumer reporting agency shall—

(A) inform the consumer that the election is effective only for the 5–year period following the election if the consumer does not submit to the agency a signed notice of election form issued by the agency for purposes of paragraph (2)(B); and

(B) provide to the consumer a notice of election form, if requested by the consumer, not later than 5 business days after receipt of the notification of the election through the system established under paragraph (5), in the case of a request made at the time the consumer provides notification through the system.

**(4) Effectiveness of election**

An election of a consumer under paragraph (1)—

(A) shall be effective with respect to a consumer reporting agency beginning 5 business days after the date on which the consumer notifies the agency in accordance with paragraph (2);

(B) shall be effective with respect to a consumer reporting agency—

(i) subject to subparagraph (C), during the 5–year period beginning 5 business days after the date on which the consumer notifies the agency of the election, in the case of an election for which a consumer notifies the agency only in accordance with paragraph (2)(A); or

(ii) until the consumer notifies the agency under subparagraph (C), in the case of an election for which a consumer notifies the agency in accordance with paragraph (2)(B);

(C) shall not be effective after the date on which the consumer notifies the agency, through the notification system established by the agency under paragraph (5), that the election is no longer effective; and

(D) shall be effective with respect to each affiliate of the agency.

**(5) Notification system**

**(A) In general**

Each consumer reporting agency that, under subsection (c)(1)(B) of this section, furnishes a consumer report in connection with a credit or insurance transaction that is not initiated by a consumer, shall—

(i) establish and maintain a notification system, including a toll–free telephone number, which permits any consumer whose consumer report is maintained by the agency to notify the agency, with appropriate identification, of the consumer's election to have the consumer's name and address excluded from any such list of names and addresses provided by the agency for such a transaction; and

(ii) publish by not later than 365 days after September 30, 1996, and not less than annually thereafter, in a publication of general circulation in the area served by the agency—

(I) a notification that information in consumer files maintained by the agency may be used in connection with such transactions; and

(II) the address and toll–free telephone number for consumers to use to notify the agency of the consumer's election under clause (i).

**(B) Establishment and maintenance as compliance**

Establishment and maintenance of a notification system (including a toll–free telephone number) and publication by a consumer reporting agency on the agency's own behalf and on behalf of any of its affiliates in accordance with this paragraph is deemed to be compliance with this paragraph by each of those affiliates.

Exhibit A-4

8/1/13 15 USC § 1681b - Permissible purposes of consumer reports | Title 15 - Commerce and Trade | U.S. Code | LII / Legal Information Institute

Case 5:13-cv-01712-GW-DTB Document 12 Filed 12/12/13 Page 21 of 73 Page ID #:93

**(6) Notification system by agencies that operate nationwide**

Each consumer reporting agency that compiles and maintains files on consumers on a nationwide basis shall establish and maintain a notification system for purposes of paragraph (5) jointly with other such consumer reporting agencies.

**(f) Certain use or obtaining of information prohibited**

A person shall not use or obtain a consumer report for any purpose unless—

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

**(g) Protection of medical information**

**(1) Limitation on consumer reporting agencies**

A consumer reporting agency shall not furnish for employment purposes, or in connection with a credit or insurance transaction, a consumer report that contains medical information (other than medical contact information treated in the manner required under section 1681c (a)(6) of this title) about a consumer, unless—

(A) if furnished in connection with an insurance transaction, the consumer affirmatively consents to the furnishing of the report;

(B) if furnished for employment purposes or in connection with a credit transaction—

(i) the information to be furnished is relevant to process or effect the employment or credit transaction; and

(ii) the consumer provides specific written consent for the furnishing of the report that describes in clear and conspicuous language the use for which the information will be furnished; or

(C) the information to be furnished pertains solely to transactions, accounts, or balances relating to debts arising from the receipt of medical services, products, or devises, where such information, other than account status or amounts, is restricted or reported using codes that do not identify, or do not provide information sufficient to infer, the specific provider or the nature of such services, products, or devices, as provided in section 1681c (a)(6) of this title.

**(2) Limitation on creditors**

Except as permitted pursuant to paragraph (3)(C) or regulations prescribed under paragraph (5)(A), a creditor shall not obtain or use medical information (other than medical information treated in the manner required under section 1681c (a)(6) of this title) pertaining to a consumer in connection with any determination of the consumer's eligibility, or continued eligibility, for credit.

**(3) Actions authorized by Federal law, insurance activities and regulatory determinations**

Section 1681a (d)(3) of this title shall not be construed so as to treat information or any communication of information as a consumer report if the information or communication is disclosed—

(A) in connection with the business of insurance or annuities, including the activities described in section 18B of the model Privacy of Consumer Financial and Health Information Regulation issued by the National Association of Insurance Commissioners (as in effect on January 1, 2003);

(B) for any purpose permitted without authorization under the Standards for Individually Identifiable Health Information promulgated by the Department of Health and Human Services pursuant to the Health Insurance Portability and Accountability Act of 1996, or referred to under section 1179 of such Act, [1] or described in section 6802 (e) of this title; or

*Exhibit A-4*

15 USC § 1681b - Permissible purposes of consumer reports | Title 15 - Commerce and Trade | U.S. Code | LII / Legal Information Institute

Case 5:13-cv-01712-GW-DTB   Document 12   Filed 10/22/13   Page 22 of 73   Page ID #:94

(C) as otherwise determined to be necessary and appropriate, by regulation or order, by the Bureau or the applicable State insurance authority (with respect to any person engaged in providing insurance or annuities).

**(4) Limitation on redisclosure of medical information**

Any person that receives medical information pursuant to paragraph (1) or (3) shall not disclose such information to any other person, except as necessary to carry out the purpose for which the information was initially disclosed, or as otherwise permitted by statute, regulation, or order.

**(5) Regulations and effective date for paragraph (2)**

**(A) 2 Regulations required**

The Bureau may, after notice and opportunity for comment, prescribe regulations that permit transactions under paragraph (2) that are determined to be necessary and appropriate to protect legitimate operational, transactional, risk, consumer, and other needs (and which shall include permitting actions necessary for administrative verification purposes), consistent with the intent of paragraph (2) to restrict the use of medical information for inappropriate purposes.

**(6) Coordination with other laws**

No provision of this subsection shall be construed as altering, affecting, or superseding the applicability of any other provision of Federal law relating to medical confidentiality.

