Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

FILED
2014 JUN 23 PM 3:55
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Deon Thomas
Plaintiff

v.

Consumerinfo.com, Inc.
Defendant

Case No. ED CV 13-01712 GW (DTBx)

PLAINTIFF'S DEON THOMAS SEPARATE STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Date: July 21, 2014
Time: 8:30 a.m.
Courtroom: 10
Judge: George H. Wu

**TO THE COURT, PARTIES AND THEIR ATTORNEYS:**

Pursuant to Local Rule 56-1, Plaintiff Deon Thomas (Plaintiff) hereby submits it's Separate Statement of Undisputed Facts and Conclusions of Law in Support of Plaintiff's Motion for Summary Judgment filed concurrently herewith.

## UNCONTROVERTED FACTS

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|

1
PLAINTIFF DEON THOMAS SEPARATE STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 1. Plaintiff received his credit reports on or about August 2011 (Experian), January 2012 (Experian), March 2012 (Equifax), September 2013 (Experian), via CRA's and found a total of fifty (52) entries by CIC dated from July 21, 2011 to April 5, 2013, without a permissible purpose. | 1. *See* (Plaintiff's FAC Exhibit A 1-3 and B 1-3 thereto); (Plaintiff's Affidavit ¶ 1). |
| 2. Upon discovery of CIC obtaining Plaintiff's credit report, he mailed a timely letter of dispute to CIC dated on August 17, 2011. | 2. *See* (*Id.* Plaintiff's FAC ¶ 17 and Exhibit C thereto); (Plaintiff's Affidavit ¶ 2). |
| 3. CIC made additional inquiries into Plaintiff's consumer reports, Plaintiff mailed a second letter of dispute to CIC requesting permissible purpose to do so, dated on April 2, 2012. | 3. *See* (*Id.* Plaintiff's FAC ¶ 18 and Exhibit D thereto); (Plaintiff's Affidavit ¶ 3). |
| 4. CIC further violated Plaintiff privacy by making even more inquiries into Plaintiff's credit report, they failed to disclose what their permissible purpose was after previous multiple dispute letters, so Plaintiff mailed a third letter of dispute to CIC dated on November 2, 2012. | 4. *See* (*Id.* Plaintiff's FAC ¶ 19 and Exhibit E thereto); (Plaintiff's Affidavit ¶ 4). |

| | |
|---|---|
| 5. CIC has never provided any signed verification or certified copies of any alleged reason or permissible purpose or copies of any signed contract or agreement that would give them any permissible purpose. Plaintiff mailed a dispute letter On September 2, 2011 to EXPERIAN of CIC's impermissible access into his consumer profile and requested immediate deletion. | 5. See (*Id.* Plaintiff's FAC ¶ 21); (Plaintiff's Affidavit ¶ 5). |
| 6. CIC failed to investigate any of Plaintiff's multiple timely disputes upon receipt, in violation of FCRA U.S.C. § 1681b. | 6. See (*Id.* Plaintiff's FAC ¶ 22). |
| 7. Plaintiff has personal knowledge that CIC never had a contract or agreement that would allow them to buy, purchase or service any alleged obligation between CIC and Plaintiff. | 7. See (*Id.* Plaintiff's FAC ¶ 24); (Plaintiff's Affidavit ¶ 6). |
| 8. Plaintiff has personal knowledge that he did not sign any contract or agreement of any transaction that would assign or transfer ownership to User or any third party. | 8. See (Plaintiff's FAC ¶ 25); (Plaintiff's Affidavit ¶ 7). |

PLAINTIFF DEON THOMAS SEPARATE STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 9. Plaintiff was never an applicant nor was ever informed in writing that User or any other third party was involved in an agreement, sale, merger or exchange to secure him to a transaction or agreement. | 9. See (*Id.* Plaintiff's FAC ¶ 28); (Plaintiff's Affidavit ¶ 8). |
| 10. Plaintiff never received any written documentations that shows User has been "retained" or "placement" by any entity that may or may not have been involved with a "transaction" with the Plaintiff. | 10. See (*Id.* Plaintiff's FAC ¶ 29); (Plaintiff's Affidavit ¶ 9). |
| 11. Plaintiff has never provided written instruction to CRA authorizing it to provide Plaintiff's consumer report to User or any third party on their behalf. | 11. See (*Id.* Plaintiff's FAC ¶ 32); (Plaintiff's Affidavit ¶ 10). |
| 12. Plaintiff never received any written notice of assignments or documentations (contracts, agreements or otherwise) from CIC after he disputed multiple times of the impermissible purpose inquiries into his consumer report. | 12. See (*Id.* Plaintiff's FAC ¶ 33); (Plaintiff's Affidavit ¶ 11). |
| 13. Plaintiff never received any documentations (contract agreement or otherwise) directly from CIC after he disputed the inquiries, describing what they certified to the CRA of their permissible purpose to obtain his consumer file, pursuant to Federal Gramm-Leach-Bliley Act, 15 U.S.C.A. Section 6801 et seq. (2000), ("GLB Act"). | 13. See (*Id.* Plaintiff's FAC ¶ 34); (Plaintiff's Affidavit ¶ 12). |

