1   Nilab N. Rahyar (State Bar No. 272810)
    nnrahyar@jonesday.com
2   JONES DAY
    3161 Michelson Drive, Suite 800
3   Irvine, CA  92612.4408
    Telephone:   (949) 851-3939
4   Facsimile:   (949) 553-7539

5   Attorneys for Defendant
    CONSUMERINFO.COM, INC.

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                          **EASTERN DIVISION**

11

12  DEON THOMAS,                          CASE NO.  EDCV13-1712 GW (DTBx)

13              Plaintiff,                 Assigned for all purposes to:
                                           Honorable George H. Wu
14        v.
                                           **DEFENDANT**
15  CONSUMERINFO.COM, INC.,                **CONSUMERINFO.COM, INC.'S**
                                           **[PROPOSED] SEPARATE**
16              Defendant.                 **STATEMENT OF**
                                           **UNCONTROVERTED FACTS AND**
17                                         **CONCLUSIONS OFLAW**

18                                         *[Notice of Motion and Motion for*
                                           *Summary Judgment; Memorandum of*
19                                         *Points and Authorities; Declaration of*
                                           *Nilab N. Rahyar; Declaration of David*
20                                         *Williams; [Proposed] Order and*
                                           *[Proposed] Judgment Filed Concurrently*
21                                         *Herewith]*

22                                         Hearing Date:   July 31, 2014
                                           Time:           8:30 A.M.
23                                         Courtroom:      10

24

25  **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

26

27        Defendant ConsumerInfo.com, Inc. ("CIC") hereby submits the following

28  [proposed] Local Rule 56-1 Statement of Uncontroverted Facts and Conclusions of

IRI-62405v2                                            CIC'S SEPARATE STATEMENT OF
                                                           UNCONTROVERTED FACTS
                                                       Case No.  EDCV13-1712 GW (DTBx)

After consideration of the papers in support of and in opposition to the Motion, as well as the oral argument of counsel, the Court makes the following determinations of uncontroverted facts and conclusions of law in this action:

### STATEMENT OF UNCONTROVERTED FACTS

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Triple Advantage is a product offered by CIC which monitors a consumer's credit file at all three national credit bureaus—Experian, TransUnion and Equifax. | Declaration of David Williams ("Williams Decl."), ¶ 3. |
| 2. | The consumer credit products offered by CIC may be purchased through various websites, including freecreditreport.com, freecreditscore.com, and experian.com, which allow a consumer to, among other things, instantly receive a copy of an Experian credit report and score, as well as enroll in credit monitoring products like Triple Advantage. | Williams Decl., ¶ 4. |
| 3. | Plaintiff in this case enrolled in Triple Advantage, a credit monitoring program with CIC, through the experian.com website on July 20, 2011.  Plaintiff was enrolled | Williams Decl., ¶ 5. |

| | | |
|---|---|---|
| | in the program until April 26, 2013. At the time of enrollment, credit card payment information was provided to pay the membership fees, which were paid every month for the duration of Plaintiff's enrollment. | |
| 4. | CIC maintains strict procedures to ensure that it only provides credit monitoring for the actual consumer that is requesting the service.  That is, unless the enrollee can correctly answer certain "out-of-wallet" security questions pertaining to that consumer, the enrollment will be denied. | Williams Decl., ¶ 6. |
| 5. | CIC's customer records show that, during enrollment, Plaintiff's Social Security number (***-**-3295) and date of birth (**-**-1968) were provided to CIC.  CIC's membership records also show that Plaintiff's street address (14626 Red Gum St.) and zip code (92555) were provided to CIC during the enrollment process. | Williams Decl., ¶ 7. |
| 6. | CIC's customer records further indicate that Plaintiff contacted | Williams Decl., ¶ 8. |

| | | |
|---|---|---|
| | CIC's customer service department regarding his membership on or about the following dates:  7/25/11, 7/26/11, 8/1/11, 9/21/11, 11/11/11, 1/22/12, 4/26/13, 5/7/13. | |
| 7. | At all times from July 2011 through the present, enrolling in a credit monitoring service through CIC over the experian.com website required the consumer's acceptance of the Terms and Conditions prior to completing any transaction, which are available for review through multiple hyperlinks. | Williams Decl., ¶ 15. |
| 8. | At all times from July 2011 through the present, to consummate a transaction on any of CIC's websites, a consumer was required to complete a multi-step order process. | Williams Decl., ¶. 15. |
| 9. | When CIC obtains credit information from the consumer reporting agencies, a "soft" inquiry into the consumer's credit file with the consumer reporting agency is generated.  Soft inquiries are only displayed to the consumer.  Soft inquiries are not included on | Williams Decl., ¶ 19. |

- 4 -

| | | |
|---|---|---|
| | consumer reports or credit reports provided to other persons or entities, and they do not affect a consumer's credit score in any capacity. Because "soft" inquiries are never transmitted or disclosed to third parties, they cannot impact credit decisions in any way. | |
| 10. | CIC only discloses the consumer's credit information obtained through the Triple Advantage credit monitoring program to the consumer, as he or she is identified in the enrollment process. | Williams Decl., ¶ 20. |

## CONCLUSIONS OF LAW

1.      Under Rule 56 of the Federal Rules of Civil Procedure, when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law.

