1  Nilab N. Rahyar (State Bar No. 272810)
   nnrahyar@jonesday.com
2  JONES DAY
   3161 Michelson Drive, Suite 800
3  Irvine, CA  92612.4408
   Telephone:  (949) 851-3939
4  Facsimile:   (949) 553-7539

5  Attorneys for Defendant
   CONSUMERINFO.COM, INC.

6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11 DEON THOMAS,                          CASE NO.  EDCV13-1712 GW (DTBx)

12            Plaintiff,                 Assigned for all purposes to:
                                         Honorable George H. Wu
13    v.
                                         DEFENDANT
14 CONSUMERINFO.COM, INC.,               CONSUMERINFO.COM, INC.'S
                                         OPPOSITION TO PLAINTIFF DEON
15            Defendant.                 THOMAS' NOTICE OF MOTION
                                         AND MOTION FOR SUMMARY
16                                       JUDGMENT

17                                       [Statement of Genuine Issues;
                                         Declaration of Nilab N. Rahyar; and
18                                       Declaration of David Williams Filed
                                         Concurrently Herewith]
19
                                         Hearing Date:  July 21, 2014
20                                       Time:           8:30 a.m.
                                         Courtroom:     10
21

22

23

24        ConsumerInfo.com, Inc., ("CIC") hereby submits the following

25 memorandum in opposition to Plaintiff's Motion for Summary Judgment.

26 ///

27 ///

28

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ..................................................................................1

II. BACKGROUND ..................................................................................1

   A.  CIC And Triple Advantage Credit Monitoring....................................1

   B.  Plaintiff's Enrollment In Triple Advantage Credit Monitoring............3

   C.  Permissible Purposes Under FCRA .......................................................4

III. ARGUMENT ......................................................................................6

   A.  Plaintiff Is Not Entitled To Judgment As A Matter Of Law On His Willful Non-Compliance Claim .......................................................6

     1.  The Undisputed Evidence Does Not Show That CIC Obtained Plaintiff's Consumer Credit Report Without A Permissible Purpose......................................................................6

     2.  Plaintiff's Claim Nevertheless Fails Despite His Alleged Written Disputes to CIC ..........................................................8

     3.  Plaintiff Cannot Prove a Willful Violation.................................9

IV. CONCLUSION ..................................................................................10

# TABLE OF AUTHORITIES

**Page**

CASES

*Advanced Conservation Sys. Inc. v. Long Island Lighting Co.*,
934 F.Supp.53 (E.D.N.Y. 1996) *aff'd*, 113 F.3d 1229 (2d. Cir.
1997) ......................................................................................................... 5

*Edge v. Professional Claims Bureau, Inc.*,
64 F. Supp. 2d 115 (E.D.N.Y. 1999) ............................................... 5, 6

*Korotki v. Attorney Servs. Corp.*,
931 F.Supp. 1269 (D.Md. 1996) ........................................................ 5

*Landeis v. Future Ford*,
2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826 (E.D.
Cal. June 14, 2006) ............................................................................ 8

*Rydell v. Servco Auto Windward*,
2011 U.S. Dist. LEXIS 130084 (D. Haw. Nov. 9, 2011), at *7 (D.
Haw. Nov. 9, 2011) ........................................................................ 5, 6

*Safeco Ins. Co. of Am. v. Burr*,
551 U.S. 47 (2007) ........................................................................... 5, 9

*Spencer v. Spencer*,
52 Fed. Appx. 874 (9th Cir. Or. 2002) .............................................. 6

*Stonehart v. Rosenthal*,
No. 01-CV-651, 2001 WL 910771 (S.D.N.Y. Aug. 13, 2001) ......... 4, 5

*Uhlig v. Berge Ford, Inc.*,
257 F.Supp.2d 1228 (D. Ariz. 2003) ................................................. 7

STATUTES

15 U.S.C. § 1681b ..................................................................... 1, 4, 6, 10

# TABLE OF AUTHORITIES (cont'd)

**Page**

15 U.S.C. § 1681b(a) .................................................................................................. 4

