1  Nilab N. Rahyar (State Bar No. 272810)
   nnrahyar@jonesday.com
2  JONES DAY
   3161 Michelson Drive, Suite 800
3  Irvine, CA  92612.4408
   Telephone:  (949) 851-3939
4  Facsimile:  (949) 553-7539

5  Attorneys for Defendant
   CONSUMERINFO.COM, INC.

6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **EASTERN DIVISION**

11 DEON THOMAS,                          CASE NO.  EDCV13-1712 GW (DTBx)

12             Plaintiff,                Assigned for all purposes to:
                                         Honorable George H. Wu
13      v.
                                         **DEFENDANT**
14 CONSUMERINFO.COM, INC.,               **CONSUMERINFO.COM, INC.'S**
                                         **STATEMENT OF GENUINE ISSUES**
15             Defendant.                **IN OPPOSITION TO PLAINTIFF'S**
                                         **MOTION FOR SUMMARY**
16                                       **JUDGMENT**

17                                       *[Opposition to Plaintiff's Motion for*
                                         *Summary Judgment; Declaration of*
18                                       *Nilab N. Rahyar; and Declaration of*
                                         *David Williams Filed Concurrently*
19                                       *Herewith]*

20                                       Hearing Date:  July 21, 2014
                                         Time:          8:30 A.M.
21                                       Courtroom:     10

22

23 **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

24      Defendant ConsumerInfo.com, Inc. ("CIC") hereby submits this Statement of

25 Genuine Issues pursuant to Local Rule 56-2:

26 ///

27 ///

28
                                         DEFENDANT CIC'S STATEMENT OF
   IRI-64328v1                           GENUINE ISSUES IN OPPOSITION TO MSJ
                                         Case No.  EDCV13-1712 GW (DTBx)

## STATEMENT OF GENUINE ISSUES

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| 1. | Plaintiff received his credit reports on or about August 2011 (Experian), January 2012 (Experian), March 2012 (Equifax ), September 2013 (Experian), via CRA's and found a total of fifty (52) entries by CIC dated from July 21, 2011 to April 5, 2013, without a permissible purpose. | (Plaintiff's FAC Exhibit A 1-3 and B 1-3 thereto); (Plaintiff's Affidavit ¶ 1 ). | Disputed. Plaintiff's statement regarding CIC's lack of permissible purpose is not a fact, but a legal conclusion. Further, when CIC obtains credit information from a consumer reporting agency, a "soft" inquiry into the consumer's credit report is generated, but this inquiry is not included on consumer reports provided to other persons or entities, and do not impact credit decisions in any way. Declaration of David Williams in support of CIC's Opposition to Plaintiff's Motion for Summary Judgment ("Williams Decl."), ¶¶19, 20. |
| 2. | Upon discovery of CIC obtaining Plaintiff's credit report, he mailed a timely letter of dispute to CIC dated on August 17, 2011. | (*Id.* Plaintiff's FAC ¶ 17 and Exhibit C thereto); (Plaintiff's Affidavit ¶ 2). | Disputed. CIC has no record of having received a letter from Plaintiff dated August 17, 2011. If this letter was sent to CIC, CIC would have maintained it in its files pursuant to its business practice. Williams |

