1    Deon Thomas, In Proper Person
     14626 Red Gum Street
2    Moreno Valley, CA 92555
     951-413-9071
3    dlthomas32@gmail.com

FILED

2014 JUL -7 PM 1: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon Thomas, In Proper Person<br>Plaintiff<br><br>V.<br><br>Consumerinfo.com, Inc.<br>Defendant | Case No. ED CV 13-01712 GW<br>(DTBx)<br><br>PLAINTIFF DEON THOMAS RE:<br>REPLY TO CONSUMERINFO.COM,<br>INC. OPPOSITION TO MOTION FOR<br>SUMMARY JUDGMENT<br><br>Date: July 21, 2014<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Judge:  George H. Wu |

**TO THE COURT, PARTIES AND THEIR ATTORNEYS:**

Plaintiff, Deon Thomas ("Plaintiff") hereby submits this Reply to Defendant

Consumerinfo.com, Inc. ("CIC") Opposition and in support of Plaintiff's Motion for Summary

Judgment pursuant to Rule 56 of the Federal Rule of Civil Procedure.

///

///

///

///

///

///

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Deon Thomas is an individual proceeding in proper person against CIC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). As will be seen herein, there are no genuine issues of material fact. Therefore, this Court can rule as matter of law whether the Defendant, CIC, has violated the FCRA.

Plaintiff's lawsuit arises out of a relatively simple set of facts, CIC claims to offers a credit monitoring system for individuals seeking such monitoring for Experian. CIC alleges that Experian places service under its "consumerinfo.com" web address. CIC clearly states on its home page it is "powered by Experian."

Defendant knew someone else other than Plaintiff's identity was used to enroll or the Plaintiff never enrolled in Triple Advantage credit monitoring. (Pl. decl.¶ 1). As admitted by CIC and according to their records given as Williams decl. exhibits A, the IP address clearly does not show Plaintiff used a computer at his residence to enroll in Triple Advantage, but from a location 5.2 miles away in the city of Moreno Valley, which was not a computer used by Plaintiff. CIC alleges that Plaintiff enrolled as a Triple Advantage member on July 20, 2011, under the Terms and Agreement. However, CIC's Terms and Conditions proffered by them as Id., ¶ 10, Ex. B, clearly shows a date of July 13, 2012, utterly different than July 20, 2013, which makes this document unreliable. (Pl. decl. ¶ 2). The information and documents provided by Defendant are conclusory and at best unreliable, and should not be considered.

CIC began accessing Plaintiff's credit reports without Plaintiff's permission. By the time Plaintiff checked his credit report, CIC had repeatedly obtained his reports without authorization. They claim they refunded a credit card belonging to the Plaintiff, but it was not the Plaintiff's card. Plaintiff became extremely concerned and immediately began contacting CIC about why

they were obtaining his credit report and claimed to be charging him money.  In the exhibits

attached to this motion, the Court will observe the number of times that Plaintiff has (1) asked

for information as to why they were obtaining his credit reports, (2) requested CIC to stop

accessing his credit reports and (3) demanded proof that he had business relationship with CIC.

CIC did not have a permissible purpose to obtained Plaintiff's credit reports a documented fifty-

two (52) times with impunity. *Id.*

Finally, Defendant alleges that Plaintiff admits in his deposition testimony that he cannot

recall whether he enrolled in a credit monitoring service with CIC, thereby entirely negating his

willful non-compliance against CIC.  Plaintiff stating the he cannot recall, is not admitting to any

assertion as allege by CIC.  Plaintiff state in deposition, see decl. of Nilab 76: ¶¶ 1-15 and 77: ¶¶

1-4, that I was not a member of Triple Advantage. (Pl. decl. ¶ 3).  Plaintiff asserts that if he

does not recall a date, time, or an event in not an admission by him. (Pl. decl. ¶ 4).

Defendant failed to propound discovery on Plaintiff and failed to provide discoverable

evidence to Plaintiff upon his request to them and multiple calls made, thus Defendant failed to

identify witnesses and documents in disclosures that would be admissible under the Federal

Rules of Evidence.

