FILED

Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com
NO FAX

2014 JUL -7 PM 1: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon Thomas<br>*Plaintiff*<br><br>V.<br><br>Consumerinfo.com, Inc.<br>*Defendant* | )  Case No: 5:13-CV01712 GW (DTBx)<br>)<br>)  **DECLARATION OF PLAINTIFF**<br>)  **DEON THOMAS RE: REPLY IN**<br>)  **SUPPORT OF MOTION FOR**<br>)  **SUMMARY JUDGMENT AND**<br>)  **EXHIBITS ATTACHED HERETO**<br>)<br>)  Date: July 21, 2014<br>)  Time: 8:30 a.m.<br>)  Courtroom: 10<br>)  Judge: George H. Wu |

## DECLARATION OF PLAINTIFF DEON THOMAS: REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND EXHIBITS ATTACHED HERETO

NOW COMES Deon Thomas ("Plaintiff ") of Riverside County, California who is over the age of 21 years of age, competent to testify and having personal knowledge of the facts stated in this affidavit, and information contained herein are true and correct and declares as follows under penalty of perjury and states as follows:

1. Defendant knew someone else other than Plaintiff's identity was used to enroll or the

   Plaintiff never enrolled in Triple Advantage credit monitoring..

2. CIC alleges that Plaintiff enrolled as a Triple Advantage member on July 20, 2011, under the

   Terms and Agreement. However, CIC's Terms and Conditions proffered by them as Id., ¶ 10,

1    Ex. B, clearly shows a date of July 13, 2012, utterly different than July 20, 2013, which

2    makes this document unreliable.

3.   Plaintiff state in deposition, see decl. of Nilab 76: ¶¶ 1-15 and 77: ¶¶ 1-4, that I was not a

     member of Triple Advantage.

4.   Plaintiff asserts that if he does not recall a date, time, or an event is not an admission by him.

5.   Plaintiff never admitted and denies that any applications were initiated by him to enroll in a

     credit monitoring with CIC.

6.   The Terms and Condition as Exh. B. of Mr. Williams' declaration has a date of July 13,

     2012, and CIC alleges Plaintiff enrolled in Triple Advantage on July 20, 2011.  Mr. Williams

     provided unreliable information which cannot be verified nor can be relied upon as to

     Plaintiff agreeing toany alleged Terms and Conditions. (Pl. decl. ¶ 6).

7.   Defendant's labeled a document as landing page that was seen to be blank, without any

     names visible, specifically does not have Plaintiff's name, to establish he enrolled with CIC

     to prove a business relationship. (Mr. Williams' decl. ¶ 11, Exh. C)  Mr. Williams stated,

     "landing page which is substantially similar to how it would have appeared on experian.com

     on July 20, 2011 is attached hereto as Exhibit C." under no uncertain terms can Mr.

     Williams' verify this document were in fact Plaintiff's.

8.   The documentation as seen on Mr. Williams decl., Exh. D and Exh. E , pages were blank and

     does not have Plaintiff's name or any other identifiable information pertaining to him,  and

     has a copyright date of 2013 not 2011, so nothing that establish Plaintiff signed up with CIC

     or any other entity.

9.   The document labeled as out-of-wallet questions displayed in Mr. Williams declaration as

     Exh. F, were questions and answers that Plaintiff has never seen before nor does the

document accurately identify Plaintiff within it.  The document labeled exh. F. is nothing more than a computer generated pages that are not in sequential order, omitted pages, and does not identify CIC's name.

10. Defendant cannot establish that Plaintiff enrolled or agreed to enroll with Triple Advantage credit monitoring, as the insufficient documentation provided by Defendant as evidence does not verify any name, especially Plaintiff's, as documents were blank, as to the Terms and Conditions proffered as evidence belonging to Plaintiff were not the date they say he, Plaintiff, enrolled allegedly on July 20, 2011.

11. Defendants records and exhibits indicates impropriety as to Plaintiff's name not identified on the document labeled as landing page, date of the alleged Terms and Condition are off from the alleged enrollment date, longitude and latitude provided were 5.2 miles away from Plaintiff's residence, document labeled as "out-of-wallet" was nothing more than a computer generated pages that are not in sequential order, omitted pages, and does not identify CIC's name nor Plaintiff's.


        I certify and declare under penalty of perjury under the laws of the United States of America and the state of California that the foregoing is true and correct.

    Date:  July 7, 2013

                                          Deon Thomas

CERTIFICATE OF SERVICE

I, Deon Thomas, hereby certify that a copy of the foregoing was mailed to JONES DAY,

Nalib N. Rahyar, attorney of record for Defendant Consumerinfo.com, Inc., by first class mail

addressed to:


Nalib N. Rahyar
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408

Attorney for Defendant Consumerinfo.com, Inc.

I declare under perjury under the laws of the State of California that the forgoing is true

and correct.

Date: July 7, 2014

Deon Thomas