FILED

Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

2014 JUL 10 PM 3: 45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY: _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deon Thomas<br>Plaintiff<br><br>v.<br><br>Consumerinfo.com, Inc.<br>Defendant | Case No. ED CV 13-01712 GW (DTBx)<br><br>PLAINTIFF DEON THOMAS STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANT MOTION FOR SUMMARY JUDGMENT<br><br>[Opposition to Defendant's Motion for Summary Judgment; Declaration of Plaintiff Deon Thomas Concurrently Herewith]<br><br>Date: July 31, 2014<br>Time: 8:30 a.m.<br>Courtroom: 10<br>Judge: George H. Wu |

**TO THE COURT, PARTIES AND THEIR ATTORNEYS:**

Plaintiff Deon Thomas (Plaintiff) hereby submits this Statement of Genuine Issues Pursuant to Local Rule 56-2.

///

///

1

PLAINTIFF DEON THOMAS STATEMENT OF GENUINE ISSUES IN OPPOSITION TO DEFENDANT MOTION FOR SUMMARY JUDGMENT

## STATEMENT OF GENUINE ISSUES

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **1** CIC's records indicate that the IP address of the computer used by Mr. Thomas to enroll in Triple Advantage is 108.0.175.127. Attached hereto as Exhibit A is a true and correct copy of a screenshot from ip2location.com showing the location of this IP address as Moreno Valley. | ("Williams Decl." ¶ 9, exh. A ) **Plaintiff's Response** Disputed. Plaintiff never had a secured storage at the location according to the longitude and latitude sheet that was 5.2 mile away from his home. The Storage location is a locked gate, where only people who have a password can enter. . (Mr. Williams' decl¶ 9, Exh. A), and (Pl. Affidavit ¶ 28);(Pl. Affidavit ¶ 25) (Pl. decl. ¶11). |
| **2.** A true and correct copy of CIC's Terms and Conditions which are the same or substantially similar to how they would have appeared on experian.com on July 20, 2011 is attached hereto as Exhibit B. | ("Williams Decl." ¶ 10, exh. B) **Plaintiff's Response** Disputed. The Terms and Condition as Exh. B. of Mr. Williams' declaration has a date of July 13, 2012, and CIC alleges Plaintiff enrolled in Triple Advantage on July 20, 2011. Mr. Williams provided unreliable information which cannot be verified nor can be relied upon as to Plaintiff agreeing toany alleged Terms and Conditions. (Pl. decl. ¶ 6) |
| **3.** A true and correct copy of the experian.com landing page which is substantially similar to how it would have appeared on experian.com on July 20, 2011 is attached hereto as Exhibit C. | ("Williams Decl." ¶ 11, exh. C) **Plaintiff's Response** Disputed. Defendant's labeled a document as landing page that was seen to be blank, without any names visible, specifically does not have Plaintiff's name, to establish he enrolled with CIC to prove a business relationship. (Pl. decl. ¶ 7). |

| | |
|---|---|
| 4. A true and correct copy of the Experian.com order page "Step 1" as it appears on the date of this declaration is attached as Exhibit D. The "Step 1" order page on the date of Plaintiff's transaction would have been nearly identical to the order page found on Exhibit D. | ("Williams Decl." ¶ 14, exh. D)<br><br>**Plaintiff's Response**<br>Disputed and Hearsay.<br>The documentation as seen on Mr. Williams decl., Exh. D and Exh. E , pages were blank and does not have Plaintiff's name or any other identifiable information pertaining to him, and has a copyright date of 2013 not 2011, so nothing that establish Plaintiff signed up with CIC or any other entity. (Pl. decl. ¶ 8). |
| | ("Williams Decl." ¶ 15, exh.E) |
| 5. To continue the order process, the consumer was required to enter his or her name, email and address information and click a button labeled "Continue." The consumer thereafter proceeded to order page "Step 2." The consumer was then prompted to create a username and password and to enter his or her Social Security number and date of birth. The consumer was also prompted to enter his or her | **Plaintiff Response**<br>Disputed and Hearsay.<br>The documentation as seen on Mr. Williams decl., Exh. D and Exh. E , pages were blank and does not have Plaintiff's name or any other identifiable information pertaining to him, and has a copyright date of 2013 not 2011, so nothing that establish Plaintiff signed up with CIC or any other entity. Also, they are referring to a consumer ie. "his or her", not Plaintiff, exh. E has a date of 2013 within one of the drop-down boxes, copyright date of 2013, its blank, no names, especially Plaintiff were not identified (Pl.. decl. ¶ 8). |

3

| | | |
|---|---|---|
| 1 | credit card information. A true and correct copy of a | |
| 2 | experian.com order page | |
| 3 | "Step 2" as it appears on the date of this declaration is attached as | |
| 4 | Exhibit E. The | |
| 5 | "Step 2" order page on the date of Plaintiff's transaction would | |
| 6 | have been identical to the order page found in | |
| 7 | Exhibit E. | |
| 8 | | |
| 9 | | |
| 10 | **6.** The consumer will not be | ("Williams Decl." ¶ 18, exh.F) |
| 11 | provided with his/her credit information until he/she | |
| 12 | accurately answers the "out-of-wallet" questions that are | **Plaintiff Response** |
| 13 | presented on the authentication | Dispute and hearsay. The document labeled as out-of-wallet questions displayed in |
| 14 | page. As a Triple Advantage member, Mr. Thomas was | Mr. Williams declaration as Exh. F, were questions and answers that Plaintiff has never seen before nor does the document |
| 15 | presented with, and correctly answered, the out-of-wallet | accurately identify Plaintiff within it. The document labeled exh. F. is nothing more than a computer generated pages that are |
| 16 | questions on the authentication page prior to completion of the | not in sequential order, omitted pages, and does not identify CIC's name. (Pl. decl. ¶ 9). |
| 17 | order process, confirming his identity. A true and correct copy | |
| 18 | of CIC's current "out-of-wallet" | |
| 19 | questions is attached to this declaration as | |
| 20 | Exhibit F | |

## CONCLUSION OF LAW

CIC was not entitled to obtain Plaintiff's consumer credit report, as there was no transaction or obligation that constituted a contract or agreement with Plaintiff that allowed CIC to obtain his consumer credit report, for a fee, as enumerated under Fair Credit Reporting Act (FCRA) § 604, at 15 U.S.C. § 1681b, within the First Amended Complaint (FAC); CLAIM UNDER FCRA 15 U.S.C. § 1681b(a) and (F)(i).

DATED: July 10, 2014

Respectfully Submitted,

Deon Thomas, Plaintiff

## CERTIFICATE OF SERVICE

I, Deon Thomas, hereby certify that a copy of the foregoing was mailed to JONES DAY, Nalib N. Rahyar, attorney of record for Defendant Consumerinfo.com, Inc., by first class mail addressed to:

Nalib N. Rahyar
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408

Attorney for Defendant Consumerinfo.com, Inc.

I declare under perjury under the laws of the State of California that the forgoing is true and correct.

Date: July 10, 2014

Deon Thomas