1  Nilab N. Rahyar (State Bar No. 272810)
   nnrahyar@jonesday.com
2  JONES DAY
   3161 Michelson Drive, Suite 800
3  Irvine, CA  92612.4408
   Telephone:  (949) 851-3939
4  Facsimile:   (949) 553-7539

5  Attorneys for Defendant
   CONSUMERINFO.COM, INC.
6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11 | DEON THOMAS,                | CASE NO.  EDCV13-1712 GW (DTBx)
12 |          Plaintiff,          | Assigned for all purposes to:
13 |     v.                       | Honorable George H. Wu
14 | CONSUMERINFO.COM, INC.,      | **DEFENDANT CONSUMERINFO.COM, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
15 |          Defendant.          |
16 |                              |
17 |                              | *[Supplemental Declaration of Nilab N. Rahyar; Supplemental Declaration of David Williams; Response to Statement of Genuine Disputes Filed Concurrently Herewith]*
18
19
20                                  Hearing Date: July 31, 2014
                                     Time:         8:30 A.M.
21                                   Courtroom:    10

IRI-65009v1

CIC'S REPLY TO PLAINTIFF'S
OPPOSITION TO MSJ
Case No.  EDCV13-1712 GW (DTBx)

## I. INTRODUCTION

Plaintiff Deon Thomas has failed to produce any admissible evidence demonstrating that CIC obtained Plaintiff's consumer report without a permissible purpose in willful noncompliance of the FCRA. Plaintiff's self-serving claims without any evidentiary support are unavailing and simply undone by his deposition testimony and the standard for proving willful non-compliance against CIC. Plaintiff presents no evidence that CIC willfully violated the FCRA. Instead, and without any authority, Plaintiff merely concludes that CIC lacked a permissible purpose to obtain Plaintiff's consumer report. Of course, Plaintiff ignores and misinterprets case law cited by CIC setting forth the relevant permissible purposes for CIC's obtainment of Plaintiff's consumer report and the standard for a willful noncompliance violation.

CIC's records demonstrate that Plaintiff enrolled in CIC's Triple Advantage credit monitoring program on July 20, 2011, and was a member until April 26, 2013. Williams Decl., ¶ 5. Plaintiff's enrollment required that he provide correct identifying information, including his Social Security number and date of birth, and answer strict security questions. Williams Decl., ¶¶ 6-7. CIC had a reasonable good faith belief that it had a permissible purpose to request the consumer reports on Plaintiff's behalf based on the correctly answered security questions. Importantly, "so long as a user has a reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996). Thus, because CIC had a reasonable belief that Plaintiff requested the monitoring based on the correctly answered security questions confirming Plaintiff's identity, Plaintiff's FCRA claim against CIC fails.

///

///

///

## II. THE MATERIAL FACTS ARE NOT IN DISPUTE

Plaintiff has altogether failed to respond to CIC's Statement of Uncontroverted Facts and Conclusions of Law. Pursuant to Local Rule 56-3, the Court should, for purposes of the Motion, deem as admitted the evidentiary facts set forth therein. Plaintiff has further failed to properly delineate his evidentiary objections to the Declaration of David Williams and exhibits contained therein in a "Request for Evidentiary Ruling on Specified Objections" as required by this Court's standing order on summary judgment motions, and any objections within Plaintiff's Opposition must be disregarded for noncompliance with the Court's instruction.

## III. ARGUMENT

### A. PLAINTIFF'S HAS NOT PRODUCED ANY EVIDENCE THAT CIC WILLFULLY VIOLATED THE FCRA.

To establish a willful or negligent violation of section 1681b of the FCRA, "a plaintiff must prove each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so ***without a permissible statutory purpose***, and (iv) that they acted with the specified culpable mental state." *Shepherd-Salgado v. Tyndall Fed. Credit Union*, No. 11-0427-WS-B, 2011 U.S. Dist. LEXIS 129128, at *12 (S.D. Ala. Nov. 7, 2011) (emphasis added); *see also Pinson v. United Recovery Sys., LP*, No. 12-80792-Civ, 2013 WL 3717739, at *3 (S.D. Fla. July 15, 2013).

#### 1. <u>Plaintiff enrolled in Triple Advantage, giving CIC a permissible purpose.</u>

Plaintiff gave CIC a permissible purpose to obtain his credit information from consumer reporting agencies ("CRA") like Equifax and Experian when he was enrolled in credit monitoring. As with all transactions between consumers and CIC, including CIC's credit monitoring products, Plaintiff's enrollment in Triple

Advantage was subject to CIC's Terms and Conditions. Williams Decl., ¶ 16. Plaintiff agreed to CIC's Terms and Conditions during the enrollment process. The acceptance of the Terms and Conditions expressly provides CIC with "written instructions" in accordance with the FCRA to obtain the consumer's credit information from the CRAs **so that information may then be provided to the consumer**. Williams Decl., ¶¶ 19, 20. Accordingly, pursuant to section 1681b(a)(2), Plaintiff gave CIC a permissible purpose to obtain his credit information from the CRAs.[1]

### 2. Even if Plaintiff himself did not enroll, CIC had a reasonable basis to believe it had a permissible purpose based on the correctly answered security questions.

