Nilab N. Rahyar (State Bar No. 272810)
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612.4408
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Defendant
CONSUMERINFO.COM, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| DEON THOMAS,<br><br>            Plaintiff,<br><br>     v.<br><br>CONSUMERINFO.COM, INC.,<br><br>            Defendant. | CASE NO.  EDCV13-1712 GW (DTBx)<br><br>Assigned for all purposes to:<br>Honorable George H. Wu<br><br>**SUPPLEMENTAL DECLARATION OF DAVID WILLIAMS IN SUPPORT OF DEFENDANT CONSUMERINFO.COM, INC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>*[Reply in Support of Motion for Summary Judgment; Response to Statement of Genuine Disputes; Supplemental Declaration of Nilab N. Rahyar Filed Concurrently Herewith]*<br><br>Hearing Date:   July 31, 2014<br>Time:                8:30 a.m.<br>Courtroom:       10 |

I, David Williams, declare and state as follows:

1.     I am the Vice President of Business Governance for Defendant ConsumerInfo.com, Inc. ("CIC").  I have been employed by CIC since June of 2001.  My duties at CIC throughout the course of my employment require that I be familiar with, among other things, the marketing, advertising and sales of CIC consumer credit products, including credit scores and credit monitoring products

1 like Triple Advantage.  Except where otherwise stated, the facts stated in this
2 declaration are of my own personal knowledge, including knowledge acquired in
3 the course and scope of my job responsibilities and through the review of pertinent
4 documents maintained as business records by CIC in the course and scope of CIC's
5 business, documents relating to CIC's internet and broadcast advertising, and
6 documents relating to sales of CIC's credit products.  If called upon to do so, I
7 could and would competently testify to the facts stated below.

8     2. Triple Advantage is a product offered by CIC which monitors a
9 consumer's credit file at all three national credit bureaus—Experian, Equifax, and
10 TransUnion.

11     3. The consumer credit products offered by CIC may be purchased
12 through various websites, including freecreditreport.com, freecreditscore.com, and
13 experian.com.

14     4. A true and correct copy of CIC's Terms and Conditions including terms
15 of enrollment which are the same or substantially similar to how they would have
16 appeared on experian.com in July 2011 is attached to my declaration in support of
17 CIC's Motion for Summary Judgment ("Motion") as Exhibit B.  A consumer must
18 accept these Terms and Conditions electronically prior to enrollment in Triple
19 Advantage credit monitoring.  Because the Terms and Conditions are disclosed to
20 consumers prior to enrollment, the electronic acceptance of which is a necessary
21 prerequisite to enrollment, the Terms and Conditions do not contain or display the
22 consumer's name.

23     5. I understand that Plaintiff disputes the applicability of Exhibit B based
24 on its "revised" date.  Exhibit B was printed from experian.com after Plaintiff filed
25 this lawsuit and in anticipation of CIC's Motion.  Resultantly, Exhibit B indicates
26 that CIC's Terms and Conditions were revised on July 13, 2012, which was the
27 most recent date of revision at the time Exhibit B was printed.  The terms of
28 enrollment contained in Exhibit B are otherwise the same or substantially similar to

