Nilab N. Rahyar (State Bar No. 272810)
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA  92612.4408
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Attorneys for Defendant
CONSUMERINFO.COM, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| DEON THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONSUMERINFO.COM, INC.,<br><br>　　　　　Defendant. | CASE NO.  EDCV13-1712 GW (DTBx)<br><br>Assigned for all purposes to:<br>Honorable George H. Wu<br><br>**DEFENDANT CONSUMERINFO.COM, INC.'S RESPONSE TO STATEMENT OF GENUINE DISPUTES**<br><br>*[Reply in Support of Motion for Summary Judgment; Supplemental Declaration of Nilab N. Rahyar; Supplemental Declaration of David Williams Filed Concurrently Herewith]*<br><br>Hearing Date:　July 31, 2014<br>Time:　　　　　8:30 A.M.<br>Courtroom:　　10 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

　　Defendant ConsumerInfo.com, Inc. ("CIC") hereby submits the following Response to Statement of Genuine Disputes in support of its Motion for Summary Judgment ("Motion").

Preliminarily, Plaintiff has altogether failed to respond to CIC's Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion. Therefore, the Court should deem admitted for purposes of the Motion the entirety of CIC's uncontroverted facts and conclusions of law set forth therein, pursuant to Local Rule 56-3.

## RESPONSE TO STATEMENT OF GENUINE DISPUTES

| | **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Fact and Supporting Evidence** |
|---|---|---|
| 1. | CIC's records indicate that the IP address of the computer used by Mr. Thomas to enroll in Triple Advantage is 108.0.175.127. Attached hereto as Exhibit A is a true and correct copy of a screenshot from ip2location.com showing the location of this IP address as Moreno Valley.<br><br>*Evidence:* ("Williams Decl.", ¶ 9, Ex. A.) | Disputed. Plaintiff never had a secured storage at the location according to the longitude and latitude sheet that was 5.2 mile away from his home. The Storage location is a locked gate, where only people who have a password can enter.<br><br>*Evidence:* (Mr. Williams' decl ¶ 9, Exh. A), and (Pl. Affidavit ¶ 28); (Pl. Affidavit ¶ 25) (Pl. decl. ¶ 11). |
| | Moving Party's Response: Plaintiff's response is nonresponsive and immaterial. CIC's records indicate that the IP address of the computer used to enroll Mr. Thomas in Triple Advantage is located in Moreno Valley, Plaintiff's city of residence. *See* Williams Decl., ¶ 9, Ex. A. CIC is unaware whether the longitude and latitude of the IP address location is at the home where Plaintiff currently resides, nor is this information dispositive of whether Plaintiff was enrolled in Triple Advantage. Finally, Plaintiff's response fails to demonstrate his competence to offer expert opinion on longitude and latitude locations of an IP address. | |
| 2. | A true and correct copy of CIC's Terms and Conditions which are the same or substantially similar to how they would have appeared on experian.com on July 20, 2011 is | Disputed. The Terms and Condition as Exh. B. of Mr. Williams' declaration has a date of July 13, 2012, and CIC alleges Plaintiff enrolled in Triple Advantage on July 20, 2011. |

| | | |
|---|---|---|
| | attached hereto as Exhibit B.<br><br>*Evidence:*  Williams Decl., ¶ 10, Ex. B). | Mr. Williams provided unreliable information which cannot be verified nor can be relied upon as to Plaintiff agreeing to any alleged Terms and Conditions.<br><br>*Evidence:*  (Pl. decl. ¶ 6) |
| Moving Party's Response: Exhibit B was printed from experian.com after Plaintiff filed this lawsuit and in anticipation of CIC's Motion.  Resultantly, Exhibit B indicates that CIC's Terms and Conditions were revised on July 13, 2012, which was the most recent date of revision at the time Exhibit B was printed.  The terms of enrollment contained in Exhibit B are otherwise the same or substantially similar to the terms of enrollment in CIC's Terms and Conditions as they existed in July 2011.  *See* Suppl. Williams Decl., ¶ 5. | | |
| 3. | A true and correct copy of the experian.com landing page which is substantially similar to how it would have appeared on experian.com on July 20, 2011 is attached hereto as Exhibit C.<br><br>*Evidence*:  (Williams Decl., ¶ 11, Ex. C). | Disputed. Defendant's labeled a document as landing page that was seen to be blank, without any names visible, specifically does not have Plaintiff's name, to establish he enrolled with CIC to prove a business relationship.<br><br>*Evidence:* (Pl. decl. ¶ 7). |
| Moving Party's Response: Because the landing page is the first home page a consumer views prior to clicking through the multi-step enrollment process, the landing page would not contain or display a consumer's name.  Further, Exhibit C was printed after Plaintiff filed this lawsuit and in anticipation of CIC's Motion.  The copyright date on Exhibit C is dated the year the document was printed from experian.com, and therefore would not be predated to 2011.  Exhibit C is otherwise the same or substantially similar to the experian.com landing page as it existed in July 2011.  *See* Suppl. Williams Decl., ¶ 6. | | |
| 4. | A true and correct copy of the Experian.com order page "Step 1" as it appears on the date of this declaration is attached as Exhibit D.  The "Step 1" order page on the date of Plaintiff's transaction would have been nearly identical to the order | Disputed and Hearsay.  The documentation as seen on Mr. Williams decl., Exh. D and Exh. E , pages were blank and does not have Plaintiff's name or any other identifiable information pertaining to him, and has a |

