Deon Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
951-413-9071
dlthomas32@gmail.com

FILED
2014 AUG 28 PM 1:24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Deon Thomas
*Plaintiff*

V.

Consumerinfo.com, Inc.
*Defendant*

Case No. ED CV 13-01712 GW (DTBx)

PLAINTIFF DEON THOMAS NOTICE OF MOTION AND MOTION MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DECLARATION OF DAVID WILLIAMS AND EXHIBIT A

Date: October 2, 2014
Time: 8:30 a.m.
Courtroom: 10
Judge: George H. Wu

**PLEASE TAKE NOTICE** that on October 2, 2014 at 8:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 10 of the above-entitled Court, located at 312 North Spring Street, Los Angeles, CA 90012, California, Plaintiff Deon Thomas (hereinafter "Plaintiff"), hereby move to Strike the Declaration of David Williams ("Williams") ¶ 9, filed in support of Consumerinfo.com, Inc. ("CIC" or "Defendant") Motion for Summary Judgment, in its entirety, and Exhibit A thereto, attached to Williams declaration in support of CIC summary Judgment, file on June 30, 2014 [DOC # 29-2], Under Federal Rule of Civil Procedure 12(f).

This Motion is based on this Notice, attached Memorandum of Points and Authorities, Declaration of Plaintiff Deon Thomas and the exhibits attached hereto, all papers on file herein, and such oral argument as this Court may deem proper.

August   , 2014                    Respectfully Submitted

                                   By: /s/ Deon Thomas
                                   Deon Thomas, In Proper Person

- 1 -
PLAINTIFF DEON THOMAS NOTICE OF MOTION AND MOTION MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DECLARATION OF DAVID WILLIAMS AND EXHIBIT A

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO STRIKE

### I. Introduction

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading a sufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigation spurious issues by dispensing with those issues prior to trial." *Sidney Vinstein v. A.H. Robias Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Here, Williams has not qualified himself as a person who can testify that Plaintiff enrolled with CIC to receive Triple Advantage products. Yet, Williams' declaration contains opinion riddled with hearsay testimony, in which he lacks personal knowledge and will not be able to testify at trial that Plaintiff used a computer to enroll in Triple Advantage with an IP address 108.0.175.127. See William declaration ¶ 9, Ex. A. Williams' opinions are unreliable, misleading, and unsupported by personal knowledge and further should be struck on that basis. The declarant must be able to lay the proper foundation for admissibility, here in this matter he has failed to do so. The function of a Rule 12(f) motion to strike is to avoid the waste of time and money spent on litigating spurious issues by dispensing with those issues prior to trial. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998)."

## II. THE COURT SHOULD DECLINE TO CONSIDER DAVID WILLIAMS DECLARATION EXHIBIT A AND STRIKE EXHIBIT A ON BASIC RULES OF EVIDENCE THAT SHOULD BE EXCLUDED

The Court should strike the declaration ¶ 9 and Exhibit A insofar as they are riddled with unsupported claims, speculative assertions, inadmissible hearsay, and gross mischaracterizations. As set forth below, declarant offers opinions for which no foundation or personal knowledge is provided. The non-attorney declarant Williams– included Exhibit A failed without evidence or citation to show that IP2location.com has a relationship in any way with CIC. Nowhere in the declaration does it state the IP2location.com is part of the course and scope of CIC's business records or documents maintained as a business records by CIC, and he does not state he has personal knowledge of IP2location.com website. There is nothing on record to show Williams has knowledge acquired in the course and scope of his job responsibility to properly use the IP2location.com website.

Exhibit A does not have a website visible anywhere on the page, which identifies the name IP2location.com. The identifying information on Exhibit A, are as follows:

- *at top left of page, IP Address:* <u>*108.0.175.127*</u>*;*
- *Location- UNTIDED STATES, CALIFORNIA, MORENO VALLEY;*
- *Latitude, Longitude- 33.93752.-117.23059 (33°59'15"S -117°13'50"E);*
- *Location Time- VERIZON ONLINE LLC;*
- *Location- 04 Sep. 2013 08:06 PM (UTC -07:00);*
- *Domain- VERIZON.COM;*
- *Net Speed- DSL;*
- *Area Code- 909/951;*
- *IDD- Code 1;*
- *ZIP Code- 92551;*
- *Weather Station- Blank;*
- *Mobile Country Code (MCC)- Blank;*
- *Mobile Network Code (MNC)- Blank;*
- *Carrier Name- Blank;*
- *Elevation- 519;*
- *Usage Type- ISP/MOB.*
  *(Nowhere does it state any relationship between IP2location.com and CIC nor Triple Advantage).*

