1  Nilab N. Rahyar (State Bar No. 272810)
   nnrahyar@jonesday.com
2  JONES DAY
   3161 Michelson Drive, Suite 800
3  Irvine, CA 92612.4408
   Telephone: (949) 851-3939
4  Facsimile: (949) 553-7539

5  Attorneys for Defendant
   CONSUMERINFO.COM, INC.
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **EASTERN DIVISION**

11 | DEON THOMAS,                    | CASE NO. EDCV13-1712 GW (DTBx)
12 |                 Plaintiff,       | Assigned for all purposes to:
13 |                                  | Honorable George H. Wu
   |        v.                        |
14 | CONSUMERINFO.COM, INC.,          | **DEFENDANT**
   |                                  | **CONSUMERINFO.COM, INC.'S**
15 |                 Defendant.       | **REPLY TO PLAINTIFF'S RESPONSE**
   |                                  | **TO STATEMENT OF GENUINE**
16 |                                  | **ISSUES**

17                                      *[Declaration of Nilab N. Rahyar in*
                                        *Support of Reply; Request for Evidentiary*
18                                      *Ruling on Specified Objections Filed*
                                        *Concurrently Herewith]*
19
                                        Hearing Date: September 11, 2014
20                                      Time:          8:30 A.M.
                                        Courtroom:     10
21

22

23

24

25

26

27

28

1    **I.     INTRODUCTION**

2         At the July 31, 2014 hearing on the parties' cross motions for summary

3    judgment, this Court requested additional information from Defendant

4    ConsumerInfo.com, Inc. ("CIC") demonstrating its records of Plaintiff Deon

5    Thomas' enrollment in CIC's Triple Advantage credit monitoring service

6    (specifically, those records pertaining to the credit card information on file for

7    Plaintiff's membership).  Further, the Court allowed Plaintiff an opportunity to cure

8    his failure to file a Response to Statement of Genuine Issues, and requested that

9    CIC resubmit its Statement of Genuine Issues in Opposition to Plaintiff's Motion

10   for Summary Judgment so that Plaintiff could properly respond thereto.  The

11   briefing schedule was set as follows:  CIC to file its Statement of Genuine Issues

12   and supplemental information by August 14, 2014; Plaintiff to file Response to

13   Statement of Genuine Issues by August 25, 2014; CIC to file a reply, if any, by

14   September 4, 2014.  (Declaration of Nilab N. Rahyar ("Rahyar Decl."), ¶ 2.)

15        Although the Minute Order dated July 31, 2014 indicated that CIC is to file a

16   revised "statement of unconverted facts," counsel for CIC understood this to be a

17   Statement of Genuine Issues, as the Court's instruction to Plaintiff at the July 31st

18   hearing was that it would allow Plaintiff the opportunity to file a Response to

19   Statement of Genuine Issues, which he failed to do in support of his motion, and

20   requested that CIC re-file its Statement of Genuine Issues to trigger Plaintiff's

21   response thereto.  Counsel for CIC promptly contacted the clerk by e-mail on

22   August 1, 2014 and confirmed this understanding, and notified Plaintiff by

23   telephone on the same day.  Declaration of Nilab N. Rahyar in support of Reply to

24   Response to Statement of Genuine Issues ("Rahyar Decl."), ¶ 3.

25        Notwithstanding CIC's confirmation of the Court's instruction and

26   clarification to Plaintiff, in addition to his Response to CIC's Statement of Genuine

27   Issues, Plaintiff improperly filed two different Statements of Genuine Issues in

28   opposition to CIC's motion, which the Court indicated was already properly

responded to by CIC at the July 31, 2014 hearing, as well as an opposition to CIC's motion to seal, which has already been granted by this Court.  Rahyar Decl., ¶ 4. Plaintiff cannot take advantage of the Court's leeway in permitting him to file a proper Response to CIC's Statement of Genuine Issues by re-briefing, in two different documents, his Statement of Genuine Issues in opposition to CIC's motion, as well as an opposition to CIC's motion to seal, which was mooted by the Court's order granting CIC's motion.  *Id.*  CIC therefore requests this Court deem stricken the impermissible filings by Plaintiff, and only consider Plaintiff's Reply to CIC's Statement of Genuine Issues.  For the Court's convenience, CIC has also filed concurrently herewith a Request for Evidentiary Ruling on these impermissibly-filed documents.   Because CIC does not wish to burden the Court with redundant responses to improper filings, CIC respectfully requests that if the Court prefer it to respond anew to Plaintiff's *two* new Statements of Genuine Issues, that a minute order issue stating as such, which CIC can file in advance of the September 11, 2014 hearing date.