[1] See References in Text note below.

[2] So in original. No subpar. (B) has been enacted.

LII has no control over and does not endorse any external Internet site that contains links to or references LII.

ABOUT LII        CONTACT US        ADVERTISE HERE        HELP        TERMS OF USE        PRIVACY        [LII]

*Exhibit A-4*

# EXHIBIT B



## Other Accounts

These are all accounts that do not fall into the other categories and can include 30-day accounts such as American Express.

**You have no accounts classified as "Other" on file**

## Payment History Key

| Meaning | Symbol | | Meaning | Symbol |
|---|---|---|---|---|
| Pays or Paid as Agreed: | | | 180+ Days Past Due: | 180 |
| 30-59 Days Past Due: | 30 | | Collection Account: | CA |
| 60-89 Days Past Due: | 60 | | Foreclosure: | F |
| 90-119 Days Past Due: | 90 | | Voluntary Surrender: | VS |
| 120-149 Days Past Due: | 120 | | Repossession: | R |
| 150-179 Days Past Due: | 150 | | Charge Off: | CO |

## Inquiries

A request for your credit history is called an inquiry. Inquiries remain on your credit report for two years. There are two types of inquires - those that may impact your credit rating and those that do not.

**Inquiries that may impact your credit rating**

These inquires are made by companies with whom you have applied for a loan or credit.



*Exhibit B-1*

**Creditor Contact Information**

RETAILERS NATIONAL BANK TARGET
3701 Wayzata Blvd # 2B-D
Minneapolis, MN 554163401

### Inquiries that do not impact your credit rating

These inquires include requests from employers, companies making promotional offers and your own requests to check your credit. These inquiries are only viewable by you.

| Company Information | Date of Inquiry |
|---|---|
| CONSUMERINFO | 06/07/12 |
| CONSUMERINFO.COM | 06/30/12, 11/11/11 |

| Prefix | Prefix Description |
|---|---|
| PRM | Inquiries with this prefix indicate that only your name and address were given to a credit grantor so they can provide you a firm offer of credit or insurance.(PRM inquiries remain for twelve months.) |
| AM or AR | Inquiries with these prefixes indicate a periodic review of your credit history by one of your creditors.(AM and AR inquiries remain for twelve months.) |
| EMPL | Inquiries with this prefix indicate an employment inquiry. (EMPL inquiries remain for 24 months) |
| PR | Inquiries with this prefix indicate that a creditor reviewed your account as part of a portfolio they are purchasing.(PR inquiries remain for 12 months.) |

Exhibit B-2



**Creditor Contact Information**

**Creditor Contact Information**

**Inquiries that do not impact your credit rating**
These inquires include requests from employers, companies making promotional offers and your own requests to check your credit. These inquiries are only viewable by you.

| Company Information | Date of Inquiry |
|---|---|
| CONSUMERINFO.COM | 11/11/11, 07/21/11 |

*Exhibit B-3*

# EXHIBIT  C

Deon L. Thomas                    August 17, 2011
14626 Red Gum St.
Moreno Valley, CA 92555


CONSUMERINFO.COM
PO Box 19729
Irvine, CA 92623


To whom it may concern,

    I recently reviewed my Experian credit and found your company listed as an
inquiry on August 4, 2011.  I never heard of this company before and I never had
any business with you.  I request that you tell me why you are on my report and if
you do not have a valid reason please delete yourself.


Respectfully,

Deon Thomas


Exhibit B

# EXHIBIT  D

CONSUMERINFO.COM
PO Box 19729
Irvine, CA 92623


To whom it may concern,

Upon further inquiry your company had made many more inquiries into my Experian credit report. I mail a letter dated August 17, 2011, requesting you to explain the reason for your inquiry dated August 4, 2011, and if you had no valid reason to please delete, but instead of responding you made more inquiries. I am not understanding why you are persisting violating my rights. If you do not have a permissible reason to obtain my report they should be removed immediately.

April 2, 2012


Respectfully,

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555


Exhibit D

# EXHIBIT  E

CONSUMERINFO.COM
PO Box 19729
Irvine, CA 92623


To whom it may concern,

 This letter is a demand that you delete all 35 inquiries made to my Experian report.  I mailed two separate letters dated August 17, 2011 and April 2, 2012, requesting you to provide a valid reason for the pulls, if not delete, but you failed to respond or delete.  It is my belief that Consumerinfo.com is in violation of federal law.


November 2, 2012


Respectfully,

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555


Exhibit B

# EXHIBIT  F

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555

Experian Information Solution, Inc.
701 Experian Parkway
Allen, TX 75013

Date: September 2, 2011

*I am disputing the following item:*

*I did not authorize the following inquiries on my credit report. They were obtained without a permissible purpose. Please provide me with their certification of permissible purpose or delete.*

CONSUMERINFO.COM
PO BOX 19729
IRVINE, CA 92623                    Obtained On: August 17, 2011, August 4, 2011

Please provide me with a description of the reinvestigation procedure for item. Please provide me with the source of information for item. Please send me all information in my consumer file. Please send me an updated copy of my credit report. Thank you for your cooperation in advance.

Sincerely,

Deon L. Thomas

P.S.  Please find enclosed a copy of my DL, SS card and Utility Bill to verify identity.  Enclosed

Exhibit F

# EXHIBIT  G

Deon L. Thomas                        April 19, 2013
14626 Red Gum St.
Moreno Valley, CA 92555

Sent by Certified Mail and Email to:
CONSUMERINFO.COM, Inc.
475 Anton Blvd
Costa Mesa, CA 92626

### NOTICE OF PENDENCY OF ACTION

To whom it may concern,

My name is Deon Thomas; I am officially informing you that this letter shall serve as formal notice of my Intent to file a lawsuit against your company CONSUMERINFO.COM, Inc. (CICI), due to their blatant, torturous and objectionable disregard of federal laws.  The following actions are the reason for possible litigation for tortious interference of my rights:

On 01/04/2013, 12/04/2012, 11/30/2012, 11/20/2012, 11/06/2012, 10/31/2012, 10/19/2012, 10/03/2012, 09/28/2012, 09/18/2012, 09/05/2012, 08/31/2012, 08/17/2012, 08/03/2012, 07/31/2012, 07/20/2012, 07/06/2012, 06/30/2012, 06/19/2012, 06/05/2012, 05/18/2012, 05/04/2012, 04/20/2012, 04/06/2012, 03/20/2012, 03/06/2012, 02/17/2012, 02/03/2012, 01/20/2012, 01/06/2012, 12/20/2011, 12/06/2011, 11/18/2011, 11/04/2011, 10/18/2011, 10/04/2011, 09/20/2011, 09/06/2011, 08/17/2011, and 08/04/2011, CICI obtained my Experian consumer profile (Inquiry) without a permissible purpose.