| | | |
|---|---|---|
| 1 | | |
| 2 | 14. At no time material did Plaintiff ever have a relationship of any kind with User as defined under FCRA U.S.C. § 1681b(3)(a)-(g). | 14. *See* (*Id.* Plaintiff's FAC ¶ 36); (Plaintiff's Affidavit ¶ 13). |
| 3 | | |
| 4 | | |
| 5 | 15. On April 19, 2013 sent by certified mail/return receipt # 7011 1150 0000 6427 6317 and April 22, 2013, by fax, Plaintiff sent a Dispute and Notice of Pendency of Action to CIC, informing them of the dates in which they violated the FCRA. | 15. *See* (*Id.* Plaintiff's FAC ¶ 40 and Exhibit G); (Plaintiff's Affidavit ¶ 14). |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | 16. Plaintiff received a computer-generated letter from CIC dated on April 26, 2013, without any name associated with the document. The letter was very generic, and it did not address any of Plaintiff's disputes previously sent to them. | *16. See* (*Id.* Plaintiff's FAC ¶ 41 and Exhibit H); (Plaintiff's Affidavit ¶ 15). |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | 17. On May 1, 2013, at 5:34 pm, and 8:59 pm, Plaintiff sent by fax a response letters, first on which was to address the letter sent by CIC, next was a dispute and Final Notice of Pendency of Action letter informing them, they failed to specifically address his disputes, by sending a letter that appeared to be computer generated. The letter was to see if they wish to settle this matter outside of court. | 17. *See* (*Id.* Plaintiff's FAC ¶ 42 and Exhibit I 1-8); (Plaintiff's Affidavit ¶ 16) |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | 18. On May 5, 2013, Plaintiff received a phone call from a Lisa Hall, who claimed to be CIC's, Business Analyst. She failed to address Plaintiff's disputes regarding their impermissible purpose and failed to gives direct answer to | 18. *See* (*Id.* Plaintiff's FAC ¶ 43); (Plaintiff's Affidavit ¶ 17). |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Plaintiff's disputes.

19. Plaintiff received a computer generated letter from CIC dated on May 7, 2013, again without any name associated with the document. The letter was very generic, and it did not address any of Plaintiff's disputes previously sent to them.

*19. See (Id.* Plaintiff's FAC ¶ 44 and Exhibit J; Plaintiff's Affidavit ¶ 18).

20. On May 16, 2013, Plaintiff sent by faxed at 3:57 pm, and by certified mail # 7013 0600 0000 4598 0319 a letter address directly to Lisa Hall, dealing with the May 5, 2013 conversation and May 7, 2013 letter to Plaintiff. Informing them of the lack and failure to provide proof that they had permissible purpose and they failed to do so, after Plaintiff's multiple disputes.

*20. See (Id.* Plaintiff's FAC ¶ 45 and Exhibit K 1-5); (Plaintiff's Affidavit ¶ 19).

21. From May 31, 2013 through August 2, 2013, Plaintiff has been corresponding via email Disputing CIC's Impermissible purpose and failure to provide proof of permissible purpose with Lisa Hall, to no avail.

*21. See (Id.* Plaintiff's FAC ¶ 46 and Exhibit L); (Plaintiff's Affidavit ¶ 20).

22. Plaintiff had no other choice but to seek justice from the courts. On October 4, 2013, Plaintiff received a Judgment award in the Superior Court of the State of California, County of Riverside, in Small Claims against CIC for civil penalties and cost, due to their impermissible purpose access into his Experian consumer report.