2.      To avoid summary judgment, a defendant must come forward with competent evidence to show the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986).  Once the moving party satisfies that burden, the opposing party must set forth specific facts showing that there remains a genuine issue for trial.  Fed. R. Civ. P. 56(e)(2).

3.      To prove an FCRA violation of § 1681b(f), Plaintiff must show that his credit information was obtained for an impermissible purpose—a showing of a permissible purpose is a complete defense.  *Rydell v. Servco Auto Windward*, 2011

1    U.S. Dist. LEXIS 130084 (D. Haw. Nov. 9, 2011), at *7 (D. Haw. Nov. 9, 2011)

2    (quoting *Stonehart v. Rosenthal*, 2001 U.S. Dist. LEXIS 11566, at *3 (S.D.N.Y.

3    Aug. 13, 2001)); *see also Edge v. Professional Claims Bureau, Inc.*, 64 F. Supp. 2d

4    115 (E.D.N.Y. 1999); 15 U.S.C. § 1681b(f).

5        4.      In order to prevail on a willful non-compliance claim, Plaintiff must

6    prove three elements. *Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196, 1201 (D.

7    Nev. 2002). First, he must demonstrate that CIC obtained a "consumer report"

8    from a "consumer reporting agency" as defined under the FCRA. *Id.* Second, he

9    must show that CIC "obtained [his] credit report under false pretenses or knowingly

10   without a permissible purpose." *Id.* Finally, he must show that CIC acted willfully

11   when it requested his consumer report. *Id.* To prove that CIC willfully violated the

12   FCRA, Plaintiff must show that CIC's action was "not only a violation under a

13   reasonable reading of the statute's terms, but show[] that the company ran a risk of

14   violating the law substantially greater than the risk associated with a reading that

15   was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 69 (2007).

16       5.      15 U.S.C. § 1681b(a)(2) allows issuance of a credit report by

17   permission of the consumer whose credit reports are documented in the reports

18   issued. *See also Spencer v. Spencer*, 52 Fed. Appx. 874 (9th Cir. Or. 2002)

19   (holding that 15 U.S.C. § 1681b(a)(2) allows a consumer reporting agency to

20   furnish a credit report "in accordance with the written instructions of the consumer

21   to whom it relates.").

22       6.      A consumer report required "in connection with a specific transaction

23   between that [user] and that particular consumer" falls under the "legitimate

24   business need" exception of 15 U.S.C. § 1681b(a)(3)(F)(i). *Greenway v. Info.

25   Dynamics, Ltd.*, 399 F.Supp. 1092, 1096 (D. Ariz. 1974).

26       7.      So long as a defendant has a "reason to believe that a permissible

27   purpose exists, that user may obtain a consumer report without violating the

28   FCRA." *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996)

CIC's SEPARATE STATEMENT OF
UNCONTROVERTED FACTS
Case No.  EDCV13-1712 GW (DTBx)

(defendant had a reasonable basis to believe the debt belonged to plaintiff based on the information provided by creditor, including plaintiff's Social Security number, account number, and balance owed); *see also Pinson v. Monarch Recovery Mgmt.*, No. 12-80480-CIV-Marra/Brannon, 2013 WL 961308, at *2 (S.D. Fla. March 12, 2013); *Bickley v. Dish Network*, No. 13-5956/13-5979, 2014 U.S. App. LEXIS 8883, at *22-23 (6th Cir. May 13, 2014) (affirming summary judgment in favor of putative credit grantor who requested consumer report of identity theft victim as a result of identity thief's request for credit using victim's name and noting that the putative credit grantor "reasonably believed the transaction was initiated by the consumer").

8.      A claim for a willful violation of the FCRA requires Plaintiff to show a "reckless disregard of a statutory duty" or "an action entailing an 'unjustifiably high risk of harm that is either known or so obvious it should be known." *Safeco Ins. Co. of America v. Burr*, 127 S. Ct. 2201, 2209-15 (2007).  Speculative assertions are insufficient to satisfy the evidentiary burden to survive summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

IT IS SO ORDERED.


Dated:  _____, 2014       _____
                                    Honorable George H. Wu
                                    United States District Court Judge



Dated:  June 30, 2014               JONES DAY


                                    By: */s/ Nilab N. Rahyar*
                                        Nilab N. Rahyar
                                        Attorneys for Defendant
                                        CONSUMERINFO.COM, INC.

## PROOF OF SERVICE

I, Deborah Hayes**,** declare I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California  92612.4408.  On **June 30, 2014**, I served a copy of the within document(s):

**DEFENDANT CONSUMERINFO.COM, INC.'S
SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

☒  by electronic submission: submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

I am readily familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the Court.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  Under said practice, the following CM/ECF user(s) were served:

**Deon Thomas**                                    **Plaintiff**
**14626 Red Gum Street**                    **IN PRO PER**
**Moreno Valley, CA  92555**
**Telephone:  (951) 413-9071**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 30, 2014**, at Irvine, California.

*/s/ Deborah Hayes*
Deborah Hayes