15 U.S.C. § 1681b(a)(2) ...................................................................................... 1, 6, 7

15 U.S.C. § 1681b(a)(3)(F)(i) ................................................................................ 1, 7

15 U.S.C. § 1681b(f) ............................................................................................... 5, 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Deon Thomas ("Plaintiff") alleges that CIC has willfully violated The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, by obtaining Plaintiff's consumer report without a permissible purpose, as described in 15 U.S.C. § 1681b.  Plaintiff's Motion for Summary Judgment must be denied on several independent grounds.  First,  CIC had multiple permissible purposes, as defined by 15 U.S.C. § 1681b, to lawfully obtain Plaintiff's consumer report. Through Plaintiff's enrollment in Triple Advantage credit monitoring, a product provided by CIC, Plaintiff explicitly gave CIC written authorization to obtain information from his credit profile from any credit reporting agency, in accordance with 15 U.S.C. § 1681b(a)(2).  Furthermore, because of the business relationship between Plaintiff and CIC that was established through Plaintiff's enrollment in credit monitoring, CIC had a "legitimate business need" to obtain Plaintiff's credit report within the meaning of 15 U.S.C. § 1681b(a)(3)(F)(i).  Finally, Plaintiff admits in his deposition testimony that he cannot recall whether he enrolled in a credit monitoring service with CIC, thereby entirely negating his willful non-compliance claim against CIC.  Plaintiff's failure to propound *any* discovery in this lawsuit can further be viewed as acceptance of his inability to prove a willful non-compliance claim against CIC.  Based upon the foregoing, Plaintiff's claims fail as a matter of law and Plaintiff's Motion for Summary Judgment must be denied.

## II.   BACKGROUND

### A.   CIC AND TRIPLE ADVANTAGE CREDIT MONITORING

Through various websites, including experian.com, CIC offers consumer credit products which allow consumers access to personal credit information, including credit reports and credit monitoring.  Williams Decl., ¶ 4.  One of CIC's products is Triple Advantage, a monthly-subscription based product which provides consumers with access to personal credit information and daily credit monitoring

1   services.  *Id.*, ¶ 3.

2       When ordering a credit score or enrolling in a credit monitoring service

3   through CIC over the experian.com website, prior to completing the transaction,

4   consumers are required to accept the Terms and Conditions.  *Id.*, ¶13.  Consumers

5   visiting the experian.com landing page may view the full text of the Terms and

6   Conditions before initiating the enrollment process by clicking a hyperlink labeled

7   "Terms & Conditions" on the experian.com landing page.  *Id.*, ¶ 12.  In relevant

8   part, the Terms and Conditions contain the following disclosure, stating that "You

9   understand and agree that by submitting your order you are providing 'written

10  instructions' in accordance with the Fair Credit and Reporting Act, as amended

11  ("FCRA"), for CIC to obtain information from your personal credit profile from

12  Experian or any other credit reporting company and to obtain information from the

13  personal credit profile."  *Id.*, ¶ 10, Ex. B.  Furthermore, the Terms and Conditions

14  state that the consumer "authorize[s] CIC to access [his or her] credit profile . . . to

15  perform other functions related to providing the product(s) that you have ordered or

16  may order, including to verify your identity or any certification that you may be

17  required to make."  *Id.*

18      To consummate a transaction through any of CIC's websites, including

19  experian.com, consumers must complete a multi-step order process.  *Id.*, ¶ 13.  In

20  "Step 1", consumers are required to enter his or her name, email and address

21  information.  *Id.*, ¶ 14, Ex. D.  In "Step 2", the consumers are prompted to create a

22  username and password and to enter his or her Social Security number, date of birth

23  and credit card information.  *Id.*, ¶ 15, Ex. E.  Before completing an order to

24  purchase a credit score or become enrolled in a credit monitoring service through

25  CIC, consumers are required to acknowledge acceptance of the Terms and

26  Conditions by clicking the "Submit Secure Order" button at the bottom of the

27  "Step 2" order page.  *Id.*, ¶ 16.  The following text appears directly above the

28  "Submit Secure Order" button:

CONSUMERINFO.COM'S OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No.  EDCV13-1712 GW (DTBx)

> Click "Submit Secure Order" to accept the Terms & Conditions, acknowledge receipt of our Privacy Policy and Ad Targeting Policy and agree to its terms, and confirm your authorization for ConsumerInfo.com, Inc., an Experian® company to obtain your credit score and report(s) and submit your secure order.