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | | | Decl., ¶ 21. |
| 3. | CIC made additional inquiries into Plaintiff's consumer reports, Plaintiff mailed a second letter of dispute to CIC requesting permissible purpose to do so, dated on April 2, 2012. | (*Id.* Plaintiff's FAC ¶ 18 and Exhibit D thereto); (Plaintiff's Affidavit ¶ 3). | Disputed. CIC has no record of having received a letter from Plaintiff dated April 2, 2012. If this letter was sent to CIC, CIC would have maintained it in its files pursuant to its business practice. Williams Decl., ¶ 21. |
| 4. | CIC further violated Plaintiff privacy by making even more inquiries into Plaintiff's credit report, they failed to disclose what their permissible purpose was after previous multiple dispute letters, so Plaintiff mailed a third letter of dispute to CIC dated on November 2, 2012. | (*Id.* Plaintiff's FAC ¶ 19 and Exhibit E thereto); (Plaintiff's Affidavit¶ 4). | Disputed. CIC has no record of having received a letter from Plaintiff dated November 2, 2012. If this letter was sent to CIC, CIC would have maintained it in its files pursuant to its business practice. Williams Decl., ¶ 21. |
| 5. | CIC has never provided any signed verification or certified copies of any alleged reason or permissible purpose or copies of any signed contract or agreement that would give them any permissible purpose. Plaintiff mailed a dispute letter On September 2, 2011 to EXPERIAN of CIC's impermissible | *(Id.* Plaintiff's FAC ¶ 21); Plaintiff's Affidavit ¶ 5). | Disputed and immaterial. Plaintiff enrolled in Triple Advantage through a multi-step process requiring, among others, acceptance of CIC's Terms and Conditions. Further, CIC has no record of having received a letter from Plaintiff dated September 2, 2012. If |

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | access into his consumer profile and requested immediate deletion. | | this letter was sent to CIC, CIC would have maintained it in its files pursuant to its business practice. Williams Decl., ¶¶ 5, 13, 21. |
| 6. | CIC failed to investigate any of Plaintiff's multiple timely disputes upon receipt, in violation of FCRA U.S.C. § 168lb. | (*Id*. Plaintiff's FAC ¶ 22). | Disputed and immaterial. Plaintiff does not bring a claim under the FCRA against CIC for failure to investigate. Nevertheless, CIC responded to all of Plaintiff's correspondences that it received. First Amended Complaint ("FAC"), Exs. H, J, L. |
| 7. | Plaintiff has personal knowledge that CIC never had a contract or agreement that would allow them to buy, purchase or service any alleged obligation between CIC and Plaintiff. | (*Id*. Plaintiff's FAC ¶ 24); (Plaintiff's Affidavit ¶ 6). | Disputed. Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013. Williams Decl., ¶¶ 5-8. |
| 8. | Plaintiff has personal knowledge that he did not sign any contract or agreement of any transaction that would assign or transfer ownership to User or any third party. | (Plaintiff's FAC ¶ 25); (Plaintiff's Affidavit ¶ 7). | Disputed. Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to |

| | **Uncontroverted Facts** | **Supporting Evidence** | **CIC's Response** |
|---|---|---|---|
| | | | April 26, 2013. Williams Decl., ¶¶ 5-8. |
| 9. | Plaintiff was never an applicant nor was ever informed in writing that User or any other third party was involved in an agreement, sale, merger or exchange to secure him to a transaction or agreement. | (*Id.* Plaintiff's FAC ¶ 28); (Plaintiff's Affidavit ¶ 8). | Disputed.  Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013. Williams Decl., ¶¶ 5-8. |
| 10. | Plaintiff never received any written documentations that shows User has been "retained" or "placement" by any entity that may or may not have been involved with a "transaction" with the Plaintiff. | (*Id.* Plaintiff's FAC ¶ 29); (Plaintiff's Affidavit ¶ 9). | Disputed.  Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013. Williams Decl., ¶¶ 5-8. |
| 11. | Plaintiff has never provided written instruction to CRA authorizing it to provide Plaintiff's consumer report to User or any third party on their behalf. | (*Id.* Plaintiff's FAC ¶ 32); (Plaintiff's Affidavit ¶ 10). | Disputed.  Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013.  Before enrolling in credit monitoring, Plaintiff was required to accept CIC's Terms and Conditions, which in part authorized CIC to |

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | | | obtain his credit score and report(s).  Williams Decl., ¶¶ 5-8, 16. |
| 12. | Plaintiff never received any written notice of assignments or documentations (contracts, agreements or otherwise) from CIC after he disputed multiple times of the impermissible purpose inquiries into his consumer report. | (*Id*. Plaintiff's FAC ¶ 33); (Plaintiff's Affidavit ¶ 11). | Disputed.  Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013.  Before enrolling in credit monitoring, Plaintiff was required to accept CIC's Terms and Conditions, which in part authorized CIC to obtain his credit score and report(s).  Williams Decl., ¶¶ 5-8, 16.<br><br>Further, CIC responded to all of Plaintiff's correspondences that it received.  FAC, Exs. H, J, L. |
| 13. | Plaintiff never received any documentations (contract agreement or otherwise) directly from CIC after he disputed the inquiries, describing what they certified to the CRA of their permissible purpose to obtain his consumer file, pursuant to Federal Gramm- | (*Id*. Plaintiff's FAC ¶ 34); (Plaintiff's Affidavit ¶ 12). | Disputed.  Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013.  Before enrolling in credit monitoring, Plaintiff |