## II.   **Plaintiff Never Enrolled in CIC or Triple Advantage Credit Monitoring**

Plaintiff never enrolled in Triple Advantage credit monitoring, CIC were fully aware that

Plaintiff never enrolled in any services with them.  The documents they provided as evidence

shows  and according to their records, the IP address clearly does not prove Plaintiff used a

computer at his residence to enroll in Triple Advantage, but from a location in the city of Moreno

Valley sum 5.2 miles away,  and not a computer used at Plaintiff.  CIC also alleges that Plaintiff

enrolled as a Triple Advantage member on July 20, 2011, under the Terms and Agreement.

PLAINTIFF DEON THOMAS RE: REPLY TO CONSUMERINFO.COM, INC. OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1   However, CIC's Terms and Conditions proffered shows their inability prove it belong to him,

2   and is extremely unreliable.

3   III.   **ARGUMENT**

4
5   The court has a duty to interpret pro se pleadings liberally. See Hughes v. Rowe, 449 U.S. 5, 9

6   (1980), Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003).   Summary judgment is

7   appropriate when the record demonstrates that there is no genuine dispute as to any material fact.

8   Fed. R. Civ. Proc. 56(a).   A fact is material if it is (1) germane to the element of the claim at issue, an

9   inquiry governed by the substantive law upon which the claim rests, and (2) is capable of affecting

10  the outcome of the claim.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is

11  genuine, if the quality and quantum of evidence is such that a reasonable jury could return a verdict

12
13  for the nonmoving party.  *Id.*

14  Where, as here, the party moving for summary judgment is without the ultimate burden

15  of persuasion at trial, the moving party satisfies its initial burden by either (1) producing

16  evidence which negates an essential element of the challenged claim or (2) shows that the

17  nonmoving party does not have sufficient evidence to support an essential element of the

18  challenged claim.  *Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F. 3d 1099, 1102 (9th Cir.

19
20  2000).   Once a moving party carries its initial burden, the nonmoving party **must** produce

21  evidence capable of supporting a reasonable jury verdict in favor of the challenged claim. *Id.* At

22  1103; *Anderson,* 477 U.S. at 248.  If the nonmoving party fails to produce such evidence,

23  summary judgment is warranted.
24
25  Summary judgment may be granted in whole or as to any issue or claim for which there

26  is no genuine dispute of material fact.  Fed. R. Civ. Proc. 56(a) & (g).

27  Plaintiff prevailed on his claim that CIC willfully violated the FCRA by obtaining his

28  consumer report for an impermissible purpose, Plaintiff proved the three elements. *Myers v. Bennett*

4

1  *Law Offices*, 238 F.Supp.2d 1196, 1201 (D. Nev. 2002). First, he demonstrated that CIC obtained a

2  "consumer report" from a "consumer reporting agency" as defined under the FCRA. *Id.*  Second, he

3  showed that CIC "obtained [his] credit report under false pretenses and knowingly without a

4  permissible purpose." *Id.* Finally, he showed that CIC acted willfully when it requested his consumer

5  report. *Id.* Most notably here is the lack of contract whatsoever between Plaintiff and CIC, all of

6  which were noted in the exhibits given by David Williams. Defendant's alleges that Plaintiff failure

7  to dispute whether he enrolled in credit monitoring with CIC, to the contrary Plaintiff proved that he

8  disputed multiple times with CIC as to whether had a contractual agreement or contract, or enrolled

9  in CIC's program.  CIC's membership records regarding enrollment with them are very flawed and

10  failed to show that he did enroll in credit monitoring with them.  Plaintiff was able to prove all three

11  elements of his claim against CIC, so as a matter of law he request the Court to grant him summary

12  judgment.

13

14

### A. Plaintiff is Entitled to Judgment as A Matter of Law on Willful Non-Compliance

15

16

17       The term "willfully" as used in § 1681n is not defined in the FCRA.  However, recent

18  decisions have identified the nature of the conduct which is considered to be willful under §

19  1681n.  In *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007), the United States

20  Supreme Court stated "[w]here willfulness is a statutory condition of civil liability, we have

21  generally taken it to cover not only knowing violations of a standard, but reckless ones as well."