The law is clear that "so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA." *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996) (defendant had a reasonable basis to believe the debt belonged to plaintiff based on the information provided by creditor, including plaintiff's Social Security number, account number, and balance owed); *see also Pinson v. Monarch Recovery Mgmt.*, No. 12-80480-CIV-Marra/Brannon, 2013 WL 961308, at *2 (S.D. Fla. March 12, 2013); *Bickley v. Dish Network*, No. 13-5956/13-5979, 2014 U.S. App. LEXIS 8883, at *22-23 (6th Cir. May 13, 2014) (affirming summary judgment in favor of putative credit grantor who requested consumer report of identity theft victim as a result of identity thief's request for credit using victim's name and noting that the putative credit grantor "reasonably believed the transaction was initiated by the consumer").

Here, even if Plaintiff himself did not enroll in CIC's Triple Advantage credit

---

[1] By signing up for Triple Advantage credit monitoring, Plaintiff initiated a contractual relationship with CIC, which also gave CIC a permissible purpose to access Plaintiff's credit information under the "legitimate business needs" exception in § 1681b(a)(3)(F)(i). CIC has a "legitimate business need" to request it in connection with a business transaction that is initiated by the consumer.

monitoring program, a hypothetical which is not supported by the allegations in the FAC or Plaintiff's deposition testimony, CIC reasonably believed that Plaintiff had in fact enrolled given that Plaintiff (or someone acting on his behalf) correctly answered the stringent out-of-wallet security questions to confirm Plaintiff's identity, and correctly provided Plaintiff's identifying information, including his Social Security number and date of birth. Simply put, CIC had a reasonable belief that it had a permissible purpose to obtain Plaintiff's information, and Plaintiff's alleged FCRA violation for obtaining credit information without a permissible purpose fails for this reason.

### 3.  **CIC did not act willfully.**

Importantly, the FCRA does not provide for strict civil liability; a cause of action requires breach of duty plus either (i) negligence leading to damage or (ii) willful conduct. *See Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1160 (11th Cir. 1991); *Wantz v. Experian Info. Solutions*, 386 F.3d 829, 833 (7th Cir. 2004), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-60, 127 S. Ct. 2201, 2208-10 (2007), (interpreting the statute for an alleged breach of duty to reinvestigate disputed information).

Knowing noncompliance of the requirements of the FCRA constitutes a willful violation. *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 57 (U.S. 2007). "A company subject to the FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69. A defendant's conduct is reckless only if it was "objectively unreasonable" in light of "legal rules that were 'clearly established' at the time." *Id.* at 69-70.

Therefore, even when a court disagrees with a party's reading of the FCRA, it may not impose liability for a reckless, and therefore willful violation of the

statute unless the party's reading is "objectively unreasonable." *Id.* If a company's interpretation of the statutory text is not "objectively unreasonable," the interpretation "falls well short of raising the 'unjustifiably high risk' of violating the statute necessary for reckless liability." *Id.* at 70.

Given the safeguards in place via CIC's stringent enrollment and authentication processes, Plaintiff cannot show that CIC acted willfully in obtaining his credit information. Indeed, Plaintiff points to no evidence that CIC's enrollment or authentication processes are faulty. Plaintiff's improper objections to the David Williams and attachments thereto, which should be independently rejected, are untenable and irrelevant. The copyright dates on screen shots of CIC's Triple Advantage enrollment process, and the lack of each enrolling consumer's name on the various enrollment pages, is not dispositive and is inconsequential. These exhibits are nevertheless substantially similar to the enrollment steps Plaintiff would have gone through in order to become a Triple Advantage member. Suppl. Williams Decl., ¶¶ 4-12.

Unable to demonstrate a willful violation, Plaintiff is not entitled to any punitive or statutory FCRA damages. *See* 15 U.S.C. § 1681n.

### B. PLAINTIFF'S CLAIM THAT CIC DID NOT COOPERATE IN DISCOVERY FAILS

CIC served its initial disclosures in this matter on December 2, 2013. Suppl. Rahyar Decl., 2. There, CIC designated David Williams and identified the documents it anticipated relying on (Plaintiff's consumer credit disclosures, correspondence from Plaintiff or on Plaintiff's behalf to CIC, any membership records of Plaintiff, and certain confidential documents that CIC will produce only pursuant to an appropriate protective order). Suppl. Rahyar Decl., 3. Plaintiff failed to propound any discovery on CIC at any point during the discovery period. Suppl. Rahyar Decl., 4. Plaintiff's claim that CIC failed to adequately identify the documents it intended to use is therefore a red herring and disingenuous at best.

## IV. CONCLUSION

For the above stated reasons, CIC respectfully requests that the Court grant its Motion for Summary Judgment in its entirety.

Dated: July 17, 2014                    JONES DAY


By: */s/ Nilab N. Rahyar*
Nilab N. Rahyar
Attorneys for Defendant
CONSUMERINFO.COM, INC.

IRI-65009v1

7

CIC'S REPLY TO PLAINTIFF'S
OPPOSITION TO MSJ
Case No. EDCV13-1712 GW (DTBx)

# PROOF OF SERVICE

I, Deborah Hayes, declare I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On **July 17, 2014**, I served a copy of the within document(s):

**DEFENDANT CONSUMERINFO.COM, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

☒ by electronic submission: submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

I am readily familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the Court. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. Under said practice, the following CM/ECF user(s) were served:

**Deon Thomas**                                        **Plaintiff**
**14626 Red Gum Street**                          **IN PRO PER**
**Moreno Valley, CA 92555**
**Telephone: (951) 413-9071**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 17, 2014**, at Irvine, California.

                                                            */s/ Deborah Hayes*
                                                            Deborah Hayes