1  the terms of enrollment in CIC's Terms and Conditions as they existed in July
2  2011.
3     6.   A true and correct copy of the experian.com landing page which is
4  substantially similar to how it would have appeared on experian.com in July 2011 is
5  attached to my declaration in support of CIC's Motion as Exhibit C.  I understand
6  that Plaintiff disputes the applicability of Exhibit C based on its copyright date and
7  the fact that Plaintiff's name is not displayed therein.  Because the landing page is
8  the first home page a consumer views prior to clicking through the multi-step
9  enrollment process, the landing page would not contain or display a consumer's
10 name.  Further, Exhibit C was printed after Plaintiff filed this lawsuit and in
11 anticipation of CIC's Motion.  The copyright date on Exhibit C is dated the year the
12 document was printed from experian.com, and therefore would not be predated to
13 2011.  Exhibit C is otherwise the same or substantially similar to the experian.com
14 landing page as it existed in July 2011.
15    7.   A true and correct copy of the experian.com order page "Step 1" is
16 attached to my declaration in support of CIC's Motion as Exhibit D.  In July 2011,
17 the "Step 1" order page would have been nearly identical to Exhibit D.  I
18 understand that Plaintiff disputes the applicability of Exhibit D based on its
19 copyright date and the fact that Plaintiff's name is not displayed therein.  Because
20 consumers electronically submit the name, email, and address information required
21 in "Step 1" as part of the multi-step enrollment process, the "Step 1" page is not
22 itself preserved containing every enrolling consumer's name on it.  Further, Exhibit
23 D was printed after Plaintiff filed this lawsuit and in anticipation of CIC's Motion.
24 The copyright date therefore contains the year the document was printed, and would
25 not be predated to 2011.  Exhibit D is otherwise the same or substantially similar to
26 the "Step 1" page as it existed in July 2011.
27    8.   A true and correct copy of the experian.com order page "Step 2" is
28 attached to my declaration in support of CIC's Motion as Exhibit E.  I understand

that Plaintiff disputes the applicability of Exhibit E based on its copyright date and the fact that Plaintiff's name is not displayed therein.  Because consumers are prompted to create and electronically submit a username and password and enter their Social Security number, date of birth, and credit card information required in "Step 2" as part of the multi-step enrollment process, the "Step 2" page is not itself preserved with every enrolling consumer's information contained in it.  Further, Exhibit E was printed after Plaintiff filed this lawsuit and in anticipation of CIC's Motion.  The copyright date therefore contains the year the document was printed, and would not be predated to 2011.  Exhibit E is otherwise the same or substantially similar to the "Step 1" page as it existed in July 2011.

9. A true and correct copy of CIC's current "out-of-wallet" questions is attached to my declaration in support of CIC's Motion as Exhibit F.  I understand that Plaintiff disputes the applicability of Exhibit F in part based on the fact that CIC's name is not displayed therein.  CIC's consumer credit products like Triple Advantage may be purchased through the website experian.com.  As such, Triple Advantage's multi-step enrollment process on the experian.com website displays the Experian logo.

10. I understand that Plaintiff further disputes the applicability of Exhibit F because it does not contain Plaintiff's name therein.  Because a consumer's answers to the "out-of-wallet" questions are electronically submitted as part of the multi-step enrollment process to authenticate the consumer's identity, each consumer's individual name and responses are not preserved on the "out-of-wallet" page.

11. CIC's "out-of-wallet" questions are randomly generated and designed to be extremely difficult for anyone other than the consumer to answer.  Each consumer is not presented with identical "out-of-wallet" questions.  The "out-of-wallet" questions are derived from the consumer's credit report and can include, for example, the amount of the consumer's last mortgage payment and a former address tied to a consumer's closed credit account.

12. I understand that Plaintiff further disputes the applicability of Exhibit F by alleging he has never seen the particular "out-of-wallet" questions contained in Exhibit F. Exhibit F contains CIC's "out-of-wallet" questions that were generated at the time Exhibit F was printed in anticipation of this Motion. Therefore, it is possible and likely that the particular "out-of-wallet" questions presented to a consumer in July 2011 would be different than the particular questions contained in Exhibit F.

I declare under penalty of perjury of the laws of the United States of America that the above facts are true and correct, and that this declaration was executed this 15th day of July 2014, in Costa Mesa, California.

_____
David Williams

# PROOF OF SERVICE

I, Deborah Hayes, declare I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On **July 17, 2014**, I served a copy of the within document(s):

**SUPPLEMENTAL DECLARATION OF DAVID WILLIAMS IN SUPPORT OF DEFENDANT CONSUMERINFO.COM, INC'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

☒  by electronic submission: submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

I am readily familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the Court. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. Under said practice, the following CM/ECF user(s) were served:

| | |
|---|---|
| **Deon Thomas**<br>**14626 Red Gum Street**<br>**Moreno Valley, CA 92555**<br>**Telephone: (951) 413-9071** | **Plaintiff**<br>**IN PRO PER** |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 17, 2014**, at Irvine, California.

*/s/ Deborah Hayes*
Deborah Hayes