| | | |
|---|---|---|
| | page found on Exhibit D.<br><br>*Evidence:*  (Williams Decl., ¶ 14, Ex. D). | copyright date of 2013 not 2011, so nothing that establish Plaintiff signed up with CIC or any other entity.<br><br>*Evidence:*  (Pl. decl. ¶ 8). |
| Moving Party's Response: Because consumers electronically submit the name, email, and address information required in "Step 1" as part of the multi-step enrollment process, the "Step 1" page is not itself preserved containing every enrolling consumer's name on it.  Further, Exhibit D was printed after Plaintiff filed this lawsuit and in anticipation of CIC's Motion.  The copyright date therefore contains the year the document was printed, and would not be predated to 2011.  Exhibit D is otherwise the same or substantially similar to the "Step 1" page as it existed in July 2011.  *See* Suppl. Williams Decl., ¶ 7. | | |
| 5. | To continue the order process, the consumer was required to enter his or her name, email and address information and click a button labeled "Continue." The consumer thereafter proceeded to order page "Step 2." The consumer was then prompted to create a username and password and to enter his or her Social Security number and date of birth. The consumer was also prompted to enter his or her credit card information. A true and correct copy of a experian.com order page "Step 2" as it appears on the date of this declaration is attached as Exhibit E. The "Step 2" order page on the date of Plaintiff's transaction would have been identical to the order page found in Exhibit E.<br><br>*Evidence:*  (Williams Decl., ¶ 15, Ex. E) | Disputed and Hearsay.  The documentation as seen on Mr. Williams decl., Exh. D and Exh. E, pages were blank and does not have Plaintiff's name or any other identifiable information pertaining to him, and has a copyright date of 2013 not 2011, so nothing that establish Plaintiff signed up with CIC or any other entity. Also, they are referring to a consumer ie. "his or her", not Plaintiff, exh. E has a date of 2013 within one of the drop-down boxes, copyright date of 2013, its blank, no names, especially Plaintiff were not identified.<br><br>*Evidence:*  (PL. decl. ¶ 8). |
| Moving Party's Response: Because consumers are prompted to create and electronically submit a username and password and enter their Social Security | | |

| | | |
|---|---|---|
| | number, date of birth, and credit card information required in "Step 2" as part of the multi-step enrollment process, the "Step 2" page is not itself preserved with every enrolling consumer's information contained in it. Further, Exhibit E was printed after Plaintiff filed this lawsuit and in anticipation of CIC's Motion. The copyright date therefore contains the year the document was printed, and would not be predated to 2011. Exhibit E is otherwise the same or substantially similar to the "Step 1" page as it existed in July 2011. *See* Suppl. Williams Decl., ¶ 8. | |
| 6. | The consumer will not be provided with his/her credit information until he/she accurately answers the "out-of-wallet" questions that are presented on the authentication page. As a Triple Advantage member, Mr. Thomas was presented with, and correctly answered, the out-of-wallet questions on the authentication page prior to completion of the order process, confirming his identity. A true and correct copy of CIC's current "out-of-wallet" questions is attached to this declaration as Exhibit F.<br><br>*Evidence:* (Williams Decl., ¶ 18, Ex. F) | Disputed and Hearsay. The document labeled as out-of-wallet questions displayed in Mr. Williams declaration as Exh. F, were questions and answers that Plaintiff has never seen before nor does the document accurately identify Plaintiff within it. The document labeled exh. F. is nothing more than a computer generated pages that are not in sequential order, omitted pages, and does not identify CIC's name.<br><br>*Evidence:* (Pl. decl. ¶ 9). |

///

///

///

///

///

///

///

///

> <u>Moving Party's Response</u>: CIC's consumer credit products like Triple Advantage may be purchased through the website experian.com. As such, Triple Advantage's multi-step enrollment process on the experian.com website displays the Experian logo. Because a consumer's answers to the "out-of-wallet" questions are electronically submitted as part of the multi-step enrollment process to authenticate the consumer's identity, each consumer's individual name and responses are not preserved on the "out-of-wallet" page. CIC's "out-of-wallet" questions are randomly generated and designed to be extremely difficult for anyone other than the consumer to answer. Each consumer is not presented with identical "out-of-wallet" questions. Exhibit F contains CIC's "out-of-wallet" questions that were generated at the time Exhibit F was printed in anticipation of this Motion. Therefore, it is possible and likely that the particular "out-of-wallet" questions presented to a consumer in July 2011 would be different than the particular questions contained in Exhibit F. *See* Suppl. Williams Decl., ¶¶ 9-12.

Dated: July 17, 2014                        JONES DAY

                                            By: */s/ Nilab N. Rahyar*
                                                Nilab N. Rahyar
                                                Attorneys for Defendant
                                                CONSUMERINFO.COM, INC.

## PROOF OF SERVICE

I, **Deborah Hayes**, declare I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408. On **July 17, 2014**, I served a copy of the within document(s):

**DEFENDANT CONSUMERINFO.COM, INC.'S RESPONSE TO STATEMENT OF GENUINE DISPUTES**

☒ by electronic submission: submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

I am readily familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the Court. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. Under said practice, the following CM/ECF user(s) were served:

**Deon Thomas**  **Plaintiff**
**14626 Red Gum Street**  **IN PRO PER**
**Moreno Valley, CA 92555**
**Telephone: (951) 413-9071**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **July 17, 2014**, at Irvine, California.

*/s/ Deborah Hayes*
Deborah Hayes