1  Exhibit A does not have a notary seal to authenticate the document. Nowhere shown in
2  Exhibit A, does it have Plaintiff's name, social security number, birthday, or proper zip code.
3  Plaintiff zip code is 92555; however it shows a zip code of 92551.
4  Plaintiff owns two e-machine desk top computers. The computers are the same
5  that Plaintiff had at his home during the time Defendant claims service were offered with CIC,
6  July of 2011, and he had not bought any other computer since this time. Plaintiff used both e-
7  machine computers, and searched the same website Defendant used (IP2Location.com), as seen
8  in William Decl. ¶ 9, for his IP address, and the results for both computers showed IP address:
9
10  108.23.94.6, attached here to as Exhibit A, which is not the same as Defendant claims his IP
11  address as being 108.0.175.127. Document labeled (IP2Location.com), had longitude and
12  latitude number, Plaintiff put numbers 33.93752-117.23059 (33° 56'15"S-117° 13'50"E), as
13  identified in Williams decl. ¶ 9, Ex. A, it resulted in an address 5.2 miles away from Plaintiff's
14  residence. See (Pl. Affid. Supp. Of Sum J. Ex. O 1-7). Plaintiff searched his cell phone (HTC
15  EVODESIGN4G) as displayed 951-413-9071 on FAC contact information for an IP Address,
16
17  and the results were: Wi-Fi Mac Address A0:F4:11:DD:A6, attached hereto as Exhibit B,
18  which is not the same as Defendant claims his IP address as being 108.0175.127.
19  Williams claims to have reviewed CIC's customer records for Plaintiff and concluded
20  that CIC has no record of having received the three letters of dispute Plaintiff alleges he mailed
21  to CIC on or about the following dates: August 17, 2011, April 2, 2012 and November 2, 2013.
22  Id. Williams, however, never said he is directly in the position to receive the mail in the
23
24  receiving department. Nor does he give names of any individual in the mail room department.
25  If Williams' was not in the mail room department personally on dates mentioned, so how can
26  he have personal knowledge of receipt of mail. Plaintiff mailed the dispute letter and properly
27  placed letter in envelope, sealed it, placed prepaid stamp on envelope, then place it in the U.S.
28

- 4 -
PLAINTIFF DEON THOMAS NOTICE OF MOTION AND MOTION MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO STRIKE DECLARATION OF DAVID WILLIAMS AND EXHIBIT A

Postal Service Mail Box. *See Witt v. Roadway Express,* 136 F.3d 1424, 14-2930 (10th Cir. 1998) [("A rebuttable presumption of receipt does arise on evidence that a properly addressed piece of mail is placed in the care of the postal service. Because the presumption is rebuttable, however, evidence denying receipt creates a credibility issue that must be resolved by the trier of fact.") (citations omitted)]; *see also S. Frederick Sansone,* 127 NLRB 1301, 1302 n.4 (1960) Plaintiff did not enroll at any time by computer or otherwise with CIC to receive products by Triple Advantage. Plaintiff never purchased, used, maintain, and dispose of products and services from Triple Advantage. Plaintiff never was a consumer who enrolled in a program with CIC to receive products from Triple Advantage. As soon as Plaintiff became aware of CIC obtaining Plaintiff consumer credit report, he immediate disputed with them, informing them he does not have a business relationship with them and requested them to remove credit inquiries. Plaintiff timely disputed with CIC as to why they obtained my consumer credit report, when I never had any business relationship with them on August 17, 2011, by properly affixing address to sealed envelope, proper postage stamp, and deposited into the mail on this date. See (FAC Exhibits C). Plaintiff timely disputed with CIC as to why they obtained my consumer credit report, when I never had any business relationship with them on April 2, 2012, by properly affixing address to sealed envelope, proper postage stamp, and deposited into the mail on this date. See (FAC Exhibits D). Plaintiff timely disputed with CIC as to why they obtained his consumer credit report, when he never had any business relationship with them on November 2, 2012, by properly affixing address to sealed envelope, proper postage stamp, and deposited into the mail on this date. See (FAC Exhibits E). See Anderson v. United States, 996 F.d 487 (9th Cir. 1992) (mailbox rule provide "that a timely and properly mailed document is presumed timely delivered.") Anderson, 966 F.2d at 489 (emphasis added). The mailbox rule provides that the proper and timely mailing of a document raises a rebuttable presumption

- 5 -

PLAINTIFF DEON THOMAS NOTICE OF MOTION AND MOTION MEMORANDUM OF LAW POINTS AND AUTHORITIES IN SUPPORT
OF MOTION TO STRIKE DECLARATION OF DAVID WILLIAMS AND EXHIBIT A

that the document has been received by the addressee in the usual time. It is a settled feature of the federal common law. *Hagner v. United States*, 285 U.S. 427, 30 (1932); *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884); *Lewis v. United States*, 144 F.3d 1220, 1222 (9th Cir. 1998). Here as seen in the declaration in support of Motion to Strike, Plaintiff timely disputed with CIC as to having any business relationship with them, as such he did not enrolled with Triple Advantage to receive their product, by him placing the dispute letter into a sealed envelope, affixing pre-paid stamp to envelope, then placing it in the hands of the U.S. Postal Service mail box on dates stated above.

### III. CONCLUSION

For all of the reasons set forth above, Declaration of David Williams ¶ 9 and Exhibits A in support of CIC's Motion for Summary Judgment, Plaintiff respectfully moves the Court to Strike the Declaration ¶ 9 and Exhibit A. Declaration of David Williams ¶ 9 and Exhibits A does not show a relationship between CIC and IP2location.com nor Triple Advantage, as such Williams does not have personal knowledge of IP2location.com website, and thus Exhibit A should be stricken.

DATED: August 28, 2014

Respectfully Submitted,

_____
Deon Thomas, Plaintiff

CERTIFICATE OF SERVICE

I, Deon Thomas, hereby certify that a copy of the foregoing was mailed to JONES DAY, Nalib N. Rahyar, attorney of record for Defendant Consumerinfo.com, Inc., by first class mail addressed to:

Nalib N. Rahyar
nnrahyar@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408

Attorney for Defendant Consumerinfo.com, Inc.

I declare under perjury under the laws of the State of California that the forgoing is true and correct.

Date: August 28, 2014

Deon Thomas