## II.    PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE ISSUES ADDS NOTHING WHATSOEVER TO SUPPORT HIS CLAIM OF A WILLFUL VIOLATION AGAINST CIC

Plaintiff's Response to CIC's Statement of Genuine Issues fails to rebut CIC's contention that it accessed Plaintiff's credit information for permissible purposes because Plaintiff was enrolled in Triple Advantage credit monitoring, and further fails to rebut any of the evidence submitted by CIC indicating Plaintiff's membership records and the necessary steps and personal information required of a consumer prior to enrollment.  Rather, Plaintiff makes the same repetitive, bald assertions that he did not enroll in Triple Advantage, claims he owns two desktop computers and a cell phone which have a different IP address than the computer used to enroll Plaintiff in Triple Advantage, and alleges he sent three dispute letters

1    on August 17, 2011, April 2, 2012, and November 2, 2012.  Thomas Decl.

2    Resubmit: Response and Opposition Undisputed Issues, ¶¶ 1-8.  None of these bare

3    allegations are sufficient to support a willful non-compliance claim against CIC,

4    and each are disposed of below.

5          **A.**    **PLAINTIFF'S CLAIM OF HAVING A DIFFERENT IP**

6                **ADDRESS THAN THE COMPUTER USED TO ENROLL HIM IN TRIPLE ADVANTAGE DOES NOT PROVIDE HIM**

7                **ESCAPE FROM SUMMARY JUDGMENT, NOR PROVES HIS CLAIM**

8          Plaintiff's claim that his two desktop computers and cell phone have a

9    different IP address than that of the computer used to enroll Plaintiff in Triple

10   Advantage does nothing to support his claim for willful noncompliance.  CIC's

11   records indicate that the IP address of the computer used to enroll Plaintiff in Triple

12   Advantage is located in Moreno Valley, Plaintiff's city of residence.  Williams

13   Decl. iso CIC's MSJ, ¶ 9.  This fact shows the likelihood that Plaintiff himself

14   enrolled in the credit monitoring service, particularly in light of his deposition

15   testimony admitting he may have enrolled in Triple Advantage.  Rahyar Decl. iso

16   CIC's MSJ,  ¶ 3, Ex. A.  However, this fact is not essential to proving that

17   Plaintiff's claim fails as a matter of law, and Plaintiff's statement that the

18   computers and cell phone he owns have a different IP address than the enrolling

19   computer (even if presumed true) is similarly insufficient to establish his claim

20   against CIC.  Rather, CIC's detailed membership records of Plaintiff, submitted as

21   Exhibit A to the Confidential Declaration of David Williams, combined with the

22   fact that no one other than Plaintiff himself (or a benevolent identity thief with

23   access to all of Plaintiff's personal identifying information who wished to enroll

24   Plaintiff in credit monitoring, the results of which only Plaintiff had access to)

25   could have successfully proceeded through the enrollment process, and Plaintiff's

26   deposition testimony admitting he may have enrolled in Triple Advantage, establish

27   CIC's permissible purpose(s).

28

### B.   PLAINTIFF HAS NEITHER ADDRESSED NOR REBUTTED CIC'S RECORDS OF PLAINTIFF'S MEMBERSHIP IN TRIPLE ADVANTAGE

Pursuant to the Court's request for additional information at the July 31, 2014 hearing, CIC timely filed the Confidential Declaration of David Williams, under seal.  Exhibit A to the declaration indicates Plaintiff's membership history, including his name, address, telephone number, Social Security Number, mother's maiden name, answer to security question, e-mail address, contacts with CIC customer care agents regarding his membership, and the credit card number and expiration date for the Visa credit card that was used for Plaintiff's enrollment.  It follows that CIC could only have obtained this information necessary to enroll Plaintiff in Triple Advantage from Plaintiff, or someone with all of Plaintiff's high level personal information.  Nowhere does Plaintiff rebut the presumption of reasonability for CIC to believe the enrolling consumer was Plaintiff, nor does Plaintiff articulate an identity theft claim.

The law is clear that "so long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA."  *Korotki v. Attorney Servs. Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996) (defendant had a reasonable basis to believe the debt belonged to plaintiff based on the information provided by creditor, including plaintiff's Social Security number, account number, and balance owed); *see also Pinson v. Monarch Recovery Mgmt.*, No. 12-80480-CIV-Marra/Brannon, 2013 WL 961308, at *2 (S.D. Fla. March 12, 2013); *Bickley v. Dish Network*, No. 13-5956/13-5979, 2014 U.S. App. LEXIS 8883, at *22-23 (6th Cir. May 13, 2014) (affirming summary judgment in favor of putative credit grantor who requested consumer report of identity theft victim as a result of identity thief's request for credit using victim's name and noting that the putative credit grantor "reasonably believed the transaction was initiated by the consumer").  Because Plaintiff has not provided any evidence sufficient to rebut CIC's membership records of Plaintiff which establish

its permissible purpose(s), CIC's motion should be granted.