On August 17, 2011, April 2, 2012 and November 2, 2012, I mailed a dispute letter to CICI of their impermissible access into my consumer profile and to delete the inquiry immediately.  I never gave CICI authorization to access consumer profile ever.  As you can see above CICI continued their egregious behavior after receiving the demand letters and knowingly and willfully violated applicable federal laws.

I also mailed a dispute letter On September 2, 2011 to Experian of your impermissible access into my consumer profile and requested immediate deletion.

Certified Mail No. 7011 1150 0000 6427 6317

*Exhibit G-1*

I never had any business dealings or any account with, made application for credit from, made application for employment with, applied for insurance from, or received any offer of credit from CICI for them to obtain my Experian credit profile. I'm sure you are aware of the consequences of the civil liability of violating Fair Credit Reporting Act (FCRA). Just so I am very clear, the action that may be brought against CICI is about the violations of my rights, on an egregious level. CICI damaged my consumer report, credit worthiness, and reputation from the egregious credit pulls. Just to reference, FCRA has a statutory damage of $1000.00. CICI statutory damages for the forty (40) times they obtained my consumer report (credit pull), totaling in the sum amount of $40,000.00. As I researched case law and PACER, I see this is a common practice by the massive lawsuits against CICI for violating individual's rights.

I am writing you to mitigate the damages, so we do not spend the Courts precious resources with litigation nor waist are time in court in front of a jury. This is for mitigation purposes only and nothing else!

Litigating in Federal Court can consume a lot of time and become very costly; as I am sure you are aware. At this time I am prepared to settle this matter now outside of court for violations of FCRA, Impermissible access for $30,000.00. If we cannot come to an amicable resolution, I am fully prepared seek an attorney to file this matter in Federal District Court, Central District of California for said violations and demand a trial by jury. I would prefer a reasonable settlement on the violations, so please contact me at dlthomas32@gmail.com by April 30, 2013 (by 5 pm PST), so we can come to an agreement.

Date: April 19, 2013

Respectfully,

Deon Thomas

Certified Mail No. 7011 1150 0000 6427 6317

Exhibit G-2

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees

Consumer Info. Com, Inc
475 Anton BLVD
Costa Mesa, CA 92626

---

**SENDER: COMPLETE THIS SECTION**

☑ Complete Items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
☑ Print your name and address on the reverse
  so that we can return the card to you.
☑ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☑ Agent
                    ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
                                    4/25

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

1. Article Addressed to:

Consumerinfo.Com, Inc
475 Anton BLVD
Costa Mesa, CA 92626

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

Exhibit G-3

Deon L. Thomas                                        April 22, 2013
14626 Red Gum St.
Moreno Valley, CA 92555

**Sent by fax to:**
CONSUMERINFO.COM, Inc.
475 Anton Blvd
Costa Mesa, CA 92626

## NOTICE OF PENDENCY OF ACTION

To Legal Department,

My name is Deon Thomas; I am officially informing you that this letter shall serve as formal notice of my Intent to file a lawsuit against your company CONSUMERINFO.COM, Inc. (CICI), due to their blatant, tortious and objectionable disregard of federal laws. The following actions are the reason for possible litigation for tortious interference of my rights:

On 01/04/2013, 12/04/2012, 11/30/2012, 11/20/2012, 11/06/2012, 10/31/2012, 10/19/2012, 10/03/2012, 09/28/2012, 09/18/2012, 09/05/2012, 08/31/2012, 08/17/2012, 08/03/2012, 07/31/2012, 07/20/2012, 07/06/2012, 06/30/2012, 06/19/2012, 06/05/2012, 05/18/2012, 05/04/2012, 04/20/2012, 04/06/2012, 03/20/2012, 03/06/2012, 02/17/2012, 02/03/2012, 01/20/2012, 01/06/2012, 12/20/2011, 12/06/2011, 11/18/2011, 11/04/2011, 10/18/2011, 10/04/2011, 09/20/2011, 09/06/2011, 08/17/2011, and 08/04/2011, CICI obtained my Experian consumer profile (Inquiry) without a permissible purpose.

On August 17, 2011, April 2, 2012 and November 2, 2012, I mailed a dispute letter to CICI of their impermissible access into my consumer profile and to delete the inquiry immediately. I never gave CICI authorization to access consumer profile ever. As you can see above CICI continued their egregious behavior after receiving the demand letters and knowingly and willfully violated applicable federal laws.

I also mailed a dispute letter On September 2, 2011 to Experian of your impermissible access into my consumer profile and requested immediate deletion.

Call Only in Emergency 951-413-9071

Exhibit G-4

I never had any business dealings or any account with, made application for credit from, made application for employment with, applied for insurance from, or received any offer of credit from CICI for them to obtain my Experian credit profile. I'm sure you are aware of the consequences of the civil liability of violating Fair Credit Reporting Act (FCRA). Just so I am very clear, the action that may be brought against CICI is about the violations of my rights, on an egregious level. CICI damaged my consumer report, credit worthiness, and reputation from the egregious credit pulls. Just to reference, FCRA has a statutory damage of $1000.00. CICI statutory damages for the forty (40) times they obtained my consumer report (credit pull), totaling in the sum amount of $40,000.00. As I researched case law and PACER, I see this is a **common practice** by the massive lawsuits against CICI for violating individual's rights.

I am writing you to mitigate the damages, so we do not spend the Courts precious resources with litigation nor waist are time in court in front of a jury. This is for mitigation purposes only and nothing else!

Litigating in Federal Court can consume a lot of time and become very costly; as I am sure you are aware. At this time I am prepared to settle this matter now outside of court for violations of FCRA, Impermissible access for $30,000.00. If we cannot come to an amicable resolution, I am fully prepared seek an attorney to file this matter in Federal District Court, Central District of California for said violations and demand a trial by jury. I would prefer a reasonable settlement on the violations, so please contact me at dlthomas32@gmail.com by April 30, 2013 (by 5 pm PST), so we can come to an agreement.