*22. See (Id.* Plaintiff's FAC ¶ 47 and Exhibit M); (Plaintiff's Affidavit ¶ 21).

| | | |
|---|---|---|
| 1 | | |
| 2 | 23. In the **_Statement of Decision_** dated on October 1, 2013, in the judgment award ordered by Cynthia Loo, Judge Pro Tem of Superior Court, she states: "The primary reason for the decision for the Plaintiff was based on the lack of contractual relationship between Plaintiff and Defendant, a lack of permissible purpose for Consumerinfo.com's inquiries, and the lack of responsiveness to Plaintiff's repeated inquiries as to why Consumerinfo.com was making repeated inquiries. The court received insufficient proof that Plaintiff enrolled in a program for crediting monitoring products with Consumerinfo.com.". | 23. See (*Id.* Pl. FAC ¶ 48 and Exhibit N thereto); (Plaintiff's Affidavit ¶ 22). |
| | 24. During the depo, Ms. Rahyar, presented a document Customer Profile Record ("summary page") as Exhibit 2 that was marked for identification and she questioned Plaintiff stating: "Okay, and I'll represent to you this is a true and correct copy of a screenshot from IP2Location.comm, showing the location of the IP address of the computer that was used to enroll in Triple Advantage Credit monitoring under your name.". | 24. (Depo pg. 77 ¶¶ 24, 25 & 78 ¶¶ 1-6; Depo. Exh. 2); (SUF ¶ 24); (Attached hereto as Exhibit N 1-4). |
| | 25. The same document that Ms. Nilab referred to in depo, was a summary page that had a location with longitude and latitude with IP address location of a person in which the order was made, and it was not | 25. See (Pl. Affidavit ¶ 24). |

7
PLAINTIFF DEON THOMAS SEPARATE STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT

| | |
|---|---|
| Plaintiff, nor located at his address. Plaintiff pulled up the location from the longitude and latitude that turned out to be a locked and secured storage unit locationThe computer generated summary page with the longitude and latitude location was 5.2 miles away from Plaintiff's home address. | |
| 26. The location from the document referred to by Ms Nilab during the Depo turned out to be a storage location that has a locked gate, where only people who have a password can enter, and Plaintiff certify that he never had a storage unit at this location, and storage location is attached hereto. | 26. *See* (Plaintiff Affidavit ¶ 25). |
| 27. Plaintiff never initiated a business transaction with CIC that serves as the alleged basis for obtaining the credit reports. | 27. *See* (Plaintiff Affidavit ¶ 26). |
| 28. Plaintiff did not see the alleged summary page until at least two years after his disputes, and the document has not been authenticated nor does it identify witnesses that can testify to this form. | 28. *See* (Plaintiff Affidavit ¶ 27). |
| 29. Plaintiff never had a secured storage at the location according to the longitude and latitude sheet that was 5.2 mile away from his home. | 29. *See* (Plaintiff Affidavit ¶ 28). |
| 30. Plaintiff never owned a credit card as claimed by CIC's summary sheet. | 30. *See* (Plaintiff Affidavit ¶ 29). |

8
PLAINTIFF DEON THOMAS SEPARATE STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 31. At no time material had Plaintiff ever applied for, used, and had knowledge of any account transaction prior to Defendant being sued by Plaintiff in small claims court. | 31. *See* (Plaintiff Affidavit ¶ 30). |
| 32. Defendant's representative's fabricated the identity, and claim that they possessed Plaintiff's credit card, address, IP address and social security number on the Account application summary page, all of which are unfounded because Plaintiff was never a party to any business transaction with CIC. | 32. *See* (Plaintiff Affidavit ¶ 32). |

## CONCLUSION OF LAW

1. CIC was not entitled to obtain Plaintiff's consumer credit report, as there was no transaction or obligation that constituted a contract or agreement with Plaintiff that allowed CIC to obtain his consumer credit report, for a fee, as enumerated under Fair Credit Reporting Act (FCRA) § 604, at 15 U.S.C. § 1681b, within the First Amended Complaint (FAC); CLAIM UNDER FCRA 15 U.S.C. § 1681b(a) and (F)(i).

DATED: June 23, 2014

Respectfully Submitted,

Deon Thomas, Plaintiff

# CERTIFICATE OF SERVICE

I, Deon Thomas, hereby certify that a copy of the foregoing was mailed to JONES DAY, Nalib N. Rahyar, attorney of record for Defendant Consumerinfo.com, Inc., by first class mail addressed to:

Nalib N. Rahyar
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408

Attorney for Defendant Consumerinfo.com, Inc.

I declare under perjury under the laws of the State of California that the forgoing is true and correct.

Date: June 23, 2014

_____
Deon Thomas