The phrases "Terms & Conditions," "Privacy Policy," and "Ad Targeting Policy" were highlighted in blue to indicate that they were active hyperlinks, which the consumer could click to be directed to another webpage. *Id.* Before clicking the "Submit Secure Order" button, consumers could again view the entire text of the Terms and Conditions by clicking on the blue-highlighted hyperlink "Terms & Conditions" that appeared within the text above the "Submit Secure Order" button. *Id.*, ¶ 17.

Upon completion of the order process, consumers are taken to an authentication page that presents he or she with "out-of-wallet" questions (the answers to which would not be found in a consumer's wallet) that are extremely difficult for anyone other than the consumer to answer, and are derived from the consumer's credit report, in order to authenticate the consumer's identity. *Id.*, ¶ 18, Ex. F. Examples of "out-of-wallet" questions include, but are not limited to, the amount of the consumers' last mortgage payment and a former address tied to a consumers closed credit account. *Id.*, ¶ 18. Consumers will not be provided with his or her credit information until he or she accurately answers the "out-of-wallet" questions that are presented on the authentication page. *Id.*, ¶ 18.

**B.   PLAINTIFF'S ENROLLMENT IN TRIPLE ADVANTAGE CREDIT MONITORING**

CIC's records indicate that Plaintiff purchased a credit score and enrolled in Triple Advantage credit monitoring with CIC through the experian.com website on July 20, 2011. *Id.*, ¶ 3. CIC's records indicate that Mr. Thomas was a Triple Advantage member until April 26, 2013. *Id.*, ¶ 5. Additionally, CIC's records indicate that the IP address of the computer used by Mr. Thomas to enroll in Triple

1  Advantage corresponds to a location in Plaintiff's city of residence, Moreno Valley.

2  *Id.*, ¶ 9.  At the time of Plaintiff's enrollment on July 20, 2011, CIC's Terms and

3  Conditions contained the following disclosure, stating the consumer "authorizes

4  CIC to access [consumer's] credit profile to verify [consumer's] identity and to

5  provide credit monitoring . . . products" as well as "to perform other functions

6  related to providing the product(s) that you have ordered or may order."  *Id.*, ¶ 10,

7  Ex. B.  As a Triple Advantage member, Plaintiff was presented with, and correctly

8  answered the "out-of-wallet" questions on the authentication page prior to

9  completion of the order process.  *Id.*, ¶ 18.

10  ### C.   PERMISSIBLE PURPOSES UNDER FCRA

11  Plaintiff argues that 15 U.S.C. § 1681b(a) pertains only to a "Credit

12  Reporting Agency" and consequently that CIC cannot rely on this section for relief

13  from liability.  Clearly, to the extent Plaintiff alleges the FCRA does not apply to

14  CIC, his claims against CIC brought under the FCRA must be rejected.  This

15  confusing argument by Plaintiff notwithstanding, CIC nevertheless had multiple

16  permissible purposes to obtain Plaintiff's consumer report as a result of Plaintiff's

17  enrollment in credit monitoring with CIC, the very purpose of which is to allow

18  CIC to obtain Plaintiff's consumer report.   Williams Decl., ¶¶ 3, 5.

19  The statutorily approved permissible purposes for obtaining a credit report

20  are set forth in 15 U.S.C. § 1681b.  In relevant part, a credit reporting agency (*e.g.*,

21  Experian or Equifax) may furnish a credit report to a person (*e.g.*, CIC) which it has

22  reason to believe intends to use the information in connection with a credit

23  transaction involving the consumer, or otherwise has a legitimate business need for

24  the information in connection with a business transaction that is initiated by the

25  consumer.  *Id.* at §§ 1681b(a)(3)(A), (F)(i).