- 6 -

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | Leach-Bliley Act, 15 U.S.C.A. Section 6801 et seq. (2000), ("GLB Act"). | | was required to accept CIC's Terms and Conditions, which in part authorized CIC to obtain his credit score and report(s).  Williams Decl., ¶¶ 5-8, 16.  Further, CIC responded to all of Plaintiff's correspondences that it received, informing him of his enrollment in Triple Advantage. FAC, Exs. H, J, L. |
| 14. | At no time material did Plaintiff ever have a relationship of any kind with User as defined under FCRA U.S.C. § 1681b(3)(a)-(g). | (*Id.* Plaintiff's FAC ¶ 36); (Plaintiff's Affidavit ¶ 13). | Disputed.  Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013.  Before enrolling in credit monitoring, Plaintiff was required to accept CIC's Terms and Conditions, which in part authorized CIC to obtain his credit score and report(s).  Williams Decl., ¶¶ 5-8, 16. |
| 15. | On April 19, 2013 sent by certified mail/return receipt# 7011 1150 0000 6427 6317 and April 22, 2013, by fax, Plaintiff | (*Id.* Plaintiff's FAC ¶ 40 and Exhibit G); (Plaintiff's Affidavit ¶ 14 ). | Undisputed but immaterial. |

- 7 -

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | sent a Dispute and Notice of Pendency of Action to CIC, informing them of the dates in which they violated the FCRA. | | |
| 16. | Plaintiff received a computer-generated letter from CIC dated on April 26, 2013, without any name associated with the document. The letter was very generic, and it did not address any of Plaintiff's disputes previously sent to them. | (*Id.* Plaintiff's FAC ¶ 41 and Exhibit H); (Plaintiff's Affidavit ¶ 15). | Disputed insofar as Plaintiff alleges the correspondence from CIC dated April 26, 2013 did not address his disputes.  The letter states that CIC's records "indicate that a credit report and trial membership was ordered and not canceled within the trial period."  FAC, Ex. H. |
| 17. | On May 1, 2013, at 5:34 pm, and 8:59 pm, Plaintiff sent by fax a response letters, first on which was to address the letter sent by CIC, next was a dispute and Final Notice of Pendency of Action letter informing them, they failed to specifically address his disputes, by sending a letter that appeared to be computer generated. The letter was to see if they wish to settle this matter outside of court. | *(Id.* Plaintiff's FAC ¶ 42 and Exhibit I 1-8); (Plaintiff's Affidavit ¶ 16) | Undisputed but immaterial. |
| 18. | On May 5, 2013, Plaintiff received a phone | (*Id.* Plaintiff's FAC ¶ 43); (Plaintiff's | Disputed and immaterial insofar as |

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | call from a Lisa Hall, who claimed to be CIC's, Business Analyst. She failed to address Plaintiff's disputes regarding their impermissible purpose and failed to gives direct answer to Plaintiff's disputes. | Affidavit ¶ 17). | Plaintiff states Ms. Hall failed to address Plaintiff's disputes. Plaintiff and Ms. Hall engaged in numerous conversations via e-mail and telephone regarding Plaintiff's enrollment in credit monitoring. FAC, Ex. L. |
| 19. | Plaintiff received a computer generated letter from CIC dated on May 7, 2013, again without any name associated with the document. The letter was very generic, and it did not address any of Plaintiff's disputes previously sent to them. | (*Id.* Plaintiff's FAC ¶ 44 and Exhibit J; Plaintiff's Affidavit ¶ 18). | Disputed insofar as Plaintiff alleges the correspondence from CIC dated May 7, 2013 did not address his disputes.  The letter states that CIC's records "indicate that a credit report and trial membership was ordered and not canceled within the trial period."  FAC, Ex. J. |
| 20. | On May 16,2013, Plaintiff sent by faxed at 3:57pm, and by certified mail# 7013 0600 0000 4598 0319 a letter address directly to Lisa Hall, dealing with the May 5, 2013 conversation and May 7, 2013 letter to Plaintiff. Informing them of the lack and failure to provide proof that they had permissible purpose and they failed to do so, | (*Id.* Plaintiff's FAC ¶ 45 and Exhibit K 1-5); (Plaintiff's Affidavit ¶ 19). | Undisputed but immaterial. |