22  Id. at 2208.  Accordingly, the Court in Safeco equated willful conduct with either a knowing

23  violation or "reckless disregard" for the rights of others. Id.  The Court went on to establish that

24  "[w]hile the term recklessness is not self-defining, the common law has generally understood it

25  in the sphere of civil liability as conduct violating an objective standard; action entailing 'an

26  unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. at

27

28

PLAINTIFF DEON THOMAS RE: REPLY TO CONSUMERINFO.COM, INC. OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

2214, (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Pursuant to the Court's holding in Safeco, one who has reason to know of facts which would lead a reasonable person to realize, not only that his conduct would create an unreasonable risk of harm to another, but that said risk of harm is substantially greater than that caused by careless conduct, would be "reckless" and therefore commit a "willful" violation of the FCRA.

The Supreme Court's decision in Safeco has been applied by our Court of Appeals in the context of an FCRA action in *Whitfield v. Radian Guaranty, Inc.*, 501 F.3d 262, 266 (3d Cir. 2007). In following the Supreme Court's rejection of the position that the use of the term "willfully" in § 1681n limits liability there under to knowing violations only, the Third Circuit adopted the reckless disregard standard stated therein. Id. at *3. Accordingly, one who is charged with a willful violation of the FCRA pursuant to § 1681n will be found liable if 1) he/she knowingly violated any provision of the Act or, 2) if he/she acted with reckless disregard for the rights of consumers protected under the Act.

Plaintiff's motion for summary judgment should be granted in his favor because Defendant willfully obtained Plaintiff's Experian and Equifax credit report for a reason not permitted by 15 U.S.C. § 1681b. CIC did not take any steps to verify if Plaintiff had a legitimate contractual agreement with them; even after multiple disputes were sent to them; nor did CIC have any written authorization signed by Plaintiff permitting CIC to obtain his credit report. (Id. 28, 29, 32 and 33).

### 1.   Plaintiff's Undisputed Evidence Does Show that CIC Obtained Plaintiff's Consumer Credit Report Without A Permissible Purpose.

Plaintiff provided evidence to establish that he did not enroll in any programs with CIC, which would establish a business relationship. Plaintiff proved the elements of his claim against CIC for obtaining his consumer credit report fifty-two (52) times without a permissible purpose

1   as required by 15 U.S.C. § 1681b.  Plaintiff never admitted and  denies that any applications

2   were initiated by him to enroll in a credit monitoring with CIC.  (Pl. decl. ¶ 5).  Defendant's

3   provided evidence by David William's ("Mr. Williams") declaration also proves Plaintiff's

4   assertions that he did not have an established business relationship with CIC.  Defendant alleged

5   that a showing of a permissible purpose is a complete defense. *Rydell v. Servco Auto Windward*,

6   2011 U.S. Dist. LEXIS 130084 (D. Haw. Nov. 9, 2011), at *7 (D. Haw. Nov. 9, 2011) (quoting

7

8   *Stonehart*, 2001 U.S. Dist. LEXIS 11566, at *3); see also *Edge v.Professional Claims Bureau,*

9   *Inc.*, 64 F. Supp. 2d 115 (E.D.N.Y. 1999); 15 U.S.C. § 1681b(f).  However, in the *Rydell* case he

10  admitted to completing a credit application to extend credit and involve[ed] the extension of

11  credit to him with *Servco*.  Here, Plaintiff never completed an application or enrollment

12  application with Triple Advantage.  So, Defendant use of Rydell case is not the same, and

13  citation is not valid.

14

15       Defendant alleged multiple times that Plaintiff enrolled with Triple Advantage, while in

16  fact they were fully aware he did not enroll with them, as can be seen in the Declaration of Mr.

17  Williams and the Exhibits prove Plaintiff did not have an establish business relationship with

18  them as established by: First, Plaintiff never had a secured storage at the location according to

19  the longitude and latitude sheet that was 5.2 mile away from his home. (Mr. Williams' decl¶ 9,

20  Exh. A), and (Pl. Affidavit ¶ 28).  The Storage location is a locked gate, where only people who

21  have a password can enter. (Pl. Affidavit ¶ 25).