### C. PLAINTIFF'S BALD ASSERTIONS OF ALLEGED DISPUTE LETTERS ARE INSUFFICIENT TO SET FORTH A CLAIM FOR WILLFUL VIOLATION

Plaintiff makes much of his allegation that he sent certain letters of dispute to CIC on August 17, 2011, April 2, 2012, and November 2, 2012.  But his attempts to rely on case law setting forth the common law mailbox rule are unavailing and, in part, incomprehensible.  Plaintiff's "Conclusion of Law" section ends with what appears to be a copy/paste job from a different case using names and terms that do not apply here.  Notwithstanding Plaintiff's failure to mask his plagiarism from a different brief, the cases cited by Plaintiff do not stand for the presumption he suggests.  These cases state that "proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination." *Hagner v. United States*, 285 U.S. 427, 430 (1932); *see also Rosenthal v. Walker*, 111 U.S. 185, 193 (1884) ("The rule is well settled that if a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed . . . that it reached its destination.").  But Plaintiff has no proof that these letters were placed in the mail.  There is no postmarked envelope or other proof that the letters were ever sent.  *See* FAC, Exs. C-E.  Assigning the presumption that any letter alleged to have been mailed was mailed and received, without more, would lead to absurd results.  While this position is unsupportable both by case law and logic, it fails for the additional reason that the FCRA permits obtainment of credit information for permissible purposes even over the objections of the consumer. *Landeis v. Future Ford*, 2:04-CV-2733-MCE-PAN, 2006 U.S. Dist. LEXIS 39826 (E.D. Cal. June 14, 2006).  Where the defendant has a permissible purpose, even repeated objections to the defendant's obtainment of a consumer's credit report do not negate the defendant's right to obtain one under the FCRA.  *Id.*  Here, Plaintiff clearly authorized CIC to access his credit profile to verify his identity and provide credit monitoring products to him by accepting CIC's Terms and Conditions.

1 | Williams Decl. iso CIC's Opp. to Pltf's MSJ, ¶ 10, Ex. B.

2 |       While not necessary to its permissible purpose defense, CIC did address each

3 | of Plaintiff's disputed letters that it received (dated April 23, 2013, May 1, 2013,

4 | May 1, 2013 and May 16, 2013) using its internal mail processing procedures.

5 | Williams Decl. iso CIC's MSJ, ¶ 21; Confidential Williams Decl., ¶ 4, Ex. B.

6 | Plaintiff's own First Amended Complaint provides evidence of extensive dialogue

7 | between Plaintiff and CIC, with numerous explanations of Plaintiff's enrollment in

8 | Triple Advantage as the reason for the inquiries on his credit report (which, because

9 | they are soft inquiries, only Plaintiff can see). *See* FAC, Exs. H, J, L.  Thus, if any

10 | presumption is to be assigned to the handling of Plaintiff's written disputes, based

11 | on the evidence in the record, it is a presumption that CIC received and responded

12 | to all written disputes sent by Plaintiff indicating its permissible purpose(s) and

13 | Plaintiff's membership in Triple Advantage.

14 | **III.   CONCLUSION**

15 |       Plaintiff's self-serving claims lack any evidentiary support and are both

16 | unavailing and undone by his deposition testimony and the standard for proving

17 | willful non-compliance against CIC.  Plaintiff presents no evidence that CIC

18 | willfully violated the FCRA.  Instead, and without any authority, Plaintiff merely

19 | concludes that CIC lacked a permissible purpose to obtain Plaintiff's consumer

20 | report.  For the above stated reasons, CIC respectfully requests that the Court grant

21 | its Motion for Summary Judgment, and deny Plaintiff's Motion for Summary

22 | Judgment, in entirety.

23 | Dated:  September 4, 2014                    JONES DAY

24 |

25 |                        By: */s/ Nilab N. Rahyar*

26 |                          Nilab N. Rahyar
                         Attorneys for Defendant

27 |                          CONSUMERINFO.COM, INC.

28 |

## PROOF OF SERVICE

I, Janice Mullins, declare I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California  92612.4408.  On **September 4, 2014**, I served a copy of the within document(s):

### DEFENDANT CONSUMERINFO.COM, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO STATEMENT OF GENUINE ISSUES

[X]   by electronic submission: submitted to the above-entitled Court for electronic filing and service upon the Court's Service List for the above-referenced case.

I am readily familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the Court.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  Under said practice, the following CM/ECF user(s) were served:

| | |
|---|---|
| **Deon Thomas**<br>**14626 Red Gum Street**<br>**Moreno Valley, CA  92555**<br>**Telephone:  (951) 413-9071** | **Plaintiff**<br>**IN PRO PER** |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 4, 2014**, at Irvine, California.

*/s/ Janice Mullins*
Janice Mullins