Date: April 22, 2013

Respectfully,

Deon Thomas

Call Only in Emergency 951-413-9071

Exhibit G-5

**HP Officejet Pro 8600 N911n Series**

**Fax Log for**
Thomas
951-242-7015
Apr 22 2013 5:04PM

## Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|-----------|----------|-------|--------|
| | | | | Digital Fax | | |
| Apr 22 | 5:02PM | Fax Sent | 9723904973 | 1:29 N/A | 3 | OK |

*Exhibit G-6*

**HP Officejet Pro 8600 N911n Series**

Fax Log for
Thomas
951-242-7015
May 01 2013 5:34PM

## Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| | | | | Digital Fax | | |
| May 1 | 5:33PM | Fax Sent | 919723904973 | 0:12 N/A | 0 | Cancel |

*Exhibit G-7*

# EXHIBIT  H



April 26, 2013

Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

**RE:   Membership Charges**

Dear Deon Thomas:

Thank you for your letter and for the opportunity to respond to your concerns.

We offer a credit report along with a trial membership to Credit Monitoring.  Our
website and the order form describe the offer in detail, including billing at the end
of the trial and monthly thereafter unless and until the customer notifies us of
their wish to cancel.  The consumer agrees to these terms when submitting
his/her order.

Our records indicate that a credit report and trial membership was ordered and
not cancelled within the trial period.  Consequently, in accordance with the terms
of the offer, the credit card provided was charged the monthly membership fee.
As a courtesy, we have refunded a total of 26.91 of the monthly fees you had
been billed.

Sincerely,

Consumer Relations Department

Exhibit H

# EXHIBIT  I

Deon L. Thomas                         May 1, 2013
14626 Red Gum St.
Moreno Valley, CA 92555

**Sent by Certified Mail and FAX to:**
CONSUMERINFO.COM, Inc.
475 Anton Blvd
Costa Mesa, CA 92626

### FINAL NOTICE OF PENDENCY OF ACTION

To whom it may concern,

    This will be my FINAL Notice informing you of my Intent to file a lawsuit against your company, CONSUMERINFO.COM, Inc., (CICI), due to their blatant, tortious and objectionable disregard of federal laws.  Once again CICI should take notice of:

    On 01/04/2013, 12/04/2012, 11/30/2012, 11/20/2012, 11/06/2012, 10/31/2012, 10/19/2012, 10/03/2012, 09/28/2012, 09/18/2012, 09/05/2012, 08/31/2012, 08/17/2012, 08/03/2012, 07/31/2012, 07/20/2012, 07/06/2012, 06/30/2012, 06/19/2012, 06/05/2012, 05/18/2012, 05/04/2012, 04/20/2012, 04/06/2012, 03/20/2012, 03/06/2012, 02/17/2012, 02/03/2012, 01/20/2012, 01/06/2012, 12/20/2011, 12/06/2011, 11/18/2011, 11/04/2011, 10/18/2011, 10/04/2011, 09/20/2011, 09/06/2011, 08/17/2011, and 08/04/2011, CICI obtained my Experian consumer profile (Inquiry) without a permissible purpose.

    On August 17, 2011, April 2, 2012 and November 2, 2012, I mailed a dispute letter to CICI of their impermissible access into my consumer profile and to delete the inquiry immediately.  I never gave CICI authorization to access consumer profile ever.  As you can see above CICI continued their egregious behavior after receiving the demand letters and knowingly and willfully violated applicable federal laws.

    I also mailed a dispute letter On September 2, 2011to Experian of your impermissible access into my consumer profile and requested immediate deletion.

Certified Mail No.

Exhibits I 1

1    We can prevent a lot of hard ache and pain if communication was on both sides of the fence,

2    but it is only one sided, being I am trying to communicate with you and you are ignoring me and my

3    rights.  Just so I am very clear, the action that may be brought against CICI, as succinctly laid out in

4    my pleadings, is about the violations of my rights, on a very egregious level.  Just to reiterate, FCRA

5    has a statutory damage of $1000.00.  CICI pulled my consumer report forty (40) times and that's

6    totaling in the sum amount of $40,000.00.  I am trying to be amicable and honest, but we need to talk

7    about this before I file the complaint.  We can resolve this dispute, I am capable of handling this

8    matter, but if you won't talk to me, I will diligently seek an attorney before I file, now you would

9    have attorney fees on top of the pain and suffering.  This is for mitigation purposes only and nothing

10   else! This is not a shake down or opportunist, I know my rights and they have been violated by CICI.

11       At this time I am prepared to settle this matter now outside of court for violations of FCRA,

12   Impermissible access for $30,000.00.  Again, if we cannot come to an amicable resolution, I will seek

13   an attorney to file this matter in Federal District Court, Central District of California for said

14   violations and demand a trial by jury.  Let's come to an amicable settlement of the violations, so

15   please contact me at dlthomas32@gmail.com by May 13, 2013 (by 5 pm PST), or it will be filed.

16

Date: May 1, 2013

17

18                                        Respectfully,

19

20                                        Deon Thomas

21                                        Deon Thomas

22

23

24

25

26

27

28

Certified Mail No.

Exhibit I-2



**FAX**

To: CONSUMERINFO.COM, INC.

From: Deon Thomas

Fax: 972-390-4973

Pages: 10

Phone:

Date: 5/10/13

Re: Notice of Pendency of Action

CC:

[x] Urgent   [ ] For Review   [ ] Please Comment   [ ] Please Reply   [ ] Please Recycle

This notice is an official communication to Consumerinfo.com, Inc. of all intentions to amicably handle my very serious concerns about violation of Fair Credit Reporting Act (FCRA) by your company. Please do not ignore this correspondence.