26  In *Stonehart v. Rosenthal*, the court stated that because "even consumer

27  reporting agencies acting in complete good faith cannot prohibit illicit use of

28  consumer information if users are not bound to obtain consumer reports only for

permissible purposes," "the FCRA also extends to the conduct of parties who request credit information." *Stonehart v. Rosenthal*, No. 01-CV-651, 2001 WL 910771, at *3 (S.D.N.Y. Aug. 13, 2001) (internal quotations omitted); *see also Advanced Conservation Sys. Inc. v. Long Island Lighting Co.*, 934 F.Supp.53, 54 (E.D.N.Y. 1996) ("Although the bulk of the FCRA regulatory mechanisms monitor the conduct of credit reporting agencies, the provision invoked in the instant case is one designed to check the conduct of parties requesting credit information from credit reporting agencies.") *aff'd*, 113 F.3d 1229 (2d. Cir. 1997).  However, "so long as a user has a reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki v. Attorney Servs. Corp.*, 931 F.Supp. 1269, 1276 (D.Md. 1996).

To prove an FCRA violation of § 1681b(f), Plaintiff must show that his credit information was obtained for an impermissible purpose—a showing of a permissible purpose is a complete defense.  *Rydell v. Servco Auto Windward*, 2011 U.S. Dist. LEXIS 130084 (D. Haw. Nov. 9, 2011), at *7 (D. Haw. Nov. 9, 2011) (quoting *Stonehart v. Rosenthal*, 2001 U.S. Dist. LEXIS 11566, at *3 (S.D.N.Y. Aug. 13, 2001)); *see also Edge v. Professional Claims Bureau, Inc.*, 64 F. Supp. 2d 115 (E.D.N.Y. 1999); 15 U.S.C. § 1681b(f).  To prove that CIC willfully violated the FCRA, Plaintiff must show that CIC's action was "not only a violation under a reasonable reading of the statute's terms, but show[] that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 69 (2007).

Because Plaintiff has not set forth any facts demonstrating a willful violation of the FCRA's permissible purpose requirement by CIC, and has not proven the elements of his claim, Plaintiff's Motion for Summary Judgment must be denied.

///

///

///

# III.   ARGUMENT

## A.   PLAINTIFF IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON HIS WILLFUL NON-COMPLIANCE CLAIM

Plaintiff cannot prove the elements of his claim against CIC for allegedly obtaining Plaintiff's consumer credit report, willfully, without a permissible purpose as required by 15 U.S.C. § 1681b.  Plaintiff is not entitled to judgment as matter of law on this claim because he cannot establish that CIC obtained his credit report without a permissible purpose, nor can he further prove that CIC *willfully* violated the FCRA.  CIC's customer records demonstrating Plaintiff's enrollment in credit monitoring with CIC, coupled with his failure to allege identity theft or otherwise deny that he enrolled in credit monitoring at his deposition, torpedo his willful non-compliance claim entirely.

### 1.   The Undisputed Evidence Does Not Show That CIC Obtained Plaintiff's Consumer Credit Report Without A Permissible Purpose

To prove an FCRA violation of § 1681b, Plaintiff must show that his credit information was obtained for an impermissible purpose—a showing of a permissible purpose is a complete defense.  *Rydell v. Servco Auto Windward*, 2011 U.S. Dist. LEXIS 130084 (D. Haw. Nov. 9, 2011), at *7 (D. Haw. Nov. 9, 2011) (quoting *Stonehart*, 2001 U.S. Dist. LEXIS 11566, at *3); see also *Edge v. Professional Claims Bureau, Inc.*, 64 F. Supp. 2d 115 (E.D.N.Y. 1999); 15 U.S.C. § 1681b(f).