- 9 -

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | after Plaintiff's multiple disputes. | | |
| 21. | From May 31, 2013 through August 2, 2013, Plaintiff has been corresponding via email Disputing CIC's Impermissible purpose and failure to provide proof of permissible purpose with Lisa Hall, to no avail. | (*Id.* Plaintiff's FAC ¶ 46 and Exhibit L); (Plaintiff's Affidavit ¶ 20). | Disputed insofar as Plaintiff alleges CIC did not have a permissible purpose.  Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013. Williams Decl., ¶¶ 5-8. |
| 22. | Plaintiff had no other choice but to seek justice from the courts. On October 4, 2013, Plaintiff received a Judgment award in the Superior Court of the State of California, County of Riverside, in Small Claims against CIC for civil penalties and cost, due to their impermissible purpose access into his Experian consumer report. | (*Id.* Plaintiff's FAC ¶ 47 and Exhibit M); (Plaintiff's Affidavit ¶ 21 ). | Undisputed but immaterial. |
| 23. | In the Statement of Decision dated on October 1, 2013, in the judgment award ordered by Cynthia Loo, Judge Pro Tem of Superior Court, she states: "The | (*Id.* Pl. FAC ¶ 48 and Exhibit N thereto); (Plaintiff's Affidavit ¶ 22). | Undisputed but immaterial. |

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | primary reason for the decision for the Plaintiff was based on the lack of contractual relationship between Plaintiff and Defendant, a lack of permissible purpose for Consumerinfo.com's inquiries, and the lack of responsiveness to Plaintiff's repeated inquiries as to why Consumerinfo.com was making repeated inquiries. The court received insufficient proof that Plaintiff enrolled in a program for crediting monitoring products with Consumerinfo.com." | | |
| 24. | During the depo, Ms. Rahyar, presented a document Customer Profile Record ("summary page") as Exhibit 2 that was marked for identification and she questioned Plaintiff stating: "Okay, and I'll represent to you this is a true and correct copy of a screenshot from IP2Location.comm, showing the location of the IP address of the computer that was used to enroll in Triple | (Depo pg. 77 ¶¶ 24, 25 & 78 ¶¶ 1-6; Depo. Exh. 2); (SUF ¶ 24); (Attached hereto as Exhibit N 1-4). | Undisputed but immaterial. |

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | Advantage Credit monitoring under your name." | | |
| 25. | The same document that Ms. Nilab referred to in depo, was a summary page that had a location with longitude and latitude with IP address location of a person in which the order was made, and it was not Plaintiff, nor located at his address. Plaintiff pulled up the location from the longitude and latitude that turned out to be a locked and secured storage unit location The computer generated summary page with the longitude and latitude location was 5.2 miles away from Plaintiff's home address. | (PI. Affidavit ¶ 24). | Disputed.  CIC's records indicate that the IP address of the computer used by Mr. Thomas to enroll in Triple Advantage is 108.0.175.127.  The location of this IP address as Moreno Valley, Plaintiff's city of residence.  Williams Decl., ¶ 9. |
| 26. | The location from the document referred to by Ms Nilab during the Depo turned out to be a storage location that has a locked gate, where only people who have a password can enter, and Plaintiff certify that he never had a storage unit at this location, and storage location is | (Plaintiff Affidavit ¶ 25). | Disputed.  CIC's records indicate that the IP address of the computer used by Mr. Thomas to enroll in Triple Advantage is 108.0.175.127.  The location of this IP address as Moreno Valley, Plaintiff's city of residence.  Williams |