22

23       Secondly, The Terms and Conditions in contradictory to what they are relying upon.  They

24  allege that Plaintiff enrolled in Triple Advantage on July 20, 2011, under the Terms and

25  Conditions, however in Mr. Williams' declaration he state, "A true and correct copy of CIC's

26  Terms and Conditions which are the same or substantially similar to how they would have

27  appeared on Experian.com on July 20, 2011 is attached hereto as Exhibit B. (Mr. Williams decl.

28

¶ 10, Exh. B). The Terms and Condition as Exh. B. of Mr. Williams' declaration has a date of July 13, 2012, and CIC alleges Plaintiff enrolled in Triple Advantage on July 20, 2011. Mr. Williams provided unreliable information which cannot be verified nor can be relied upon as to Plaintiff agreeing toany alleged Terms and Conditions. (Pl. decl. ¶ 6).

Thirdly, Defendant's labeled a document as landing page that was seen to be blank, without any names visible, specifically does not have Plaintiff's name, to establish he enrolled with CIC to prove a business relationship. (Mr. Williams' decl. ¶ 11, Exh. C)  Mr. Williams stated, "landing page which is substantially similar to how it would have appeared on experian.com on July 20, 2011 is attached hereto as Exhibit C." under no uncertain terms can Mr. Williams' verify this document were in fact Plaintiff's. (Pl. decl. ¶ 7).

Furthermore, Mr. Williams state, "A true and correct copy of the Experian.com order page "Step 1" as it appears on the date of this declaration is attached as Exhibit D. The "Step 1" order page on the date of Plaintiff's transaction would have been nearly identical to the order page found on Exhibit D." (Mr. Williams decl. ¶ 14, Exh. D). The documentation as seen on Mr. Williams decl., Exh. D and Exh. E , pages were blank and does not have Plaintiff's name or any other identifiable information pertaining to him,  and has a copyright date of 2013 not 2011, so nothing that establish Plaintiff signed up with CIC or any other entity. (Pl. decl. ¶ 8).

Additionally, Mr. Williams further stated, "As a Triple Advantage member, Mr. Thomas was presented with, and correctly answered, the out-of-wallet questions on the authentication page prior to completion of the order process, confirming his identity.  A true and correct copy of CIC's current "out-of-wallet" questions is attached to this declaration as Exhibit F.  (Mr. Williams decl. ¶ 18, Exh. F). The document labeled as out-of-wallet questions displayed in Mr. Williams declaration as  Exh. F, were questions and answers that Plaintiff has never seen before nor does the document accurately identify Plaintiff within it.  The document labeled exh. F. is

8

1  nothing more than a computer generated pages that are not in sequential order, omitted pages,

2  and does not identify CIC's name. (Pl. decl. ¶ 9). This document was created to confuse the

3  Court and Plaintiff.

4       CIC were aware that Plaintiff did not enroll in Triple Advantage, by the lack of credible

5  and verifiable documentations presented by Defendants as exhibits, as knowing the alleged

6  enrollment was completed 5.2 miles away from Plaintiff's residence. Thus the reason for CIC

7  lack of response to Plaintiff's dispute letters for nearly two years and failure to delete the

8  information off his consumer credit reports. Defendants were fully aware that Plaintiff

9  completely denies to have ever enrolled with CIC or any other entity associated with them. So,

10  since Plaintiff disputed for nearly two years with CIC, they cannot rely on a presumption that

11  Plaintiff enrolled with Triple Advantage or accepted their out of date Terms and Conditions; as

12  such Plaintiff gives his rebuttal. Also, given that facts that any alleged enrollment took 5.2 miles

13  away from Plaintiff's resident.