Best Regards,

Deon Thomas

*Exhibit I-3*

ejet Pro 8600 N911n Series

Fax Log for
Thomas
951-242-7015
May 01 2013 5:39PM

### Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| | | | | Digital Fax | | |
| May 1 | 5:34PM | Fax Sent | 19723904973 | 4:00 N/A | 11 | OK |

Exhibit I-4

1
2       Deon L. Thomas      May 1, 2013
       14626 Red Gum St.
3      Moreno Valley, CA 92555

4
**Sent by Certified Mail and FAX to**:
5 CONSUMERINFO.COM, Inc.
 475 Anton Blvd
6 Costa Mesa, CA 92626

7
        **Response Letter**
8
RE: Legal Department
9
To whom it may concern,
10

11   In response to your recent communication dated April 26, 2013.  I finally received your letter
12 from CONSUMERINFO.COM, Inc., (CICI) on May 1, 2013, after I fax a copy of my FINAL Notice
13 of Pendency of Action.  Please excuse me while I enter the twilight Zone.  After a skeptical review of
14 the content of your communication, I am unable to make sense of your assertions.  Although you
15 sound like a corporation of sound mind, charged with great responsibility, your communication is
 unintelligible.  Have you allowed a computer to take control of your written communication?  I
16 noticed there is no name or signature on your letter.

17   I am concerned with the following; Please note where you assert the word **"We"** in the
18 beginning line of the first paragraph; by use of the word, "We", do you mean more than one person
19 offers a credit report along with a trial membership to credit monitoring?  In the same paragraph
20 began on line number two, you assert "Our website  and the order form describe the offer in detail,
21 including billing at the end of trial and monthly thereafter unless and until the consumer notifies us of
22 their wish to cancel."  It does not specify the name of the website, name of the order form, nor does it
 include any amount of monthly charges.

23   In the beginning of the second paragraph; it say's "Our records indicate that a credit report
24 and trial membership was ordered and not canceled with the trial period."  Nowhere in that sentence
25 did you specify my name or my credit report or my trial membership.  In the second paragraph line
26 three, you assert "the card provided was charged the monthly membership fee."  Again, nowhere in
27 this sentence did you specify any credit card which may belong to me nor anything sent to my
28 address.  You further assert in the same paragraph, fourth line "we have refunded a total of $26.91 of

Certified Mail No.

*Exhibit I-5*

the monthly fees you had been billed." It is my belief the letter you titled "Membership Charges", is part of a cookie cut out, of a mass computer generated deal, and it does not specifically address my three dispute letters I mailed on August 17, 2011, April 2, 2012 and November 2, 2012.

Based on the above, I can only come to the conclusion that you are beyond a shadow of doubt in violation of Federal Law, as well as my civil rights. We can however resolve this matter by means of settling outside of court for violations of FCRA, Impermissible access for $30,000.00. Let me know if we can handle this amicably of the violations, so please contact me at dlthomas32@gmail.com by May 13, 2013 (by 5 pm PST), or it will be filed.

Date: May 1, 2013

Respectfully,

Deon Thomas

Certified Mail No.

Exhibit I-6

# FAX

| | | | |
|---|---|---|---|
| **To:** | CONSUMERINFO.COM,INC. | **From:** | Deon Thomas |
| **Fax:** | 972-390-4973 | **Pages:** | 4 |
| **Phone:** | [Type the recipient phone number] | **Date:** | 5.1.2013 |
| **Re:** | Response Letter | **CC:** | |

[x] Urgent   [ ] For Review   [ ] Please Comment   [ ] Please Reply   [ ] Please Recycle

To Legal Department

This letter attached hereto is a response letter to your letter dated April 26, 2013.

Enc. Consumerinfo.com,Inc. letter

5.1.2013

*Exhibit I-7*

HP Officejet Pro 8600 N911n Series

**Fax Log for**
Thomas
951-242-7015
May 01 2013 8:58PM

## Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| | | | | Digital Fax | | |
| May 1 | 8:56PM | Fax Sent | 9723904973 | 1:37 N/A | 4 | OK |

Exhibit I-8

# EXHIBIT  J



May 7, 2013

Deon Thomas
14626 Red Gum St
Moreno Valley, CA 92555

**RE:    Membership Charges**

Dear Deon Thomas:

Thank you for your letter and for the opportunity to respond to your concerns.

We offer a credit report along with a trial membership to Credit Monitoring.  Our website and the order form describe the offer in detail, including billing at the end of the trial and monthly thereafter unless and until the customer notifies us of their wish to cancel.  The consumer agrees to these terms when submitting his/her order.

Our records indicate that a credit report and trial membership was ordered and not cancelled within the trial period.  Consequently, in accordance with the terms of the offer, the credit card provided was charged the monthly membership fee.  As a courtesy, we have refunded a total of 3 of the monthly fees you had been billed.

Sincerely,

Consumer Relations Department

• PO Box 2390 • Allen, TX  75013 •

Exhibit J

# EXHIBIT  K

Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555

**Sent Certified Mail and fax to**:
CONSUMERINFO.COM, Inc.
475 Anton Blvd
Costa Mesa, CA 92626

## NOTICE OF PENDENCY OF ACTION

To Lisa Hall,

I would like to thank you for calling me on May 5, 2013 at 2:21 p.m., the conversation was very in lightning. I am convinced more than ever that I have a proper claim and violations against Consumerinfo.com, LLC (CICI), for Fair Credit Report Act (FCRA) 15 U.S.C. §1681b.

During our conversation you were heard to say;

1. That I requested a higher refund back from CICI;
2. CICI records show money refunded back into your account;
3. Disputes should not be sent to CICI, but to the CRA's;
4. The inquires made by CICI were not seen by anyone else but you;
5. Payments were being made to CICI from your account;
6. We have you mother's maiden name;
7. We have an email account number as dlthomas32@gmail.com.
8. Your account with CICI were done electronically.

It is my belief and understanding the CICI does not argue they obtained consumer report. It is also my belief that Ms. Hall made statements about me that are false and conclusory. *See. Leigh v Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000)[1] and *Ellis v England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005). Mere conclusory statements made without providing competent proof will not hold up in any court. The statements that Ms. Hall were heard to say are all false, there is no way

Certified Mail # 7013 0600 0000 4598 0319

Exhibit K-1

CICI can prove any account belong to me or provide any verified evidence, so anything that may be provided as evidence will all be considered hearsay. Any and all evidence you have could be made up and contrived.