Plaintiff alleges that CIC did not have any written authorization signed by Plaintiff permitting CIC to obtain Plaintiff's credit report.  15 U.S.C. § 1681b(a)(2) allows issuance of a credit report by permission of the consumer whose credit reports are documented in the reports issued.  *Spencer v. Spencer*, 52 Fed. Appx. 874 (9th Cir. Or. 2002).  By enrolling in Triple Advantage, Plaintiff gave CIC explicit authorization to obtain his consumer report from credit reporting agencies, including Experian and Equifax.  The Terms and Conditions that Plaintiff accepted

prior to enrollment in Triple Advantage clearly state that "You understand and agree that by submitting your order you are providing 'written instructions' in accordance with the Fair Credit and Reporting Act, as amended ("FCRA"), for CIC to obtain information from your personal credit profile from Experian or any other credit reporting company and to obtain information from the personal credit profile."  Williams Decl., ¶ 10, Ex. B.  The Terms and Conditions further state that the purchaser also "authorize[s] CIC to access [his] credit profile . . . to perform other functions related to providing the product(s) that you have ordered or may order, including to verify your identity or any certification that you may be required to make."  *Id.*  By signing up for Triple Advantage, Plaintiff gave CIC written authorization to obtain his consumer report daily from both Experian and Equifax. CIC therefore obtained Plaintiff's consumer report lawfully and with a permissible purpose under § 1681b(a)(2).

Plaintiff further alleges that he had no connection with CIC in any way that may pertain to a legitimate business transaction under § 1681b(a)(3)(F)(i). Specifically, Plaintiff asserts that there were never any intended agreements or contracts between CIC and Plaintiff that could possibly be described as a legitimate business relationship.  Furthermore, he claims that CIC was fully aware that no business relationship existed.  15 U.S.C. § 1681b(a)(3)(F)(i) provides that a consumer report can be permissibly obtained by a person who has a "legitimate business need" to request it in connection with a business transaction that is initiated by the consumer.  *Uhlig v. Berge Ford, Inc.*, 257 F.Supp.2d 1228, 1231 (D. Ariz. 2003).  Parties are "free to contractually define whether or not a 'legitimate business need' exists in connection with a business transaction."  *Id.*

When Plaintiff signed up for Triple Advantage Credit Monitoring, he initiated a legitimate business and contractual relationship with CIC, which gave CIC a permissible purpose to access Plaintiff's consumer report under the "legitimate business needs" exception of § 1681b(a)(3)(F)(i).  The Terms and

1   Conditions of enrollment in Triple Advantage expressly stated the function of the
2   product, to obtain Plaintiff's credit report, a "legitimate business need" to which
3   Plaintiff agreed.  Since CIC is unable to enroll consumers in credit monitoring
4   services without substantial personal information provided by the consumer, CIC is
5   entitled to the presumption that Plaintiff enrolled in Triple Advantage himself,
6   particularly where Plaintiff does not otherwise deny enrollment or allege identity
7   theft.  Because Plaintiff would have necessarily accepted CIC's Terms and
8   Conditions, including an acknowledgement that his consumer report would be
9   accessed, CIC had a permissible purpose under the "legitimate business needs"
10  exception as dictated by Plaintiff's agreement with CIC to obtain his consumer
11  report due to his enrollment in Triple Advantage.

12          Because CIC had multiple permissible purposes for obtaining Plaintiff's
13  consumer credit report, Plaintiff's Motion for Summary Judgment must be denied.