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | attached hereto. | | Decl., ¶ 9. |
| 27. | Plaintiff never initiated a business transaction with CIC that serves as the alleged basis for obtaining the credit reports. | (Plaintiff Affidavit ¶ 26). | Disputed.  Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013. Williams Decl., ¶¶ 5-8. |
| 28. | Plaintiff did not see the alleged summary page until at least two years after his disputes, and the document has not been authenticated nor does it identify witnesses that can testify to this form. | (Plaintiff Affidavit ¶ 27). | Undisputed but immaterial. |
| 29. | Plaintiff never had a secured storage at the location according to the longitude and latitude sheet that was 5.2 mile away from his home. | (Plaintiff Affidavit ¶ 28). | Disputed but immaterial.  CIC's records indicate that the IP address of the computer used by Mr. Thomas to enroll in Triple Advantage is 108.0.175.127.  The location of this IP address as Moreno Valley, Plaintiff's city of residence.  Williams Decl., ¶ 9. |
| 30. | Plaintiff never owned a credit card as claimed by CIC's summary sheet. | (Plaintiff Affidavit ¶ 29). | Disputed.  Plaintiff enrolled in Triple Advantage, a credit |

| | Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|---|
| | | | monitoring program with CIC, through the experian.com website on July 20, 2011. Plaintiff was enrolled in the program until April 26, 2013. At the time of enrollment, credit card payment information was provided to pay the membership fees, which were paid every month for the duration of Plaintiff's enrollment. Williams Decl., ¶ 5. |
| 31. | At no time material had Plaintiff ever applied for, used, and had knowledge of any account transaction prior to Defendant being sued by Plaintiff in small claims court. | (Plaintiff Affidavit ¶ 30). | Disputed. Plaintiff enrolled in Triple Advantage credit monitoring with CIC through the experian.com website, and was a member from July 20, 2011 to April 26, 2013. Before enrolling in credit monitoring, Plaintiff was required to accept CIC's Terms and Conditions, which in part authorized CIC to obtain his credit score and report(s). Williams Decl., ¶¶ 5-8, 16. |
| 32. | Defendant's representative's fabricated the identity, and claim that they | (Plaintiff Affidavit ¶ 32). | Disputed. Plaintiff enrolled in Triple Advantage credit monitoring with CIC |

| Uncontroverted Facts | Supporting Evidence | CIC's Response |
|---|---|---|
| possessed Plaintiff's credit card, address, IP address and social security number on the Account application summary page, all of which are unfounded because Plaintiff was never a party to any business transaction with CIC. | | through the experian.com website, and was a member from July 20, 2011 to April 26, 2013.  Before enrolling in credit monitoring, Plaintiff was required to accept CIC's Terms and Conditions, which in part authorized CIC to obtain his credit score and report(s).  Williams Decl., ¶¶ 5-8, 16. |

Dated:  June 30, 2014

JONES DAY


By: */s/ Nilab N. Rahyar*
Nilab N. Rahyar
Attorneys for Defendant
CONSUMERINFO.COM, INC.

## PROOF OF SERVICE

I, Deborah Hayes, declare I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California  92612.4408.  On **June 30, 2014**, I served a copy of the within document(s):

**DEFENDANT CONSUMERINFO.COM, INC.'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

☒     by electronic submission: submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

I am readily familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the Court.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  Under said practice, the following CM/ECF user(s) were served:

**Deon Thomas**                                         **Plaintiff**
**14626 Red Gum Street**                         **IN PRO PER**
**Moreno Valley, CA  92555**
**Telephone:  (951) 413-9071**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **June 30, 2014**, at Irvine, California.

*/s/ Deborah Hayes*
Deborah Hayes

IRI-64328v1

- 16 -

DEFENDANT CIC'S STATEMENT OF GENUINE ISSUES IN OPPOSITION TO MSJ
Case No.  EDCV13-1712 GW (DTBx)