14       Defendant made an attempt to rely upon a case that has no relevance to this matter. *Uhlig v.*

15  *Berge Ford, Inc.,* 257 F.Supp.2d 1228, 1231 (D. Ariz. 2003). In *Uhlig,* dealt with the Plaintiff

16  willing paying a balance for a vehicle she purchased with a personal check, also Plaintiff made a

17  conditional verbal agreement with a sales person that any transaction with the car company would be

18  made with no credit check. The Court of *Uhlig* case denied Defendant's Summary Judgment. The

19  *Uhlig* case is quite distinguishable from this present case, Plaintiff never made any such agreement

20  with CIC that could enter him in a business need, because he never enrolled in a program with them

21  that would be implied as a business relationship nor did he use a personal check, which makes these

22  cases significantly different.

23       In light of the uncertainty of any underlying transaction, Plaintiff argues that Mr. Williams

24  Declarations and Exhibits do not present any kind of "verifiable facts" necessary that proves

PLAINTIFF DEON THOMAS RE: REPLY TO CONSUMERINFO.COM, INC. OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Plaintiff and CIC had a business relationship, as none of the documentations can demonstrate or

prove a legitimate business relationship establishing the need to access the consumer reports of

the Plaintiff, nor that Plaintiff enrolled in Triple Advantage, as such Plaintiff summary judgment

should be granted.

### 2. **Plaintiff Claim of Written Dispute Shows CIC Obtained his Consumer Report and documents provided by CIC are Unreliable**

Defendant alleges the Plaintiff signed up for Triple Advantage Credit Monitoring, he initiated

a legitimate business and contractual relationship with CIC, which gave CIC a permissible purpose to

access Plaintiff's consumer report under the "legitimate business needs" exception of §

1681b(a)(3)(F)(i).  Yet, Defendant cannot establish that Plaintiff enrolled or agreed to enroll with

Triple Advantage credit monitoring, as the insufficient documentation provided by Defendant as

evidence does not verify any name, especially Plaintiff's, as documents were blank, as to the Terms

and Conditions proffered as evidence belonging to Plaintiff were not the date they say he, Plaintiff,

enrolled allegedly on July 20, 2011. (Pl. decl. ¶ 10).  Plaintiff never initiated a business relationship

with Defendant.  Plaintiff did not enroll with Triple advantage monitoring service, upon discovery of

CIC obtaining his consumer credit report he immediately disputed with the credit reporting agency

regarding CIC and with CIC accessing his credit report without a permissible purpose.  After multiple

disputes with the credit reporting agency, CIC continued to obtain his, Plaintiff's, credit report.  CIC

never had "a reason to believe" *id., which only pertains to the credit reporting agency,* they had a

permissible purpose, as the alleged enrollment came 5.2 miles away from his residence.  (Pl.

Affidavit ¶¶ 24-28).

Plaintiff is not merely stating objections, it is clearly seen in CIC's exhibits that Defendant

and Plaintiff never had a contract, agreement or enrollment  with CIC to establish a business need, as

1  described in 15 U.S.C. § 1681b(f)(i).  Plaintiff presented evidence to establish he did not have a

2  relationship with CIC or any other agency associated with them.

3       Defendant made an attempt to rely upon a case that has no relevance to this matter. *Landeis v.*

4  *Future Ford*, 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826 (E.D. Cal. June 14, 2006).

5

6  This case dealt with a Plaintiff willing paying a balance for a vehicle she purchased with a personal

7  check, also Plaintiff made a conditional verbal agreement with a sales person that any transaction

8  with the car company would be made with no credit check.  Here, Plaintiff never made any such

9  agreement with CIC, because he never enrolled in a program with them that would be implied as a

10  business relationship nor did he use a personal check, which makes these cases utterly different.

11       Plaintiff never had a secured storage at the location according to the longitude and

12  latitude sheet that was 5.2 mile away from his home.  *See* (SUF ¶ 29; Plaintiff Affidavit ¶ 28).