   I have every right to dispute with CICI, if I believe they obtained my consumer report without a permissible purpose, as alleged in my succinct drafted complaint. Even though Ms. Hall said my dispute is with the CRA, in which I disagree in part, I did dispute CICI being on my consumer report with Experian on September 2, 2011. CICI is not reporting a trade line in my consumer report, so my dispute should not ONLY be with the CRA. The FCRA does not differentiate between a hard pull (seen by others) and soft pull (only seen by consumer and CRA), so bring a claim for an impermissible purpose is a valid claim. After I disputed with CICIC on August 17, 2011, April 2, 2012 and November 2, 2012, they did not provide any written response to any of my disputes to explain their permissible purpose. CICI had plenty of opportunities to respond and failed to do so, as such I am sure I will prevail if we go in front of a jury in federal court. PACER, shows CICI violates individual rights all the time as I am a member.

   Once again, at this time I am prepared to settle this matter now outside of court for violations of FCRA, Impermissible access for $30,000.00. I do not see any reason this cannot be resolved and both side holding their dignity, so write me, call me or email me at dlthomas32@gmail.com by May 28, 2013 (by 5 pm PST), so we can come to an agreement. If we cannot come to a resolution, I will have no choice but to seek justice in front of a jury in federal court, and I am more than capable of doing so.

Date: May 16, 2013

                              Respectfully,

                              Deon Thomas

Certified Mail # 7013 0600 0000 4598 0319

Exhibit K-2

**HP Officejet Pro 8600 N911n Series**

**Fax Log for**
Thomas
951-242-7015
May 16 2013 3:59PM

### Last Transaction

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| | | | | Digital Fax | | |
| May 16 | 3:57PM | Fax Sent | 19723904973 | 1:14 N/A | 3 | OK |

Exhibit K-3

# FAX

| | | | |
|---|---|---|---|
| **To:** | CONSUMERINFO.COM,INC. | **From:** | Deon Thomas |
| **Fax:** | 972-390-4973 | **Pages:** | 3 |
| **Phone:** | [Type the recipient phone number] | **Date:** | 5.16.2013 |
| **Re:** | Response phone convo. With Lisa Hall | **CC:** | |

[x] Urgent    [ ] For Review    [ ] Please Comment    [ ] Please Reply    [ ] Please Recycle

To Legal Department-Lisa Hall, Business Analyst

This letter attached hereto is a response phone conversation with Lisa Hall on May 15, 2013.

5.16.2013

Exhibit K-5



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

**For delivery information visit our website at www.usps.com®**

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.46 |
| Certified Fee | | $3.10 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.56 |

Postmark Here

05/16/2013

Sent To  ConsumerInfo.com, Inc.   ATTN: Lisa Hall

Street, Apt. No.; or PO Box No.  475 Anton BLVD

City, State, ZIP+4  Costa Mesa Ca 92626

PS Form 3800, August 2006          See Reverse for Instructions

*Exhibit K5*

# EXHIBIT  L



Deon t <dlthomas32@gmail.com>

---

## Notice of Pendency of Action - Thomas
12 messages

---

**Lisa Hall** <Lisa.Hall@experianinteractive.com>        Fri, May 31, 2013 at 11:30 AM
To: "dlthomas32@gmail.com" <dlthomas32@gmail.com>

Mr. Thomas:

I received your voicemail and wanted to get back to you. Our records reveal that you enrolled in Triple Advantage credit monitoring on July 20, 2011. Pursuant to the terms of your membership, Experian Consumer Services monitored your credit from July 20, 2011 through April 26, 2013. Specifically, during the course of your membership in the Triple Advantage credit monitoring product, soft inquiries were made on the following dates:

7/21/2011, 7/21/2011, 7/28/2011, 7/31/2011, 8/1/2011, 8/3/2011, 8/10/2011, 8/15/2011, 8/22/2011, 9/1/2011, 9/13/2011, 9/15/2011, 10/04/2011, 11/11/2011, 11/22/2012, 12/12/2012, 12/14/2011, 12/15/2012, 12/10/2011, 12/17/2011, 12/21/2011, 12/28/2011, 1/20/2012, 3/1/2012, 6/8/2012, 6/30/2012, 6/30/2012, 8/02/2012, 8/03/2012, 11/15/2012, 12/14/2012, 12/15/2012, 12/16/2012, 2/07/2013, 2/19/2013, 3/19/2013, 4/23/2013.

Each of these soft inquires was properly made on your behalf as part of Triple Advantage credit monitoring in which you enrolled. The use of soft inquires to monitor your credit indicates that the Triple Advantage product functioned as designed. I trust that this letter resolves your concerns.

Thank you,

Lisa Hall

Business Analyst

Experian Consumer Services

Lisa.Hall@experianinteractive.com

949-567-7664

---

**Deon t** <dlthomas32@gmail.com>        Fri, May 31, 2013 at 2:46 PM
To: lisahall@experianinteractive.com.certified.readnotify.com

Ms. Hall,

According to last letters sent to conumerinfo.com, Inc., dated May 16, 2013, I specifically stated the dates August 17, 2011, April 2, 2012 and November 2, 2012, of my disputes with them, and they failed to respond to any of my requests to authenticate and verify their reason for inquiring my consumer report. As I stated to you on our phone conversation May 5, 2013, the FCRA does not differentiate between soft or hard inquiries, so this argument is moot. Also, In the letter I requested again strict proof of any verifiable evidence that what you assert is true or they did not violate FCRA, and your

*Exhibit L*

email correspondence failed to proof anything. This matter is far from resolved because what you are claiming is false and conclusory.

You stated that "Our records reveal that you enrolled in Triple Advantage credit monitoring on July 20, 2011", yet you did not provide any such records or evidence of any signed enrollment form from this date or any date. Further you state "Pursuant to the terms of your membership, Experian Consumer Services monitored", again you did not state what type of membership nor produced a copy of an alleged membership with any entity **nor have I ever heard of** Experian Consumer Services. You are naming multiple entities and non of which I had any business dealings with or signed any agreement form, especially consumerinfo.com, Inc. If I would make the comparison to what you are asserting, is just like saying Capital One, Capital One Home Loans, Capital One Bank, N.A. are the same entities, but they are not they are fully and wholly separate entities, so consumerinfo.com, Inc.,Experian Consumer Services, Experian and Triple Advantage credit monitoring are solely different entities from my research. I stand by my claim that consumerinfo.com, Inc. did not have a permissible purpose to obtain my consumer report.