14                    **2.      Plaintiff's Claim Nevertheless Fails Despite His Alleged
15                             Written Disputes to CIC**

16          To the extent Plaintiff argues that his alleged written disputes to CIC negate
17  CIC's legal right to obtain Plaintiff's consumer report, his claim is unavailing.  It is
18  CIC's business practice to retain correspondence from its customers, however, CIC
19  has no record of three of Plaintiff's alleged letters of dispute, dated August 17,
20  2011, April 2, 2012, and November 3, 2012.  Williams Decl., ¶ 21.  Moreover, the
21  FCRA allows users to obtain consumer reports without the consumer's permission
22  or over their objections, as long as the report is being obtained for a permissible
23  purpose. *Landeis v. Future Ford*, 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist.
24  LEXIS 39826 (E.D. Cal. June 14, 2006).  Where the defendant has a permissible
25  purpose, repeated objections to the defendant's obtainment of a consumer's credit
26  report do not negate the defendant's right to obtain one under the FCRA. *Id.*
27          Here, the Terms and Conditions Plaintiff agreed to clearly state that the
28  purchaser "authorizes CIC to access [consumer's] credit profile to verify

CONSUMERINFO.COM'S OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No.  EDCV13-1712 GW (DTBx)

[consumers] identity and to provide credit monitoring . . . products" as well as "to perform other functions related to providing the product(s) that you have ordered or may order." Williams Decl., ¶ 10, Ex. B. Since the agreement between the parties clearly states that CIC shall be allowed to obtain Plaintiff's credit report in order to perform functions related to the transaction, any disputes Plaintiff allegedly made with CIC do not negate CIC's right to obtain his credit report in connection with his enrollment in Triple Advantage.

### 3.   <u>Plaintiff Cannot Prove a Willful Violation</u>

Plaintiff has alleged no facts demonstrating CIC's knowing noncompliance of the FCRA or reckless disregard of the requirements of the FCRA sufficient to constitute a willful violation. *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 57 (U.S. 2007). "A company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69. A defendant's conduct is reckless only if it was "objectively unreasonable" in light of "legal rules that were 'clearly established' at the time." *Id*. at 69-70.

Therefore, even when a court disagrees with a  party's reading of the FCRA, it may not impose liability for a reckless, and therefore willful violation of the statute unless the party's reading is "objectively unreasonable." *Id*. If a company's interpretation of the statutory text is not "objectively unreasonable," the interpretation "falls well short of raising the 'unjustifiably high risk' of violating the statute necessary for reckless liability." *Id*. at 70.

In light of CIC's membership records of Plaintiff, as well as Plaintiff's deposition testimony admitting he may have enrolled in Triple Advantage credit monitoring, and lack of evidence demonstrating CIC acted in reckless disregard of the FCRA, Plaintiff's allegation that CIC was fully aware that he did not have any

- 9 -

business relationship with them is baseless.  Declaration of Nilab N. Rahyar ("Rahyar Decl."), ¶ 2, Ex. A (Thomas Dep.) at 69:10-21; 73:20-24; 114:6-115:19; 124:18-23.  Plaintiff's claim that CIC willfully violated the FCRA therefore fails as a matter of law.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment should be denied because it is undisputed that CIC had a permissible purpose under § 1681b to obtain Plaintiff's consumer credit report and that CIC did not willfully violate the FCRA.


Dated:  June 30, 2014                                    JONES DAY


                                              By: /s/ Nilab N. Rahyar
                                                  Nilab N. Rahyar
                                                  Attorneys for Defendant
                                                  CONSUMERINFO.COM, INC.

CONSUMERINFO.COM'S OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT
Case No.  EDCV13-1712 GW (DTBx)

**PROOF OF SERVICE**

    I, Deborah Hayes**,** declare I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California  92612.4408.  On **June 30, 2014**, I served a copy of the within document(s):

**DEFENDANT CONSUMERINFO.COM, INC.'S OPPOSITION TO PLAINTIFF DEON THOMAS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

☒    by electronic submission: submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

    I am readily familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the Court.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  Under said practice, the following CM/ECF user(s) were served:

**Deon Thomas**                    **Plaintiff**
**14626 Red Gum Street**      **IN PRO PER**
**Moreno Valley, CA  92555**
**Telephone:  (951) 413-9071**

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on **June 30, 2014**, at Irvine, California.

*/s/ Deborah Hayes*
Deborah Hayes