13

14  Defendants records and exhibits indicates impropriety as to Plaintiff's name not identified on the

15  document labeled as landing page, date of the alleged Terms and Condition are off from the

16  alleged enrollment date, longitude and latitude provided were 5.2 miles away from Plaintiff's

17  residence, document labeled as "out-of-wallet" was nothing more than a computer generated

18  pages that are not in sequential order, omitted pages, and does not identify CIC's name nor

19

20  Plaintiff's. (Pl. decl. ¶ 11).

21       Plaintiff was never in a transaction with CIC, they obtained Plaintiff's information

22  through surreptitious techniques.  Without any verifiable proof of a credit transaction that

23  Plaintiff (1) was involved in or otherwise initiated and (2) that Defendant acted pursuant to in

24

25  obtaining Plaintiff's credit report, Defendant's argument that it acted lawfully in obtaining

26  Plaintiff's credit report is incorrect as a matter of law.  See *Stergiopoulos & Ivelisse Castro v.*

27  *First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1047 (7th Cir. 2005) ("A third party cannot troll for

28  reports, nor can it request a report on a whim.").

### 3)  <u>Plaintiff Established Willful Violation</u>

Plaintiff asserted facts demonstrating CIC's knowing noncompliance of the FCRA or reckless disregard of the requirements of the FCRA sufficient to demonstrate a willful violation. As stated by the Supreme Court in *Safeco Ins. Co. of America v. GEICO General Ins. Co.*, 127 S.Ct. 2201, 2208-09 (2007), the phrase "willfully fails to comply" in § 1681n(a) reaches both knowing and reckless violations of the FCRA.  The Supreme Court further explains that "a company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 2215.   Here, CIC ran a risk by providing documentation as exhibits that are clearly unreliable, masquerading as Plaintiff enrolling with Triple Advantage monitoring service.

First look to the plain language of the relevant provision of the FCRA. *See Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 461-62 (2002) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then this first canon is also the last: 'judicial inquiry is complete.'") (quoting *Conn. Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992)).  At no time material had Plaintiff ever applied for, used, nor had knowledge of any account transaction prior to Defendant being sued by Plaintiff in small claims court. *See* (SUF ¶ 31; Plaintiff Affidavit ¶ 31).

Defendant's knew Plaintiff did not enroll with Triple Advantage, fabricated the identity, and claim that they possessed Plaintiff's credit card, address, IP address and social security number, all of which are unfounded because Plaintiff was never a party to any business transaction with CIC. *See* (SUF ¶ 32; Plaintiff Affidavit ¶ 32).  Even the last resort before having this matter before this Court and nearly two years of disputing, Plaintiff received a

PLAINTIFF DEON THOMAS RE: REPLY TO CONSUMERINFO.COM, INC. OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1  decision in Court on October 1, 2013, stating "The primary reason for the decision for the

2  Plaintiff was based on the lack of contractual relationship between Plaintiff and Defendant, a

3  lack of permissible purpose for Consumerinfo.com's inquiries, and the lack of responsiveness to

4  Plaintiff's repeated inquiries as to why Consumerinfo.com was making repeated inquiries.  The

5  court received insufficient proof that Plaintiff enrolled in a program for crediting monitoring

6  products with Consumerinfo.com.".  Id. ¶ 23.  This decision against CIC not having a

7  permissible purpose, show have disregard of the Law.

8

9      Plaintiff contends that there are no genuine issues of material fact and therefore is entitled

10 to judgment as a matter of law on his claim.

11 **IV.    CONCLUSION**

12     For all of the reasons set forth above, Plaintiff summary judgment should be granted

13 because Defendant did not have a permissible purpose under 15 U.S.C. § 1681b, and willfully

14 violated Plaintiff under 15 U.S.C. § 1681b.

15 DATED: July 7, 2014

16

17

18                                              Respectfully Submitted,

19

20

21                                              Deon Thomas, In Proper Person

22

23

24

25

26

27

28

PLAINTIFF DEON THOMAS RE: REPLY TO CONSUMERINFO.COM, INC. OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

CERTIFICATE OF SERVICE

I, Deon Thomas, hereby certify that a copy of the foregoing was mailed to JONES DAY,

Nalib N. Rahyar, attorney of record for Defendant Consumerinfo.com, Inc., by first class mail

addressed to:

Nalib N. Rahyar
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408

Attorney for Defendant Consumerinfo.com, Inc.

I declare under perjury under the laws of the State of California that the forgoing is true

and correct.

Date: July 7, 2014

Deon Thomas