The information you assert if bogus and false, without providing any proof of any kind. I really don't won't to banter back and forth, without you providing me any verifiable proof. You have yet to offer a counter to my demand, and your email does not cut it as any such proof. Please advice or connect me with someone who can make authorized decisions.

Best Regards

Deon Thomas
[Quoted text hidden]

---

**Deon t** <dlthomas32@gmail.com>                                    Fri, May 31, 2013 at 2:55 PM
To: Lisa.Hall@experianinteractive.com, lisa.hall@experianinteractive.com.certified.readnotify.com

[Quoted text hidden]

---

**Lisa Hall** <Lisa.Hall@experianinteractive.com>                    Thu, Jun 13, 2013 at 3:38 PM
To: Deon t <dlthomas32@gmail.com>

Mr. Thomas,

I write to follow up on our last discussion. You claim to have mailed dispute letters to ConsumerInfo.com, Inc. dated August 17, 2011, April 2, 2012, and November 2, 2012. In addition, your draft complaint identifies these dispute letters as Exhibits B through D, but the letters are not attached to the draft complaint. Can you send me copies of these dispute letters? Our review of these letters will better enable us to evaluate and respond to your demand. You can send the letters to my attention via e-mail or postal mail—whichever is more convenient for you.

Kind regards,

Lisa Hall

---

**Deon t** <dlthomas32@gmail.com>                                    Fri, Jun 14, 2013 at 7:14 AM
To: Lisa Hall <Lisa.Hall@experianinteractive.com>

Ms. Hall,

Exhibit L

Here attached you will find the documents you requested for Consumerinfo.com, Inc. (CICI) review and that are part of my Exhibits for my proposed complaint. I will certify and confirm in Court under law, under penalty of perjury in the state of California that I mailed the documents by U.S. Postal Service and everything within it is true and correct. The determination of this case can and will be determined by a jury.

I hope this will help in CICI's decision to work things out and evaluate the situation before I move forward. Ms. Hall, we both asserted our positions when we conferred in the past and we do not agree with each other, which is fine, but I have the evidence to prove my case in front of a jury. However, If truth be told, I would rather spend my time and resources elsewhere, as I am sure you and CICI will fill the same way. The courts would also appreciate settling this matter before we enter their jurisdiction, as resources for courts are limited due to cut backs. It is my hope we can resolve this on this side of the courts.

As I stated in my letter on April 19, 2013, "This is for mitigation purpose only", and not a shake-down or intimidation, so please advice how we are going to proceed. You know my demand, which is $30,000.00!

Best Regards,

Deon Thomas

[Quoted text hidden]

---

📄 **Consumerinfo.com Disputes.pdf**
669K

---

**Deon t** <dlthomas32@gmail.com>                                    Fri, Jun 28, 2013 at 11:00 AM
To: Lisa Hall <Lisa.Hall@experianinteractive.com>

Ms. Hall,

I send this correspondence as a courtesy and follow up on the dispute letters you requested. I hope reviewing the complaint and dispute letters gave Consumerinfor.com, Inc (CICI) time to carefully evaluate and wisely consider my demand and/or make a counter offer. I did not include the dispute letters as I identified them as Exhibits, because they are going to be included when and if the complaint is file, along with an affidavit attached to complaint, as my complaint is a verified complaint.

Now, It has been two weeks since I sent the dispute letters, so you must let me know by Monday July 1, 2013, if CICI accepted my offer or will make a very reasonable counter offer. Thank you for your time and efforts regarding this very serious matter.

Best Regards,

Deon Thomas
[Quoted text hidden]

---

**Lisa Hall** <Lisa.Hall@experianinteractive.com>                                    Tue, Jul 2, 2013 at 1:41 PM
To: Deon t <dlthomas32@gmail.com>

Mr. Thomas,

Thank you for sending copies of the letters that you claimed to have mailed to ConsumerInfo.com, Inc., dated August 17, 2011, April 2, 2012, and November 2, 2012. We are still in the process of researching and evaluating the validity of your claims. Please rest assured that we will provide a substantive response to your demand as soon as we finish our review. At present, my goal is to provide that response by next week, but I will keep you posted of any changes or developments. Thank you for your patience.

Exhibit L

Kind regards,

Lisa Hall


**From:** Deon t [mailto:dlthomas32@gmail.com]
**Sent:** Friday, June 28, 2013 11:00 AM
**To:** Lisa Hall
**Subject:** Re: Notice of Pendency of Action - Thomas


Ms. Hall,

[Quoted text hidden]

---

**Deon t** <dlthomas32@gmail.com>                                    Fri, Jul 12, 2013 at 12:58 PM
To: Lisa Hall <Lisa.Hall@experianinteractive.com>

Ms. Hall,

This is the end of the week, I was expecting Consumerinfo.com, Inc's. (CICI) reply. I am attempting in good faith to handle this matter, with Court being the last resort, but we need to keep the communication flowing and any negotiation must be in good faith effort on CICI behalf. It is my hope CICI is not prolonging matters to avoid the inevitable. I am anticipating CICI's offer and reply very soon.

---

Best Regards,

Deon Thomas
[Quoted text hidden]

---

**Lisa Hall** <Lisa.Hall@experianinteractive.com>                           Thu, Jul 18, 2013 at 9:56 AM
To: Deon t <dlthomas32@gmail.com>

Mr. Thomas,


Thank you for your patience. We are still in the process of researching and evaluating the validity of your claims and will complete that analysis as quickly as possible. In the interim, it appears that part of the confusion may arise from use of the "PrivacyGuard" product. When a consumer uses the "PrivacyGuard" product to access their credit report or monitor their credit, it appears that PrivacyGuard may obtain the consumer's credit information through one of its service providers, such as Consumerinfo.com, Inc. ("CIC"). In other words, it seems that when a consumer uses PrivacyGuard to pull a credit report, ConsumerInfo.com, Inc. may access credit information as PrivacyGuard's "service provider" to fulfill that request. As a result, a "PrivacyGuard" order may explain an inquiry on a credit report from ConsumerInfo.com, Inc. Please note that I cannot confirm information about the operation of the PrivacyGuard product or PrivacyGuard's terms and conditions, given that the PrivacyGuard product is not owned by CIC. Nevertheless, I hope that this addresses at least some of your concerns regarding your allegations of "soft inquiries" from CIC on your credit report.


Kind regards,

Lisa Hall

*Exhibit L*

**From:** Deon t [mailto:dlthomas32@gmail.com]
**Sent:** Friday, July 12, 2013 12:58 PM

[Quoted text hidden]

[Quoted text hidden]

---

**Deon t** <dlthomas32@gmail.com>                                    Thu, Jul 18, 2013 at 2:23 PM
To: Lisa Hall <Lisa.Hall@experianinteractive.com>

Ms. Hall,

Thank you for you correspondence regarding my issues with Consumerinfo.com, LLC (CIC). First, While reading your
email, I see a lot of holes in your explanation in which you are representing your analysis and defense. It is my belief
the the only confusion is on CIC's part in their internal policies and procedures, by losing or destroying dispute
documents in their custody and control, having the wrong information about a party and trying to cover up their tracks
when they are wrong, about something they knew or should have known was false and erroneous, as described in my
case. Secondly, I am standing strong and I am confident my claim would prevail in front of a jury. Furthermore, I would
like to inform you that there is no confusion on my part, all the facts are on my side. I have in my possession prompt
disputes of CIC being on my consumer report (even if is was a soft or hard pull), CIC does not have any signed
agreement or account with me relating to a contract with them, therefore I did not give CIC authorization to obtain my
report, never had a business relationship with them, I do not owe a debt to CIC, and I have never paid any money to CIC.
Finally, any evidence CIC may have or construct will be pure conjecture and hearsay, which will not stand up in court.
Even looking at your email Ms. Hall, anyone with a reasonable mind can construe it as being unfounded information.

With all due respect, I hope the next correspondence by you, will be a more affirmative response about settling this
matter or a counter offer.

Best Regards

Deon Thomas
[Quoted text hidden]

---

**Deon t** <dlthomas32@gmail.com>                                    Wed, Jul 31, 2013 at 1:33 PM
To: Lisa Hall <Lisa.Hall@experianinteractive.com>

Ms. Hall,

I feel enough time has past for conserinfo.com, Inc. (CIC), to conduct their investigation ans analysis. CIC has until
Friday August 2, 2013, to contact me with their final acessment regarding this matter. If they don't, I will file my complaint
on August 2, 2013.

Best Regards,

Deon Thomas

[Quoted text hidden]

---

**Lisa Hall** <Lisa.Hall@experianinteractive.com>                    Fri, Aug 2, 2013 at 5:23 PM
To: Deon t <dlthomas32@gmail.com>

Mr. Thomas:

*Exhibit L*

We have concluded our research and evaluation of the validity of your claims. Our analysis indicates that soft inquiries from ConsumerInfo.com, Inc. allegedly appearing on your credit report were properly made on your behalf as part of credit monitoring products in which you enrolled. As explained previously, the use of soft inquiries to monitor your credit indicates that the products functioned as designed. As a result, we respectfully decline your demand and trust that this letter resolves your concerns.

Thank you,

Lisa Hall

**From:** Deon t [mailto:dlthomas32@gmail.com]
**Sent:** Wednesday, July 31, 2013 1:34 PM

[Quoted text hidden]

[Quoted text hidden]

Exhibit L

# EXHIBIT  M

Superior Court of California, COUNTY OF RIVERSIDE
13800 Heacock St.D201(2nd FL.)
Moreno Valley, CA  92553
www.riverside.courts.ca.gov

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 04 2013

R. Banks

NOTICE OF ENTRY OF JUDGMENT
CASE NO.MVS1302752

DEON THOMAS
14626 RED GUM ST
MORENO VALLEY CA 92555

CONSUMERINFOCOM, INC
475 ANTON BLVD
COSTA MESA CA 92626

------------------------------------------------------------
NOTICE TO ALL PLAINTIFFS AND DEFENDANTS: Your small claims case has
been decided. If you lost the case, and the court ordered you to
pay money, your wages and property may be taken without further
warning from the Court.  Read the attached for information about
your rights.

AVISO A TODOS LOS DEMANDANTES Y DEMANDADOS: Su caso ha sido
resuelto por la corte para reclamos judiciales menores. Si la corte
ha decidido en su contra y ha ordenado que usted pague dinero, le
pueden quitar su salario, su dinero, y otras cosas de su propiedad,
sin aviso adicional por parte de esta corte.  Lea la siguiente
pagina para obtener informacion de importancia acerca de sus
derechos.
------------------------------------------------------------

Judgment was entered as indicated below on 10/04/13

    Judgment on Plaintiff's Claim  for DEON THOMAS

    and against Defendant  CONSUMERINFOCOM, INC

    in the amount of $2,500.00 Plus costs of $120.00

Exhibit M

Enforcement of the judgment is automatically postponed for 30 days or, if an appeal is filed, until the appeal is decided.

The court provides small claims advisor services free of charge. For more information, please see the information sheet attached.

Exhibit M

# EXHIBIT  N

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF RIVERSIDE

| TITLE:<br>DEON THOMAS v. CONSUMERINFOCOM, INC. | DATE  9/30/13 | NUMBER<br>MVS1302752 |
| --- | --- | --- |
| | DEPT.  MV1 | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE |
| COUNSEL<br>None | REPORTER<br>None | OCT 04 2013 |
| | | R. Banks |

PROCEEDING
## STATEMENT OF DECISION

The court has considered the arguments by both Plaintiff Deon Thomas and the Defendant Consumerinfo.com, Inc. (Consumerinfo.com) through authorized agent David Williams as well as the documentary evidence submitted.

Judgment is awarded to Plaintiff against Defendant in the sum of $2620: $2500 civil penalty plus costs of $120.

The primary reason for the decision for the Plaintiff was based on the lack of a contractual relationship between Plaintiff and Defendant, a lack of permissible purpose for Consumerinfo.com's inquiries, and the lack of responsiveness to Plaintiff's repeated inquiries as to why Consumerinfo.com was making repeated inquiries. The court received insufficient proof that Plaintiff enrolled in a program for crediting monitoring products with Consumerinfo.com.  Pursuant to Civil Code §1785.19, the court can award a civil penalty not exceeding $2500, as well as costs against an entity who willfully obtains access to other than as specified in Civil Code §1785.11.

Dated: 10 - 1 - 13                     Cynthia Loo

Cynthia L. Loo
Judge Pro Tem of the Superior Court

_____, Clerk

STATEMENT OF DECISION

Exhibit N